UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT BARBERA,

         Plaintiff,

    v.

GRAILED, LLC,

         Defendant.

Case No.    24-CV-3535 (LJL)

## DEFENDANT GRAILED, LLC'S ANSWER TO PLAINTIFF ROBERT BARBERA'S FIRST AMENDED COMPLAINT

Defendant Grailed, LLC ("Defendant") hereby answers plaintiff Robert Barbera's ("Plaintiff") First Amended Complaint filed under the case number mentioned above and dated June 4, 2024 (the "Complaint"), as follows:

1.    Defendant admits that Plaintiff has purported to seek damages via a claim for a violation of the Copyright Act, 17 U.S.C. § 101 *et seq*., but Defendant denies that such claim has merit and further denies that Defendant is entitled to any damages. Defendant is without sufficient knowledge or information to form a belief as to any remaining allegations contained in Paragraph 1 and therefore denies them.

2.    Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies them.

3.    Defendant admits that its business is related, in part, to fashion and that it has a website with the primary domain name www.grailed.com. Defendant denies the remaining allegations contained in Paragraph 3.

4.    Defendant denies the allegations contained in Paragraph 4.

20084480.1

5.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis denies each allegation contained therein.

6.     Defendant admits that it is a Delaware limited liability company but avers that its principal place of business is located at 3433 W. Exposition Place Los Angeles, California 90018, and denies the remaining allegations contained in Paragraph 6.

7.     The allegations of Paragraph 7 call for legal conclusions as to which no response is required, but to the extent one is required, Defendant admits that this Court has subject matter jurisdiction over claims arising under the Copyright Act.

8.     The allegations of Paragraph 8 call for legal conclusions as to which no response is required, but to the extent one is required, Defendant admits that the Court has personal jurisdiction over Defendant.

9.     The allegations of Paragraph 9 call for legal conclusions as to which no response is required, but to the extent one is required, Defendant admits that it does business in this District and that venue in this judicial district is proper. Beyond this, the allegations of Paragraph 9 are nonsensical and Defendant therefore denies them.

10.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis denies each allegation contained therein.

11.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies each allegation contained therein.

20084480.1

12.     The allegations of Paragraph 12 contain legal conclusions as to which no response is required, but to the extent any response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 and on that basis denies them.

13.     The allegations of Paragraph 13 contain legal conclusions as to which no response is required, but to the extent any response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 and on that basis denies them.

14.     The allegations of Paragraph 14 contain legal conclusions as to which no response is required, but to the extent any response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 and on that basis denies them.

15.     Defendant avers that the image identified in Exhibit 1 appears to be a typical paparazzo photograph depicting aspects that have been the result of creative choices made primarily by the subject rather than the photographer. Defendant otherwise is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and on that basis denies them.

16.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis denies them.

17.     Defendant admits that Plaintiff appears to have taken the photograph of Jonah Hill without his consent. Defendant is otherwise without sufficient knowledge or information

20084480.1

sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and on that basis denies them.

18.    Defendant admits that it is the owner of the URL www.grailed.com. Defendant denies that it is responsible for all content that may appear throughout its website hosted at such URL and on that basis denies the allegations contained in Paragraph 18.

19.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 and on that basis denies them.

20.    As Defendant understands the allegations, Defendant denies the allegations contained in Paragraph 20.

21.    Defendant denies the allegations contained in Paragraph 21.

22.    Defendant avers that Exhibit 2 appears to be incomplete or otherwise not an accurate reflection of the contents shown at the URL directed to Defendant's "Dry Clean Only" blog. Defendant otherwise denies the allegations contained in Paragraph 22.

23.    Defendant is without knowledge or information sufficient to form a belief as to the basis as to the truth of the allegations contained in Paragraph 23 and on that basis denies each allegation contained therein.

24.    The allegations of Paragraph 24 contain legal conclusions as to which no response is required, but to the extent one is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and on that basis denies each allegation contained therein.

25.    Defendant avers that given his business, Plaintiff must have been on constructive notice of any use alleged herein, but Defendant is otherwise without knowledge or information

4

sufficient to form a belief as to the basis as to the truth of the allegations contained in Paragraph 25 and on that basis denies them.

26.    The allegations of Paragraph 26 contain legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 26.

27.    The allegations of Paragraph 27 contain legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 27 except admits that URLs generally often direct to a non-transitory copy of material.

28.    The allegations of Paragraph 28 contain legal conclusions as to which no response is required, but to the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28, and on that basis denies each allegation contained therein.

29.    Defendant denies the allegations contained in Paragraph 29.

30.    The allegations of Paragraph 30 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 30.

31.    The allegations of Paragraph 31 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 31.

32.    The allegations of Paragraph 32 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 32.

33.    The allegations of Paragraph 33 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 33.

34.    The allegations of Paragraph 34 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 34.

35.    The allegations of Paragraph 35 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 35.

36.    The allegations of Paragraph 36 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 36.

37.    The allegations of Paragraph 37 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 37.

38.    The allegations of Paragraph 38 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 38.

39.    The allegations of Paragraph 39 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 39.

20084480.1

40.    The allegations of Paragraph 40 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 40.

41.    Defendant is without knowledge or information sufficient to form a belief as to the basis as to the truth of the allegations contained in Paragraph 41 and on that basis denies each allegation contained therein.

42.    Defendant denies the allegations contained in Paragraph 42.

43.    The allegations of Paragraph 43 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 43.

44.    Defendant repeats and incorporates by reference the responses contained in the preceding paragraphs, as if fully set forth in full herein.

45.    The allegations of Paragraph 45 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 45.

46.    The allegations of Paragraph 46 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and therefore denies them.

47.    The allegations of Paragraph 47 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant is without knowledge

20084480.1

or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and therefore denies them.

48.     The allegations of Paragraph 48 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 48.

49.     The allegations of Paragraph 49 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 49.

50.     The allegations of Paragraph 50 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 50.

51.     The allegations of Paragraph 51 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 51.

52.     The allegations of Paragraph 52 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 52.

53.     The allegations of Paragraph 53 contain boilerplate legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations contained in Paragraph 53.

20084480.1

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

With respect to Plaintiff's Prayer for Relief, set forth following Paragraph 54 of the Complaint (including subparts a. through f. thereunder), Defendant denies all allegations contained therein and further denies Plaintiff is entitled to the relief prayed for or to any relief whatsoever.  Defendant requests that Plaintiff take nothing by way of its Complaint and that Defendant is awarded its costs and expenses, including attorneys' fees, incurred as a result of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof or admitting that Defendant has any burden of proof, Defendant asserts the following affirmative defenses as to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1.      The Complaint and any purported claims for relief therein are barred by the statute of limitations, which Plaintiff knowingly let run.

## SECOND AFFIRMATIVE DEFENSE

2.      To the extent that the claimed image was registered erroneously and/or in violation of the rules of the Copyright Office and the Copyright Act, Plaintiff's claims are barred on the ground that the claimed image is not properly registered or that registration was improperly granted.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's prayer for statutory damages and attorney's fees under the Copyright Act is barred to the extent the copyrights at issue do not meet the registration requirements of the Copyright Act, including 17 U.S.C. § 412.

20084480.1

## FOURTH AFFIRMATIVE DEFENSE

4.      The Complaint and any purported claims for relief therein are barred in whole or in part by license and/or one or more of the equitable doctrines of acquiescence, equitable estoppel, and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE

5.      The creativity in the claimed image at issue in the Complaint is primarily attributable to the subject, who did not consent to the creation of the image, and accordingly Plaintiff is not an author or co-author of the image.

## SIXTH AFFIRMATIVE DEFENSE

6.      To the extent that the image at issue was posted by a third party, the Complaint and any purported claims for relief therein are barred in whole or in part by the Digital Millennium Copyright Act, 17 U.S.C. § 512.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff is not entitled to recover any profits because there are no profits attributable to the alleged use of the image at issue.

## EIGHTH AFFIRMATIVE DEFENSE

8.      To the extent the alleged use, as to which Plaintiff has not supplied context, involves commentary, criticism or other comment relating to the claimed image in conjunction with Defendant's editorial-format blog, such use is barred by the doctrine of fair use.

20084480.1

## **RESERVATION OF RIGHTS**

Defendant does not presently know all the facts and circumstances respecting Plaintiff's claim and reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Defendant respectfully requests that:

a.      Plaintiff's Complaint be dismissed in its entirety;

b.      Defendant be awarded its costs, including reasonable attorneys' fees in accordance with 17 U.S.C. § 505; and

c.      The Court grant such other relief as may be just and proper.

Dated:    New York, New York               Respectfully submitted,
          August 5, 2024
                                           MITCHELL SILBERBERG & KNUPP LLP


                                           By: /s/ Eleanor M. Lackman
                                               Eleanor M. Lackman
                                               437 Madison Ave., 25th Floor
                                               New York, New York 10022-7001
                                               Telephone: (212) 509-3900
                                               Facsimile: (212) 509-7239

                                               *Attorneys for Defendant*
                                               *Grailed, LLC*

11

20084480.1