UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT BARBERA,

                Plaintiff,

   v.

GRAILED, LLC,

                Defendant.

Case No. 24-CV-3535 (LJL)

ORAL ARGUMENT REQUESTED

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO RULES 16 AND 37

                                                    Eleanor M. Lackman
                                                    Andrew Nietes
                                                    MITCHELL SILBERBERG & KNUPP LLP
                                                    437 Madison Ave., 25th Floor
                                                    New York, New York 10022-7001
                                                    Telephone: (212) 509-3900
                                                    Facsimile: (212) 509-7239

                                                    *Attorneys for Defendant Grailed, LLC*

**TABLE OF CONTENTS**

**Page**

**PRELIMINARY STATEMENT** ................................................................................................. 1

**FACTUAL BACKGROUND & PROCEDURAL HISTORY** .................................................. 2

**ARGUMENT** ............................................................................................................................... 4

I.  **PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR HIS NUMEROUS DISCOVERY VIOLATIONS** ................................................................................ 4
    A.    Legal Standard ................................................................................................. 4
    B.    Plaintiff's Discovery Violations Were, and Are, Willful ....................................... 5
    C.    Adequate Notice to Plaintiff, Ineffectiveness of Lesser Sanctions, and Duration of Noncompliance All Favor Dismissal .................................................... 8

II.  **IF THE ACTION IS NOT DISMISSED, THE COURT SHOULD ISSUE CERTAIN OTHER LIMITING SANCTIONS** ............................................................. 11

III.  **PLAINTIFF SHOULD BE ORDERED TO PAY THE EXPENSES GRAILED INCURRED AS A RESULT OF HIS DISCOVERY VIOLATIONS** ......................... 14

**CONCLUSION** ......................................................................................................... 16

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Baba v. Japan Travel Bureau Int'l, Inc.*,
   111 F.3d 2 (2d Cir. 1997)...............................................................................................5, 11

*Embuscado v. DC Comics*,
   347 F. App'x 700 (2d Cir. 2009) ....................................................................................5, 10

*Experience Hendrix, L.L.C. v. Pitsicalis*,
   No. 17 CIV. 1927 (PAE), 2019 WL 10945118 (S.D.N.Y. Dec. 9, 2019) ...............................6

*Furry Puppet Studio Inc.v. Fall Out Boy*,
   No. 19-CV-2345 (LJL), 2020 WL 4978080 (S.D.N.Y. Feb. 24, 2020)............................ 10-11

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*,
   298 F.R.D. 145 (S.D.N.Y. 2014) ..........................................................................................16

*Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*,
   No. 16CV1318GBDBCM, 2018 WL 4760345 (S.D.N.Y. Sept. 28, 2018).............................9

*Koch v. Pechota*,
   No. 10 CIV. 9152, 2013 WL 5996061 (S.D.N.Y. Nov. 8, 2013) ...........................................14

*McDermott v. Monday Monday, LLC*,
   No. 17CV9230 (DLC), 2018 WL 5312903 (S.D.N.Y. Oct. 26, 2018).....................................9

*Recoop LLC v. Outliers Inc.*,
   No. 24-CV-01810 (LJL), 2024 WL 4467540 (S.D.N.Y. Oct. 10, 2024) (Liman, J.) ..............13

*Rice v. NBCUniversal Media, LLC*,
   No. 19-CV-447 (JMF), 2019 WL 3000808, at *4 (S.D.N.Y. July 10, 2019), *report
   and recommendation adopted*, No. 19-CV-447 (JMF), 2019 WL 3752491 (S.D.N.Y.
   Aug. 8, 2019) ..................................................................................................................... 8-9

*Schuster v. Charter Commc'ns, Inc.*,
   No. 18-CV-1826 (RJS), 2021 WL 1317370 (S.D.N.Y. Apr. 8, 2021) ............................ 5-6, 10

*Shanchun Yu v. Diguojiaoyu, Inc.*,
   No. 18-CV-7303 (JMF), 2019 WL 6174204 (S.D.N.Y. Nov. 20, 2019).......................... 14-15

*Shepherd v. Annucci*,
   921 F.3d 89 (2d Cir. 2019)................................................................................................ 9-10

*Usherson v. Bandshell Artist Mgmt.*,
   No. 19-CV-6368 (JMF), 2020 WL 3483661 (S.D.N.Y. June 26, 2020), *aff'd in part*

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*sub nom. Liebowitz v. Bandshell Artist Mgmt.*, 858 F. App'x 457 (2d Cir. 2021), *and aff'd sub nom. Liebowitz v. Bandshell Artist Mgmt.,* 6 F.4th 267 (2d Cir. 2021) ................8, 10

*Vanceah v. Nat'l R.R. Passenger Corp.*,
No. 18 CIV. 9418 (ER), 2022 WL 3030740 (S.D.N.Y. Aug. 1, 2022), *aff'd sub nom. Vanceah v. Dendy*, No. 22-1864, 2023 WL 4199034 (2d Cir. June 26, 2023) ................ 5-7, 10

**STATUTES**

17 U.S.C.
  § 504(c)(1) .................................................................................................................................13

**OTHER AUTHORITIES**

Fed. R. Civ. P.
  16(f) .......................................................................................................................... 1, 4, 15-16
  26(a) .............................................................................................................. 1-2, 4, 6, 15
  26(e) ................................................................................................................. .4, 7, 13, 15
  26(f) .............................................................................................................. 1-2, 4, 6, 15
  37(b) *et seq.* ................................................................................................................ *passim*
 Local Rule
  33.3(a) ...............................................................................................................................3
Individual Practices in Civil Cases of Judge Lewis J. Liman
  Rule 2.F. ............................................................................................................................2
  Rule 4.C. ......................................................................................................................2, 14

**PRELIMINARY STATEMENT**

The Federal Rules mandate sanctions for a party's failure to obey court orders, make disclosures, or to cooperate in discovery. Among the offenses warranting sanctions are: failure to comply with a court scheduling order, *see* Rule 16(f), Rule 37(b); failure to make the required disclosures or supplement an earlier response, *see* Rule 37(c); and a party's failure to attend his own deposition, *see* Rule 37(d). Any one of these actions standing alone could be sufficient to impose sanctions including dismissal of the case and payment of expenses that resulted from the violation. *See* Fed. R. Civ. Pr. 16(f); 37(b)(2); 37(c)(1)(C); 37(d)(3). Plaintiff Robert Barbera ("Plaintiff") has willfully committed multiple instances of each sanction-carrying violation:

- Plaintiff has failed to serve any initial disclosures, violating the Court's 26(f) order and Rule 26(a);
- Plaintiff failed to attend his deposition and attempted to unilaterally cancel it the day before without informing defendant Grailed, LLC ("Grailed") or its counsel;
- Plaintiff did not comply with ***any*** of the interim discovery deadlines ordered by the Court;
- Plaintiff did not serve responses and objections to discovery requests within the time frame mandated by the Federal Rules;
- Plaintiff's interrogatory answers are not properly verified, resulting in an effective failure to serve such answers, again in violation of the Federal Rules;
- Plaintiff failed to respond to Grailed's request to meet and confer; and
- Plaintiff has not supplemented his discovery responses, despite Grailed sending a detailed letter making Plaintiff aware of the fact that the responses are incomplete or

incorrect, as they are contradicted by publicly available facts and statements made by Plaintiff himself.

Plaintiff – and his counsel – as frequent flyers in federal court are fully aware of the consequences of these willful and deliberate actions taken by Plaintiff in bad faith. Thus, Plaintiff's claims against Grailed should be dismissed and he should be ordered to pay Grailed's expenses it incurred as a result of his discovery violations.[1]

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff alleges that a photograph of Jonah Hill he purportedly captured in January 2019 has been infringed by Grailed, when it was posted on an editorial style news blog on Grailed's website in November 2020. ECF No. 10 ("Amended Compl.") ¶¶ 2, 14, 22. He further alleges that he discovered the blog on April 6, 2022 and sent a cease and desist letter to Grailed in March 2023. *Id.* ¶¶ 25, 41. Grailed has, since the filing of this suit, identified multiple publicly available uses of the Photograph by third parties naming the source of the Photograph as an entity called Backgrid – not Plaintiff. *See* Declaration of Andrew Nietes ("Nietes Decl.") ¶ 2, Ex. A.

Plaintiff did not file his lawsuit until May 28, 2024 – over three years after the alleged posting on Grailed's blog. *See* ECF No. 1. He amended his Complaint on June 4, 2024. *See* ECF No. 10. Following a waiver of service, Grailed answered on August 5, 2024. ECF No. 16. The parties stipulated to and filed with the Court a proposed scheduling order the next day. ECF No. 17. The Court entered the parties' schedule as a Case Management Plan and Scheduling Order on August 13, 2024, noting the order was made pursuant to Federal Rule of Civil Procedure 26(f). ECF No. 19 (the "Scheduling Order"). The relevant deadlines in the Scheduling Order included

---

[1] Grailed respectfully submits this motion for sanctions without a pre-motion letter or pre-motion conference pursuant to Rule 2.F. of Your Honor's Individual Practices in Civil Cases. The disputes regarding the deficiencies in Plaintiff's discovery responses will be the subject of a forthcoming letter-motion to compel pursuant to Rule 4.C.

service of initial disclosures pursuant to Rule 26(a) by August 27, 2024; service of initial requests for production, interrogatories pursuant to Local Rule 33.3(a), and requests for admission by September 12, 2024; and completion of depositions by October 12, 2024. *Id.* ¶ 7. Grailed served its initial set of requests for production, requests for interrogatories, and requests for admission on September 10, 2024. Nietes Decl. ¶ 3. In the same email of September 10, 2024, Grailed also served a Notice of Deposition for Plaintiff, noticing his deposition for October 11, 2024 at 9 a.m. in the office of Grailed's counsel. *Id.* ¶¶ 3-4, Ex. D.

Grailed proceeded to prepare for the deposition, including by hiring a vendor to arrange for a court reporter to attend. *Id.* ¶ 4. The day before the deposition was to occur, the vendor informed counsel for Grailed that Plaintiff's counsel had spoken with the vendor and said that the deposition was not going forward. *Id.* Not only did Plaintiff have no reason to believe such a thing, but neither Plaintiff nor his counsel conveyed Plaintiff's decision to unilaterally cancel the deposition to counsel for Grailed. *Id.* Grailed's counsel informed the court reporting service that the deposition was proceeding as scheduled, and the court reporting service said it would relay this to Plaintiff through his counsel. *Id.* Plaintiff never responded and did not appear for his deposition. *Id.* Counsel for Grailed and the court reporter waited nearly an hour for Plaintiff to arrive, but he never did. *Id.* Later that day, Plaintiff's counsel served responses and objections to Grailed's discovery requests via email. *Id.* ¶ 5.

Plaintiff served his own first set of requests for production, first set of interrogatories, and requests for admission on October 16, 2024 – over a month after the Court-ordered deadlines for these requests. *Id.* ¶ 6. In this email, counsel for Plaintiff claimed Plaintiff's initial disclosures were attached but they were not. *Id*. Grailed's counsel notified Plaintiff of their failure to meet the deadlines and again received no response. *Id*., Ex. I. Counsel for Grailed received a limited

3

production of documents from Plaintiff on October 18, 2024. *Id.* ¶ 7. On October 25, 2024, Counsel for Grailed sent Plaintiff's counsel a detailed letter outlining Plaintiff's violations and notifying him, absent response, Grailed intended to seek sanctions including dismissal of the action in its entirety. *Id.* ¶ 8. The letter further outlined deficiencies in Plaintiff's discovery responses and limited production of documents. *Id.* The letter requested a response no later than October 31, 2024 and requested a meet and confer on both Grailed's anticipated motion for sanctions and to compel further responses to the late-served discovery responses. *Id.* As of the date of filing, Grailed has received no response of any type from Plaintiff or his counsel. *Id.*[2]

## ARGUMENT

**I.     PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR HIS NUMEROUS DISCOVERY VIOLATIONS**

**A.     Legal Standard**

The Federal Rules of Civil Procedure provide for sanctions arising from myriad discovery violations. Under Rule 37(b)(2), a party who "fails to obey an order to provide or permit discovery, including an order under Rule 26(f)" may be subject to sanctions including "dismissing the action or proceeding in whole or in part[.]" Under Rule 16(f), "if a party or its attorney . . . fails to obey a scheduling or other pretrial order" the court may order "any" sanction. Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e)," that party may be subject to the same sanction of dismissal as well as "payment of the reasonable expenses, including attorney's fees, caused by the failure[.]" Rule 26(a)(1) requires a number of initial disclosures, and Rule 26(e) requires a party "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in

---

[2] On November 11, 2024, counsel for Grailed served on Plaintiff's counsel contention interrogatories, which will be due by the end of fact discovery. *Id.* ¶ 9.

4

some material respect the disclosure or response is incomplete or incorrect[.]" Finally, under Rule 37(d), a party's failure to appear for his deposition will similarly subject the party to sanctions which include dismissal and payment of the other party's reasonable expenses.

A district court is afforded "broad discretion" in determining sanctions under Rule 37. *Vanceah v. Nat'l R.R. Passenger Corp.*, No. 18 CIV. 9418 (ER), 2022 WL 3030740, at *7 (S.D.N.Y. Aug. 1, 2022), *aff'd sub nom. Vanceah v. Dendy*, No. 22-1864, 2023 WL 4199034 (2d Cir. June 26, 2023). Further, the Second Circuit "does not hesitate to affirm the dismissal of claims as a sanction for 'willfulness, bad faith, or any fault' on the part of the sanctioned party." *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997) (citation omitted). "In determining whether a Rule 37 dismissal is appropriate, a court may consider a variety of factors, including: '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Embuscado v. DC Comics*, 347 F. App'x 700, 700–01 (2d Cir. 2009) (alterations in original).

Each factor here favors dismissal.

### B.   Plaintiff's Discovery Violations Were, and Are, Willful

Plaintiff's failure to attend his deposition without a valid explanation alone sufficiently evidences willfulness. *See Schuster v. Charter Commc'ns, Inc.*, No. 18-CV-1826 (RJS), 2021 WL 1317370, at *6 (S.D.N.Y. Apr. 8, 2021). But Plaintiff took matters even further. Plaintiff attempted to unilaterally cancel the deposition by going behind Grailed counsel's back to the vendor supplying a court reporter. *See* Nietes Decl. ¶ 4. Had the vendor not said something to Grailed counsel, counsel probably would have been wondering where the court reporter was, too, the following morning. In response to this out-of-the-blue statement, Grailed's counsel informed the vendor it was not the case that the deposition was cancelled, which the vendor purportedly

relayed, at Grailed's request, to whichever lawyer from Plaintiff's firm the vendor's representative had spoken. *Id.* Plaintiff still did not attend. *Id.* Nor did Plaintiff or his counsel even attempt to contact Grailed's counsel to reschedule. *See id.* Plaintiff could not possibly have been confused about the matter: later on the same day as the scheduled deposition, counsel for Plaintiff belatedly served responses and objections to Grailed's discovery requests that had been served together with Plaintiff's deposition notice on September 10, 2024. *See id.* ¶ 5. Plaintiff therefore cannot claim he was unaware of the deposition, nor that he was incapable of communicating he could not attend. It was only through the candor of a representative of a court reporting company, which had evidently done business with Plaintiff's counsel previously, that Grailed ever got wind of the underhanded plan by Plaintiff's counsel to cancel a long-scheduled deposition. Thus, "willfulness, bad faith, and any fault" by Plaintiff is readily apparent based on his failure to attend his own deposition and attempt to cancel it without contacting Grailed whatsoever. *See Schuster*, 2021 WL 1317370, at *6; *Experience Hendrix, L.L.C. v. Pitsicalis*, No. 17 CIV. 1927 (PAE), 2019 WL 10945118, at *1 (S.D.N.Y. Dec. 9, 2019) (finding willfulness where "noncompliance results from his active choice").

Moreover, "[w]here, as here, a plaintiff has engaged in repeated discovery abuses, dismissal is an appropriate sanction." *Vanceah*, 2022 WL 3030740, at *8. Plaintiff's *modus operandi* in this case has been to disregard his obligations, including those ordered by the Court and mandated by the Federal Rules. As discussed below, a busy docket is no excuse, as Plaintiff is aware. Plaintiff has not served initial disclosures under Rule 26(a). Nietes Decl. ¶ 5. The discovery requests he has served violated the Court's Rule 26(f) Scheduling Order. *See id.* ¶ 6; Scheduling Order ¶ 7. He did not appear for his deposition. *See* Nietes Decl. ¶ 4. He did not serve timely responses and objections to Grailed's discovery requests. *Id.* ¶ 5. He failed to verify

6

his answers to interrogatories. *See id.* ¶ 5, Ex. G. And when Grailed put him on notice that these responses seemed to be incorrect or incomplete, he failed to supplement them or even acknowledge Grailed's efforts to address the issues. *See id.* ¶ 8.

For example, Plaintiff responded in his written responses that he did not have any documents and communications regarding Backgrid's licensing of, use of, or efforts to enforce intellectual property rights in Plaintiff's photographs. *See id.* ¶ 5, Ex. F at 6 (Plaintiff's Responses to Request for Production Nos. 5 and 7). But publicly available information – including Plaintiff's own statement – belies this contention. Grailed identified multiple uses of the Photograph which credit Backgrid as the source of the Photograph. *See id.* ¶ 2, Ex. A. And moreover, Plaintiff lists on his LinkedIn page that he has been a photographer with Backgrid USA from January 2017 through present, which covers the relevant time period of 2019-2022. *See id.* ¶ 2, Ex. B. Thus, it strains credulity for Plaintiff to contend he has no responsive documents.

As another example of Plaintiff's blasé attitude to the discovery process, in an answer to an interrogatory Plaintiff referenced "Videos" as the works that are the subject of his claims when this suit is about a photograph. *See id.* ¶ 5, Ex. G at 8 (Response to Interrogatory No. 12). Grailed notified Plaintiff of these inconsistencies and requested supplemental responses but, par for the course, Plaintiff has yet to provide a response. *See id.* ¶ 8. Not only does the failure to supplement after being put on notice constitute yet another violations of discovery obligations (this time under Rule 26(e)) but it further evidences Plaintiff's bad faith. *Vanceah*, 2022 WL 3030740, at *8 (that Plaintiff's statements were a "direct contradiction . . . further demonstrates the recklessness with which she treated the discovery process."). As yet another instance of Plaintiff's recklessness, his own late-served first set of interrogatories **names the wrong plaintiff**.

7

*See* Nietes Decl. ¶ 6, Ex. J at 1. Taken together, these "multiple different" discovery violations "[i]n the aggregate. . . show [plaintiff's] willful and bad faith noncompliance with the discovery process" warranting dismissal of his claims. *Id.* at *11.

### C. Adequate Notice to Plaintiff, Ineffectiveness of Lesser Sanctions, and Duration of Noncompliance All Favor Dismissal

Counsel for Grailed put Plaintiff on adequate notice that his discovery violations could result in dismissal of his claims through their letter dated October 25, 2024. *See* Nietes Decl. ¶ 8. Rather than engage or correct any of his deficiencies, Plaintiff – once more – failed to respond at all. *See id.* The letter alone should constitute sufficient notice to dismiss the claim. But, in any event, Plaintiff further had notice that dismissal and sanctions generally would be a consequence of his action based on his own history as a litigant and the history of his counsel. Since 2021, Plaintiff's current counsel has filed nearly 30 copyright infringement lawsuits on Plaintiff's behalf. *See id.* ¶ 10, Ex. K. Before that, Plaintiff had been represented by Richard Liebowitz of the Liebowitz Law Firm in still more lawsuits. *See id.* And Plaintiff's current counsel acquired the Liebowitz Law Firm in 2022. *Id.* ¶ 11. Indeed, attempting to access the website http://www.liebowitzlawfirm.com redirects to the website of Plaintiff's counsel (sanderslaw.group). *Id.*

The Liebowitz Law Firm's long history of committing activity highly resembling Plaintiff and his counsel's here, which have resulted in sanctions – including Mr. Liebowitz's disbarment resulting from a combination of mismanagement and misrepresentations – should make it very clear to Plaintiff's counsel that if a party chooses to defend itself, Plaintiff must comply with the discovery process. *See, e.g.*, *Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 3483661, at *18 (S.D.N.Y. June 26, 2020), *aff'd in part sub nom. Liebowitz v. Bandshell Artist Mgmt.*, 858 F. App'x 457 (2d Cir. 2021), *and aff'd sub nom.*

8

*Liebowitz v. Bandshell Artist Mgmt.,* 6 F.4th 267 (2d Cir. 2021); *Rice v. NBCUniversal Media, LLC*, No. 19-CV-447 (JMF), 2019 WL 3000808, at *4 (S.D.N.Y. July 10, 2019), *report and recommendation adopted*, No. 19-CV-447 (JMF), 2019 WL 3752491 (S.D.N.Y. Aug. 8, 2019); *McDermott v. Monday Monday, LLC*, No. 17CV9230 (DLC), 2018 WL 5312903, at *2 (S.D.N.Y. Oct. 26, 2018) (collecting instances of sanctions, including discovery sanctions, against the Liebowitz Law Firm).

Plaintiff and its counsel should know that the role of the federal courts is not simply to be a form of leverage to support counsel's high-volume business model of extracting windfall-priced retroactive licenses in settlement for uses worth two figures at best for Plaintiff. Unquestionably here, where a variety of issues as to liability and damages are in genuine dispute, a defendant is entitled to defend itself and avail itself of the discovery tools that the Federal Rules provide under a process and schedule that the Court has so-ordered. It is fundamental that the discovery process gives the defendant the ability to move for summary judgment and/or have the opportunity to defend itself at trial. Accordingly, given Plaintiff's counsel's track record, there can be no doubt that Plaintiff and his counsel knew that the consequence of their repeated violations was sanctions, including dismissal of the case. Thus, the notice factor tips decisively in favor of dismissal. *See Shepherd v. Annucci*, 921 F.3d 89, 97 (2d Cir. 2019) ("given Shepherd's long familiarity with the court system, it is clear that Shepherd had adequate notice of the possibility of dismissal with prejudice"); *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16CV1318GBDBCM, 2018 WL 4760345, at *10 (S.D.N.Y. Sept. 28, 2018) (imposing "sanctions harsher than a fee award" where party "is no stranger to federal litigation, and has a history of discovery noncompliance followed by sanctions.").

As for whether lesser sanctions would be appropriate, Plaintiff has essentially failed to comply with ***any*** of its discovery obligations through the entirety of this case including by failing to serve initial disclosures ***at all***, attend his own deposition after attempting to surreptitiously cancel it, serve discovery requests and responses in accordance with the Scheduling Order and the Federal Rules, and properly supplement discovery responses that are, *inter alia*, demonstrably contradicted. *Vanceah*, 2022 WL 3030740, at *11 (dismissing claims where plaintiff "purposely withheld documents for months and contradicted herself in written submissions to the Court and in her affidavits" without reaching the issue of whether any evidence was actually fabricated); *cf. also Usherson*, 2020 WL 3483661, at *18 (finding where attorney "does not feel constrained by the truth and, when cornered, has no compunction about lying, even under oath. It follows that sanctions should be, and are, imposed."). Thus, Plaintiff's "deliberate and persistent noncompliance render[s] lesser sanctions inappropriate." *Embuscado*, 347 F. App'x at 701 (affirming Rule 37 dismissal); *see also Schuster*, 2021 WL 1317370, at *7 ("persistently vexatious behavior . . . indicates that lesser sanctions would be ineffective to curb his conduct."). Further still, "where, as here, a litigant acted in bad faith, has significant experience with the workings of the court, and has an extensive history with the [relevant] statute, [the Second Circuit has] affirmed dismissal as a sanction even when the district court did not explicitly consider a lesser sanction." *Shepherd*, 921 F.3d at 98.

Finally, Plaintiff's period of noncompliance dates back to his failure to timely serve initial disclosures on August 27, 2024 – nearly three months ago. *See* Nietes Decl. ¶ 6; Scheduling Order ¶ 7. Given that fact discovery closes in little over a month, with an intervening holiday and all parties' awareness that the Court will not move the close of fact discovery without a showing of good cause through no fault of the party requesting any adjournment (*see*

10

*Furry Puppet Studio Inc. v. Fall Out Boy*, No. 19-CV-2345 (LJL), 2020 WL 4978080, at *2 (S.D.N.Y. Feb. 24, 2020) (Liman, J.)), this period of noncompliance similarly weighs in favor of dismissal. *See Embuscado*, 347 F. App'x at 701 (period of noncompliance from September through November, which included violation of court orders and nonappearance for deposition, favored Rule 37 dismissal); *Usherson*, 2020 WL 3483661, at *12 ("failure to comply was 'not isolated but rather [part of] a pattern' of non-compliance in this case dating to" even before 'the very first conference.'" (citation omitted)).

*   *   *

In light of the foregoing, there can be no real dispute that Plaintiff's discovery violations have been willful, in bad faith, and at his own fault – thus warranting dismissal of his claims under Rules 16 and 37. *See Baba*, 111 F.3d at 5.

## II. IF THE ACTION IS NOT DISMISSED, THE COURT SHOULD ISSUE CERTAIN OTHER LIMITING SANCTIONS

To the extent the Court declines to issue a sanction that does not involve dismissal of the entire case, the Court should find adverse inferences against Plaintiff as a result of his violations and should preclude Plaintiff's reliance at summary judgment and trial on any evidence not produced to date, including his own testimony. *See* Fed. R. Civ. Pr. 37(b)(2)(A)(i) &(ii) (court may sanction party by "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" and "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"); *see also id.*, 37(c)(1)(C) (same sanctions warranted for failure to disclose or supplement), 37(d)(3) (same sanctions warranted for party's failure to attend his own deposition). Specifically, Plaintiff has admitted he has never licensed the Photograph for more than $50, *see* Nietes Decl. ¶ 5, Ex. H at 3 (Response to Request for

11

Admission No. 2), and has stated he produced documents responsive to Requests 1, 3, 13, 29, 35, 38-42, 47, 52, and 61, which encompass requests for documents evidencing ownership of the copyright in the Photograph, the Photograph's first publication, Plaintiff's investigation of his claims and enforcement efforts in the Photograph, and all damages documents including loss of licensing opportunities. *See id.* ¶ 5, Ex. F. However, Plaintiff's (late) production consists solely of the application and certificate regarding a U.S. copyright registration for a group of photographs that contains the Photograph along with the purported deposit copies, a purported depiction of Grailed's alleged use of the Photograph on Grailed's blog, and a price quote from Getty Images for a different photograph in a different context with different uses than those at issue here *See id.* ¶ 7.

If the entire action is not dismissed, the Court should thus issue an order deeming the following facts as establish:

- Plaintiff knew or should have known of Grailed's purported use of the Photograph on November 16, 2020 which is the date of the blog post as noted in Plaintiff's production;

- Plaintiff has lost no licensing opportunities for the Photograph as a result of Grailed's purported use of the Photograph; and

- Any damages recoverable, should Plaintiff establish a *prima facie* claim, are limited to $50.

Each inference is warranted. First, the production encompasses documents related to Plaintiff's investigation of his claims and enforcement of rights in the Photograph. *See id.* ¶ 5, Ex. F at 19, 23 (Plaintiff's Responses to Request for Production Nos. 47 and 61). Plaintiff's production specifically shows the blog on Grailed's website purportedly containing the Photograph was

12

posted on November 16, 2020. *See id.* ¶ 7. Thus, if Plaintiff had been diligently investigating his claims and enforcing his rights, this date should reflect the date his date of discovery of Grailed's purported use. Second, the production also encompasses all documents regarding lost licensing opportunities and contains no documents showing any actual or prospective licenses for the Photograph, warranting a finding that he has none. *See id.* ¶ 5, Ex. F at 21 (Plaintiff's Response to Request for Production No. 52). Third and finally, the production encompasses all documents related to damages. *See id.* at 17 (Plaintiff's Responses to Request for Production Nos. 38-42). Given Plaintiff's admission he has never licensed the Photograph for more than $50, $50 reflects his maximum actual damages. Further, Grailed requested Plaintiff to identify his damages, which Plaintiff failed to respond to at all, let alone elect statutory or actual damages. *See id.* ¶ 5, Ex. G at 8-9 (Response to Interrogatory No. 12). Thus, he should be precluded from seeking statutory damages that – even at the lowest amount ($750), *see* 17 U.S.C. § 504(c)(1) – would result in a windfall of five times what he has ever actually licensed the Photograph for.

     Further, the Court should limit the entirety of **all** evidence Plaintiff is allowed to use to support his claims and defenses for the remainder of the litigation (whether at summary judgment or trial), including any claim for damages and in response to Grailed's defenses, to Plaintiff's production to date.[3] *See* Fed. R. Civ. Pr. 37(b)(2)(A)(ii); 37(c)(1)(C); 37(d)(3). This sanction would be appropriate as any additional documents produced would be "additional or corrective" information that would have been required to be disclosed "in a timely manner" under Rule 26(e), and if a party fails to provide such information as required by Rule 26(e),

---

[3] Relatedly, such a sanction should relieve Grailed of any obligation to respond to Plaintiff's late discovery requests, with the exception of documents in its possession it intends to rely on at trial. *See Recoop LLC v. Outliers Inc.*, No. 24-CV-01810 (LJL), 2024 WL 4467540, at *2 (S.D.N.Y. Oct. 10, 2024) (Liman, J.) (party's failure to meet interim deadlines in Case Management Plan and Scheduling Order warranted other party's non-response).

13

which Plaintiff has not done here, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.* at 37(c)(1). This sanction should be without prejudice to Grailed's own ability to further collect documents and responses from Plaintiff to be used to refute Plaintiff's claims and in support of its defenses before the close of fact discovery on December 11, 2024.[4]

Finally, given Plaintiff's failure to attend his deposition, Plaintiff should be precluded from submitting testimony at summary judgment or at trial. *See Koch v. Pechota*, No. 10 CIV. 9152, 2013 WL 5996061, at *5 (S.D.N.Y. Nov. 8, 2013) (precluding plaintiff from submitting testimony at trial due to failure to complete her deposition).[5]

### III. PLAINTIFF SHOULD BE ORDERED TO PAY THE EXPENSES GRAILED INCURRED AS A RESULT OF HIS DISCOVERY VIOLATIONS

Separate and apart from the sanctions requested above in Section I (or Section II in the alternative), Plaintiff should further be ordered to pay Grailed's expenses it incurred as a result of his discovery violations. "[U]nder Rule 16(f), 'the court ***must*** award fees' — but 'the fees that may be assessed are limited to those incurred as a result of the Rule violation.'" *Shanchun Yu v. Diguojiaoyu, Inc.,* No. 18-CV-7303 (JMF), 2019 WL 6174204, at *5 (S.D.N.Y. Nov. 20, 2019) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 n.8 (1991) (emphasis added)). "Similarly, Rule 37 ***requires*** the Court to award 'reasonable expenses, including attorney's fees, caused by the failure [to comply with the court order], unless the failure was substantially justified or other circumstances make an award of expenses unjust.'" *Id.* (citing Fed. R. Civ. P. 37(b)(2)(C)

---

[4] As noted, pursuant to Rule 4.C. of Your Honor's Individual Practices in Civil Cases, Grailed intends to submit a letter regarding its motion to compel documents should the Court decide that dismissal is not warranted.

[5] To the extent Plaintiff intends to submit himself to another deposition in an attempt to avoid this sanction, Plaintiff should be solely responsible for the fees associated with the second deposition. *See infra* Sec. III.

14

(emphasis added) (alteration in original). The Court also has "inherent power to impose sanctions includes the power to impose, in its discretion, 'attorney's fees representing the entire cost of litigation.'" *Id.*

Here, Plaintiff failed to comply with the deadlines in the Court's Scheduling Order entered pursuant to Rule 26(f) by serving his discovery requests over a month after the deadlines provided in the order and by failing to make initial disclosures at all (also constituting a violation of Rule 26(a)). He similarly has completely neglected supplementing his discovery responses in violation of Rule 26(e). Grailed has had to prepare a letter seeking compliance and a conference, to which it received no response, and will move the Court as a result. Moreover, Grailed expended significant costs in preparing and appearing for a deposition which Plaintiff not only did not attend but attempted to unilaterally cancel the day before it was scheduled to occur without even contacting counsel for Grailed. Rules 16(f) and 37 thus mandate that Plaintiff reimburse Grailed for the expenses it has occurred. *See Shanchun Yu*, 2019 WL 6174204, at *5. Thus, irrespective of the additional sanctions requested above, Grailed is entitled to recover the following, all of which Grailed incurred as a result of Plaintiff's violations:

- "the fees and costs reasonably incurred in attempting to secure [Plaintiff's] responses to discovery requests, including the time spent attempting to communicate with defense counsel regarding the discovery responses and drafting communications to the Court explaining [Plaintiff's] failures in that regard," *see id.* at *6;
- "the fees and costs reasonably incurred in preparing and filing the instant motions," *see id.* (collecting authority); and

15

- all expenses associated with Plaintiff's failure to attend his deposition, including but not limited to, the cost of the court reporter and Grailed's attorneys' fees expended in preparing for the deposition. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 149-50 (S.D.N.Y. 2014).

## CONCLUSION

Based on the above, Grailed respectfully requests that the Court dismiss Plaintiff's claims pursuant to Rules 16(f) and 37(b) *et seq.*, or in the alternative, enter an order that sanctions Plaintiff by: (1) directing the facts listed in Section II be deemed established; (2) limiting the evidence Plaintiff can affirmatively rely on to only his discovery responses as of the date of filing; and (3) precluding Plaintiff from submitting testimony at summary judgment or at trial for failure to attend his deposition. Grailed further respectfully requests that Plaintiff be ordered to pay Grailed's expenses it incurred as a result of Plaintiff's violations of his discovery obligations (both Court-ordered and under the Federal Rules) pursuant to Rules 16(f) and 37(b), *et seq*.

Dated: New York, New York
November 12, 2024

Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP

By: */s/Andrew Nietes*
Eleanor M. Lackman
Andrew Nietes
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Defendant Grailed, LLC*