

333 EARLE OVINGTON BOULEVARD, SUITE 402
UNIONDALE, NEW YORK 11553
T: 516-203-7600
F: 516-282-7878

November 18, 2024

<u>*Via ECF*</u>
Hon. Robyn F. Tarnofsky, U.S.M.J.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street
New York, New York 10007

    Re:    *Barbera v. Grailed, LLC*
           <u>Case No: 1:24-cv-03535-LJL</u>

Dear Judge Tarnofsky:

    We are the attorneys for Plaintiff in this matter and write to respectfully request that Defendant's Rule 37 motion (*Dkt. Nos.* 22-24, *et seq.*) be stricken or otherwise denied without prejudice for failure to comply with the provisions of Local Rule 37.2 and the individual Rules of this Court.

    As Your Honor is aware, Local Rule 37.2 provides, *inter alia,* that "[u]nless the individual practices of the judge presiding over discovery require a different procedure, no motion under Fed. R. Civ. P. 26 through 37 inclusive and Fed. R. Civ. P. 45 will be heard unless counsel for the moving party has first requested an informal conference with the court by letter-motion for a pre-motion discovery conference and that request has either been denied or the discovery dispute has not been resolved as a consequence of the conference." Your Honor's Rules further provide that, a party seeking to raise a discovery dispute shall comply with LR 37.2, but firther requires that the party must first confer in good faith in person or by telephone, and that "an exchange of emails or letters is not sufficient to meet this obligation."

    In this case, Defendant has not followed any of the mandatory protocols. More specifically, Defendant sent a single letter via email to address what it considered to be deficiencies in Plaintiff's discovery responses. The email was sent at a time when I was out of the Country, and Defendant received my automatic email response indicating the days on which I would be unavailable. Despite receiving such notice, Defendant did not contact Ms. Sabilia-Heffert, who also has an appearance for Plaintiff in this action. Defendant did not make any telephone calls to my office. Defendant did not request a pre-motion conference, as is required prior to filing a motion with respect to a discovery dispute. Defendant's failure to follow this protocol means that it made no effort to narrow or resolve the dispute prior to seeking the Court's intervention, which is the very purpose of LR 37.2 and Your Honor's more specific rule.

In light of the above, it is respectfully requested that the Court Order Defendant to comply with LR 37.2 and Your Honor's Rules, such that it be required to meet and confer in good faith to resolve the alleged deficiency and, that if the dispute is not resolved, that Defendant file a request for a pre motion conference, as is required prior to bringing a discovery motion. In the interim, it is further requested that Defendant's current motion be either stricken or denied without prejudice to renew, should there be such a need, after it complies with the requisite protocol and after a conference with the Court, should it request one.

Thank you.

Respectfully submitted,

/s *Craig B Sanders*
Craig B Sanders