

333 EARLE OVINGTON BOULEVARD, SUITE 402
UNIONDALE, NEW YORK 11553
T: 516-203-7600
F: 516-282-7878

November 18, 2024

<u>*Via ECF*</u>
Hon. Lewis J. Liman, U.S.D.J.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street
New York, New York 10007

    Re:    *Barbera v. Grailed, LLC*
            <u>Case No: 1:24-cv-03535-LJL</u>

Dear Judge Liman:

    We are the attorneys for the plaintiff, Robert Barbera ("*Plaintiff*") in this matter and write in response and in opposition to the letter motion to compel discovery responses filed by the defendant, Grailed, LLC ("*Defendant*") (*Dkt. No.* 25) and respectfully request that same be denied.

    As an initial matter, we note that Defendant's letter motion to Your Honor is substantively identical to the Rule 37 motion filed by Defendant one day prior (*Dkt. Nos.* 22-24, *et seq.*) and should be denied on the grounds that should not be permitted to file two motions for the same relief in the same case at the same time, and the fact that one application has been made to the Magistrate Judge and another to this Court should not alter that result. Plaintiff is contemporaneously filing a motion to strike Defendant's Rule 37 motion, and respectfully refers the Court to the argument set forth therein as well.

    Plaintiff respectfully submits that both motions should be denied by reason of Defendant's failure to comply with the procedures set forth in Local Rule 37.2, as well as Rule 4.C of Your Honor's Rules and/or Rule III.B of Magistrate Judge Tarnofsky's Rules with respect to raising discovery disputes and motions to compel discovery. All of these Rules require that a party seeking to raise a discovery dispute must meet and confer with the non-moving party in good faith prior to seeking the Court's intervention. All of these Rules state that the good faith requirement is not satisfied when the moving party merely pays lip service to the Rules. A single letter or email requesting a meet and confer is not enough to meet this standard, but, that is what happened here.

    In this case, Defendant sent a single letter via email to address what it considered to be deficiencies in Plaintiff's discovery responses. The email was sent at a time when the undersigned was out of the Country, and Defendant received my automatic email response indicating the days on which I would be unavailable. Despite receiving such notice, Defendant did not contact Ms.



Sabilia-Heffert, who also has an appearance for Plaintiff in this action. Defendant did not make any telephone calls to my office. This is simply insufficient to satisfy the meet and confer standard. Indeed, as it has been oft observed, "the Federal Rules of Civil Procedure, the Local Civil Rules of this Court … concomitantly require that parties meet and confer in a good faith attempt to resolve discovery disputes before formally initiating motion practice or raising disputes with the Court." *Multi-State P'ship for Prevention, LLC v. Kennedy*, No. 24-CV-00013 (JMW), 2024 WL 3758802, at *8 (E.D.N.Y. Aug. 12, 2024). This has been held to require the parties to "meet, *in person or by telephone*, and make a *genuine effort* to resolve the dispute by determining: (i) what the requesting party is actually seeking; (ii) what the discovering party is reasonably capable of producing that is responsive to the request; and (iii) what specific genuine issues, if any, cannot be resolved without judicial intervention." *Id.* (italics in original) (citing *Excess Ins. Co. v. Rochdale Ins. Co.*, No. 05-CV-10174, 2007 WL 2900217, at *12 (S.D.N.Y. Oct. 4, 2007)). Continuing, the Court held that "[p]erfunctory email correspondence for example simply does not suffice." *Id.* (quoting *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) ("the meet and confer 'prerequisite is not an empty formality' and 'cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue' "). Elsewhere stated, "[t]he purpose of certifying meeting and conferring (or attempting to do so) is to show the correspondence and exchange between the movant and opponent so that resort to the motion to compel appears to be a last resort rather than a first option." *Black v. Buffalo Meat Serv., Inc.*, No. 15CV49S, 2016 WL 4363506, at *5 (W.D.N.Y. Aug. 16, 2016), enforcement granted, No. 15CV49S, 2017 WL 1196469 (W.D.N.Y. Mar. 31, 2017), on reconsideration, No. 15CV49S, 2017 WL 2720080 (W.D.N.Y. June 23, 2017)).

Here, Defendant's filing states that "on October 25, 2024, we sent Plaintiff's counsel a detailed letter outlining deficiencies in Plaintiff's discovery responses and limited production of documents. The letter requested a response no later than October 31, 2024 and requested a meet and confer on both Grailed's anticipated motion for sanctions and to compel further responses to Plaintiff's late-served discovery responses. As of the date of filing, Grailed has received no response." *Dkt. No.* 25. The letter does not state that Defendant sent any follow-up email or made any phone call to schedule a meet and confer. The letter does not allege that Defendant undertook such efforts because it did not. As the case law makes clear, a single letter or email requesting a meet and confer—without any other effort on behalf of the moving party—falls woefully short of the "good faith" efforts required under the Rules prior to seeking judicial intervention. Accordingly, Defendant's request should be denied.

As a final point, and to the extent that it is needed, Plaintiff disputes Defendant's allegation that his discovery responses were not timely served. As the Court can see, Defendant's discovery demands were served on September 10, 2024, and Defendant's current letter motion acknowledges that responses were received on October 11, 2024. *See Dkt. No.* 25. Despite Defendant's argument, Plaintiff's responses were not late. Indeed, Rule 6 of the Federal Rules of Civil Procedure provide that when a period is stated in days or a longer unit of time, one is to "exclude the day of the event that triggers the period" then "count every day, including intermediate Saturdays, Sundays, and legal holidays" and "include the last day of the period." Fed. R. Civ. Pro. 6(a)(1). Here, the computation for measuring the 30-day period for Plaintiff to respond began on September 11, 2024 and, therefore the responses served on October 11, 2024, were timely under the Rule.

  In sum, Plaintiff respectfully submits that Defendant's application for judicial intervention with respect to a discovery dispute cannot be entertained until such time as Defendant complies with LR 37 and the individual Rules of this Court, which require it to meet and confer *in good faith* prior to seeking relief from this Court, and which it has yet to do.

  Thank you.

            Respectfully submitted,

            /s *Craig B Sanders*
            Craig B Sanders