

Andrew F. Nietes
Attorney-at-Law
(917) 546-7683 Phone
afn@msk.com

November 19, 2024

**VIA ECF**

Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:    *Barbera v. Grailed, LLC*, **Case No: 1:24-cv-03535-LJL**

Dear Judge Liman:

We are counsel to Defendant Grailed, LLC ("Grailed") in the above-captioned action. Pursuant to Rule 4.C. of Your Honor's Individual Practices in Civil Cases ("Individual Practices"), we submit this combined letter in response to Plaintiff Robert Barbera's ("Plaintiff") letter-motion to strike (ECF No. 26) ("Motion to Strike") and to Plaintiff's opposition letter (ECF No. 27) ("Opposition Letter"), as a reply in support of Grailed's motion to compel (ECF No. 25).

There is rich irony in Plaintiff's claims that Grailed has not complied with its obligations, when in these very letters made to Your Honor and Magistrate Judge Tarnofsky, Plaintiff misrepresents the facts and disregards the orders and rules of this Court, evidencing the very pattern of conduct that precipitated Grailed's pending motions. Indeed, Plaintiff does not dispute the substance of Grailed's motions, particularly, that he: failed to attend his noticed deposition, has not served initial disclosures, failed to serve his discovery requests by the deadlines ordered by the Court, and provided wholly deficient – if not potentially false – responses to the Grailed's issued discovery requests. Instead, Plaintiff seeks to have the Court disregard its deliberate non-compliance, proffering erroneous statements of both fact and law.

**Response to Motion to Strike**
Plaintiff's Motion to Strike, evidently in lieu of taking up the motion on the merits, is unfounded. Rule 2.F. of Your Honor's Individual Practices, as referenced in the motion for sanctions made pursuant to both Rules 16 and 37 of the Federal Rules of Civil Procedure (*see* ECF No. 23 at 1-2), states that "[a]bsent order of the Court, neither pre-motion letters nor pre-motion conferences are required." Plaintiff's complete failure to comply with his discovery obligations rises far above the garden variety discovery disputes governed by Rule 4.C. of Your Honor's Individual Practices, which makes no reference to Fed R. Civ. Pr. 16 or 37, unlike the disputes that are the subject of Grailed's alternative, and separate, motion to compel made pursuant to the procedures that apply to such motions. *See* ECF No. 25; *see infra* at 3. Further, even if the rule did apply to the motion for sanctions (setting aside that it is hard to find a "middle ground" within the context of violations of a court order and a deposition notice), Rule 4.C. provides that, "[c]ounsel is expected to be available to meet and confer within 48 hours of receiving a request from the initiating party." Grailed made Plaintiff aware of its intention to seek relief regarding Plaintiff's

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: www.msk.com

20324074.3



Hon. Lewis J. Liman, U.S.D.J.
November 19, 2024
Page 2

discovery conduct as early as October 16. *See* ECF No. 24-9. Grailed then sent its letter on October 25 requesting a meet and confer, in which it asked for a response by October 31. After hearing nothing from Plaintiff (which counsel for Plaintiff admits), Grailed did not file its motion until November 12. Grailed has therefore not only complied with the relevant procedural protocols, but it afforded Plaintiff far more leeway than is required. There is nothing in the rules or cited cases indicating that a deficiency letter must be conveyed by telephone, or that a request to schedule a meet and confer must be made by telephone.[1]

Notably, Plaintiff's factual representations in support of his position that Grailed must chase down counsel via multiple methods over a span of weeks are false, too. Plaintiff's counsel claims that "Defendant received [his] automatic email response indicating the days on which [he] would be unavailable." ECF No. 26 at 1. While counsel for Grailed did receive automatic responses from counsel, those responses were blank. Attached hereto as Exhibit A is a true and correct copy of a blank automatic email response as received by counsel for Grailed regarding its deficiency letter addressed to Plaintiff. It is also worth noting Mr. Sander's paralegal who had served Plaintiff's late discovery responses and requests on counsel for Grailed was also copied on the email transmitting the letter. And from October 25-November 12, during the time counsel was supposedly out of the country for some portion of time, he initiated no less than 11 separate actions across the country where Mr. Sanders himself was the filing attorney, undermining any notion he did not have the capacity to respond or check his email during a span of 18 days. Attached hereto as Exhibit B is a search report reflecting actions initiated by Mr. Sanders of Sanders Law Group as the filing attorney during this time period.

As for the fact that Ms. Sabilia-Heffert had supposedly not been contacted, counsel for Plaintiff has not copied her on a single email regarding discovery, *see* ECF Nos. 24-5, 24-9, while she nonetheless has been copied on correspondence from Grailed. *See, e.g.*, ECF No. 24-3. What is more, it is counsel for Plaintiff who has failed to be diligent in attempting to reach counsel for Grailed. For instance, Plaintiff's firm seems adamant about not copying me on correspondence or discovery, and Mr. Sanders, regarding another matter, flippantly claimed that my co-counsel should have received a communication sent to an email address for her prior firm, with which counsel has not been affiliated for over five years, as the bounce-back message that the Sanders firm received showed. In any event, it is not incumbent on Grailed to chase down Plaintiff or his

---

[1] Further, the Motion to Strike is erroneously addressed to Judge Tarnofsky. The Order of Reference to Magistrate Judge makes clear that the referral was only for "Settlement" and not any "General Pretrial" matters, "Specific Non-dispositive Motion/Dispute" or "Dispositive Motions[.]" *See* ECF No. 20. Plaintiff seems to recognize this, as his Opposition Letter is addressed to Your Honor. *See* ECF No. 27. Thus, Judge Tarnofsky's practices do not apply to Grailed's motion for sanctions. Similarly, Local Rule 37.2 does not apply where, as here (and as quoted in Plaintiff's letter), "the individual practices of the judge presiding over discovery require a different procedure." And in any event, the motion for sanctions is made pursuant to both Rule 37 *and* Rule 16, which falls outside the scope of both Judge Tarnofsky's practices requiring a meet and confer as well as Local Rule 37.2.

![msk]

Hon. Lewis J. Liman, U.S.D.J.
November 19, 2024
Page 3

counsel, especially given their long and well-documented history of failing to respond to any communications.

Thus, Grailed's motion for sanctions was in compliance with all procedural requirements and Plaintiff's Motion to Strike should be denied.

**Reply Regarding Motion to Compel**
Plaintiff's Opposition Letter suffers more infirmities than the Motion to Strike. To start, Your Honor's Individual Practices specifically state that: "[i]f the opposing party wishes to respond to the letter-motion, the opposition . . . must be filed on ECF *within two business days*." (emphasis in original). Consistent with his practice in this case, Plaintiff ignored this requirement and filed his response late.

Plaintiff references Rule 4.C. of Your Honor's Individual Practices, yet omits this language: "[i]f counsel for the non-moving party fails to meet and confer within 48 hours of a request, then counsel for the moving party will be deemed to have satisfied the obligation to attempt in good faith to meet and confer and may file the letter on ECF referred to in the paragraph above." Thus, the text of Your Honor's Individual practices directly contradicts Plaintiff's statement that: "[a] single letter or email requesting a meet and confer is not enough to meet this standard[.]" *See* ECF No. 27 at 1. None of the cases cited by Plaintiff were governed by Your Honor's Individual Practices and only one (nearly 20 years old) opinion is even from within this district. Regardless, these cases stand for the proposition a meet and confer should occur via phone if such a meeting occurs – not for the proposition that counsel must chase down an evasive party via various methods in order to get agreement that counsel will actually hold a meet and confer. Grailed was well within its right to file its letter-motion without actually conferring with Plaintiff, especially considering it afforded Plaintiff nearly three weeks (October 25-November 12) to respond, and Plaintiff declined to do so – just like he has ignored the schedule and other notices in this case. And other than positing a dubious argument about calculation of time for his discovery responses, Plaintiff does not engage with the substance of the motion whatsoever.

Further, the Opposition Letter, in addition to the same false statements as mentioned above, also incorrectly states the motions for sanction and to compel seek "the same relief." *See* ECF No. 27 at 1. Not so. Perhaps Plaintiff has failed to read the motions, as they clearly seek alternative relief and were filed separately to comply with Your Honor's Individual Practices.

Thus, Grailed did attempt to meet and confer "in good faith," but Plaintiff's reckless inattentiveness to the discovery process prevented a meet and confer from actually occurring. Grailed's filing of its letter was therefore entirely permitted by Your Honor's Individual Practices and, if the case is not dismissed as a result of Grailed's motion for sanctions, Plaintiff should be required to supplement his discovery responses for the reasons stated above and in Grailed's opening letter motion.



Hon. Lewis J. Liman, U.S.D.J.
November 19, 2024
Page 4

Respectfully,

*/s/Andrew F. Nietes*

Andrew F. Nietes
Attorney-at-Law for
MITCHELL SILBERBERG & KNUPP LLP

AFN

CC:
Counsel of record via ECF