```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/20/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERT BARBERA,

                Plaintiff,

    -v-

GRAILED, LLC,

                Defendant.
-------------------------------------------------------------------X

24-cv-3535 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

    Defendant Grailed, LLC ("Defendant") moves for an order compelling Plaintiff Robert Barbera ("Plaintiff") to supplement his responses to Defendant's initial set of interrogatories and to produce all documents responsive to Defendant's requests for production. Dkt. No. 25.[1] On November 18, 2024, Plaintiff filed a letter opposing the motion to compel. Dkt. No. 27. On November 19, 2024, Defendant filed a letter in further support of its motion to compel. Dkt. No. 24.

    "If a party objects to discovery requests, that party bears the burden of showing why discovery should be denied." *Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, 2015 WL 4033019, at *5 (S.D.N.Y. June 29, 2015) (citing *Freydl v.*

---

[1] Defendant also moves for sanctions pursuant to Rules 16 and 37 of the Federal Rules of Civil Procedure. Dkt. Nos. 22–24. Plaintiff filed a motion to strike Defendant's motion for sanctions and supporting documents. Dkt. No. 26. At this time, the Court does not address the motion for sanctions or the motion to strike, other than to clarify that both motions are returnable to this Court, rather than to Magistrate Judge Tarnofsky, to whom this action was referred for only the limited purpose of settlement. Dkt. No. 20. Magistrate Judge Tarnofsky's individual rules therefore do not govern the motion for sanctions, the motion to strike, or the instant motion to compel.

*Meringolo*, 2011 WL 2566087, at *3 (S.D.N.Y. June 16, 2011)).  Plaintiff has not discharged that burden and Defendant's motion to compel is granted.

On September 10, 2024, Defendant served its initial set of requests for production and requests for interrogatories on counsel for Plaintiff.  Dkt. No. 24 ¶ 3; Dkt. No. 24-3.  Plaintiff provided responses thirty-one days later, on October 11, 2024.  Dkt. No. 24-5.  On October 25, 2024, Defendant served on Plaintiff a letter detailing the deficiencies in Plaintiff's discovery responses and document production.  Dkt. No. 25 at 1.  The letter was emailed to counsel for Plaintiff and to the paralegal who had previously sent Plaintiff's discovery responses.  Dkt. No. 28 at 2.  The  letter requested a response by October 31, 2024 and requested a meet and confer.  Dkt. No. 25 at 1.  Plaintiff did not respond to that letter other than to send a blank auto-reply with no text in the body of the email.  Dkt. No. 28-1.

At the outset, a litigant's "failure to respond or object to a discovery request in a timely manner" waives any objection that may have been available.  *UBS Int'l Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.*, 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010); *accord Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (collecting cases).  Rules 33 and 34 of the Federal Rules of Civil Procedure provide that Plaintiff's responses were due within thirty days of service of the requests.  Fed R. Civ. P. 33(b)(2), 33(b)(4), 34(b)(2)(A).  However, Plaintiff did not serve his responses until thirty-one days later.  Plaintiff offers no good cause for this tardiness.  Instead, Plaintiff argues that his responses were timely because Rule 6 of the Federal Rules of Civil Procedure provides that time is calculated by "exclude[ing] the day of the event that triggers the period" and then counting every day, including the last day of the period.  Dkt. No. 27 at 2 (quoting Fed. R. Civ. P. 6(a)(1)).  Plaintiff's calculation is incorrect.  The event triggering the start of the thirty-day period was Defendant's service of the discovery requests on

2

September 10, 2024. That day is Day 0, and is excluded from the count. The next day, September 11, 2024 is thus Day 1, making Day 30, the date by which Plaintiff's responses were due, October 10, 2024. "Given the absence of an valid explanation for [plaintiff's] failure to serve its objections in a timely manner, . . . a finding of waiver is appropriate." *Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs.*, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003); *see Cambridge Cap. LLC v. Ruby Has LLC*, 2022 WL 889143, at *5 (S.D.N.Y. Mar. 24, 2022).

Even if Plaintiff had timely served its discovery responses, Plaintiff does not show why the discovery Defendant seeks should be denied. *See Alzheimer's Found.*, 2015 WL 4033019, at *5. Defendant's motion to compel identified several significant deficiencies in Plaintiff's responses. Plaintiff did not verify the interrogatory responses as required by Rule 33 of the Federal Rules of Civil Procedure. *Id.*; Dkt. No. 24-7. *See* Fed. R. Civ. P. 33(b)(3) (requiring that interrogatories must "be answered separately and fully in writing under oath"); *see also Shanchun Yu v. Diguojiaoyu, Inc.*, 2019 WL 6174204, at *4 (S.D.N.Y. Nov. 20, 2019); *In re World Trade Ctr. Disaster Litig.*, 722 F.3d 483, (2d Cir. 2013) (per curiam). Out of the twelve interrogatories, Plaintiff responded to only six, providing generalized boilerplate objections to the other half. Dkt No. 24-7; *see Pegoraro v. Marrero*, 281 F.R.D. 122, 128 (S.D.N.Y. 2012) ("'[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy,' while producing 'no documents and answer[ing] no interrogatories . . . are a paradigm of discovery abuse.'" (quoting *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y.2009)); *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("Boilerplate objections that a request for discovery is overbroad and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence . . . are improper unless based on particularized facts."). Plaintiff's responses to Defendant's requests

3

for production similarly indicate a failure to produce responsive documents for requests 6, 8–10, 27–28, 30, 48–51, 53-55, and 59–60, relying on generalized objections.  Dkt. No. 24-6.  Plaintiff's boilerplate objections such as those for privilege, relevance, and alternate availability of documents, do not excuse his total failure to produce documents responsive to those requests.  *See Fischer*, 2017 WL 773694, at *3 (holding that Rule 34 requires litigants "to state objections with specificity []and to clearly indicate whether responsive material is being withheld on the basis of objection"); *Shanchun Yu*, 2019 WL 6174204, at *5 (even if party's requests for documents "were vague and unduly broad,"  the recipient party "nonetheless ha[s] an obligation to comply with discovery requests to the extent that they are not objectionable.").

Plaintiff's opposition to the motion to compel does not defend any of these deficiencies or argue that Defendant is not entitled to the discovery it seeks.  Dkt. No. 27.  Instead, Plaintiff argues that Defendant's motion to compel should be denied because Defendant did not successfully meet and confer with Plaintiff prior to filing the motion and that this failure to meet and confer does not comply with Local Rule 37.2 or Rule 4(C) of this Court's individual practices.  *Id.* at 1.  That is not correct.  Local Rule 37.2 states that "[u]nless the individual practices of the judge presiding over discovery require a different procedure," no discovery motion "will be heard unless counsel for the moving party has first requested an informal conference with the court by letter-motion for a pre-motion discovery conference."  L.R. 37.2.  The Court's individual practices state that no request for a pre-motion discovery conference is required.  Individual Practices in Civil Cases § 2(f).  Defendant's filing therefore comports with this rule.  The operative Local Rules, which became effective July 21, 2024, do not elsewhere require that the parties meet and confer before a discovery motion may be filed.

Rule 4(C) of the Court's individual practices states that "[a]ny party wishing to raise a discovery dispute with the Court must first *attempt* to confer in good faith with the opposing party, in person or by telephone, to try and resolve the dispute."  Individual Practices in Civil Cases § 4(C) (emphasis added).  Rule 37 of the Federal Rules of Civil Procedure similarly requires a party seeking to compel discovery to certify that "the movant has in good faith conferred or *attempted* to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(1)(1) (emphasis added).  The Court's individual rules clarify that "[c]ounsel is expected to be available to meet and confer within 48 hours of receiving a request from the initiating party."  Individual Practices in Civil Cases § 4(C).  "If counsel for the non-moving party fails to meet and confer within 48 hours of a request, then counsel for the moving party will be deemed to have satisfied the obligation to attempt in good faith to meet and confer."  *Id.*  Defendant attempted to meet and confer by sending the October 25 letter and requesting to meet and confer to resolve the issues raised therein.  Plaintiff's only response was a blank email that did not indicate either that Plaintiff's counsel was unavailable at that time or that another point of contact or method of contact was preferred.  Dkt. No. 28-1.  Defendant waited almost three weeks before filing the motion to compel.  Plaintiff had ample time to respond or to meet and confer but chose not to.  The Court expects parties to obey its individual practices and the Rules of Federal Procedure by seeking to meet and confer to try to resolve discovery issues before seeking the Court's intervention.  However, there is no loophole wherein a party may escape a motion to compel, or a ruling on such motion, simply by stonewalling its opposing counsel and declining to confer.

5

Defendant's motion to compel discovery is granted in full. Plaintiff must supplement his interrogatory responses and document production by one week from the date of this Order.

SO ORDERED.

Dated: November 20, 2024
      New York, New York

                                      LEWIS J. LIMAN
                                United States District Judge