UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT BARBERA,<br><br>      Plaintiff,<br><br>v.<br><br>GRAILED, LLC,<br><br>      Defendant. | Case No. 24-CV-3535 (LJL) |

## DECLARATION OF ANDREW NIETES

ANDREW NIETES declares as follows:

  1.  I am an associate at the law firm of Mitchell Silberberg & Knupp LLP ("MSK"), and counsel for defendant Grailed, LLC ("Grailed") in the above-captioned matter. I submit this declaration in support of Grailed's Motion for Contempt and for Sanctions Pursuant to Rules 16 and 37.

  2.  On November 27, 2024, purportedly pursuant to the Court's order dated November 20, 2024, ECF No. 31 (the "Discovery Order"), counsel for Plaintiff Robert Barbera ("Plaintiff") served us with supplemental responses to Grailed's initial set of interrogatories (each an "Interrogatory" and collectively "Interrogatories") and requests for production (each a "Request" and collectively, "Requests"). This email did not include a document production. A true and correct copy of the email serving the responses, reflecting the attachments thereto, is attached as Exhibit A. A true and correct copy of Plaintiff's supplemental answers to Grailed's initial set of interrogatories is attached as Exhibit B. A true and correct copy of Plaintiff's supplemental responses to Grailed's initial set of requests for production is attached as Exhibit C.

20381739.1

We have been unable to locate any publicly available terms of service for Backgrid that Plaintiff references in his response to Request No. 4. *See* Ex. C at 3.

3. We informed Plaintiff's counsel that we expected the document production by November 27, 2024, pursuant to the Discovery Order, and that any subsequent production would be in violation of the Discovery Order. We did not receive a production until December 3, 2024. Plaintiff continued producing documents through December 4, 2024. A true and correct copy of the email exchanges between my firm and counsel for Plaintiff from November 27-December 4, 2024 is attached as Exhibit D.

4. Plaintiff's production served from December 3-4, 2024 includes only: publicly available complaints filed by Plaintiff; "audit" letters and related follow-up correspondence sent by Plaintiff or his counsel; reports from Backgrid reflecting sales amounts for various photographs purportedly taken by Plaintiff; and royalty statements from Splash News and/or Shutterstock for photographs purportedly taken by Plaintiff.

5. On December 11, 2024, I sent counsel for Plaintiff a letter informing them of the deficiencies in Plaintiff's supplemental answers to the Interrogatories, responses to the Requests, and supplemental document production, and notified them of Grailed's intent to move for contempt. In the letter, I invited counsel for Plaintiff to identify where in Plaintiff's production any of the deficiencies could be found, asking for a response no later than close of business Monday, December 16, 2024. A true and correct copy of the email transmitting the letter and the letter are attached as Exhibit E.

6. Plaintiff's counsel sent a response via email on Monday December 16, 2024 which included a second supplemental set of answers to the Interrogatories, a one-page privilege log, one additional document for production (a zoomed in or cropped screenshot from Backgrid

showing the Photograph in its first "publication"), and a response letter outlining Plaintiff's positions on Grailed's Requests (the "Response Letter"). A true and correct copy of Plaintiff's second supplemental set of answers to the Interrogatories is attached as Exhibit F. A true and correct copy of Plaintiff's privilege log is attached as Exhibit G. A true and correct copy of the Response Letter is attached as Exhibit H. A true and correct copy of the email from Plaintiff's counsel is attached as Exhibit I.

7.   Grailed served contention interrogatories on Plaintiff on November 11, 2024, making responses due on the day of the close of fact discovery, December 11, 2024. Plaintiff to date has failed to serve any objections or answers. Further, as of the date of filing, Grailed has not received Plaintiff's initial disclosures pursuant to Federal Rule of Civil Procedure 26.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Littleton, Colorado
       December 19, 2024

_____
ANDREW NIETES

3

20381739.1