Exhibit C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROBERT BARBERA,

                Plaintiff,

v.

GRAILED, LLC,

                Defendant.

Case No. 1:24-cv-03535-LJL

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

| | |
|---|---|
| Propounding Party: | Defendant GRAILED, LLC |
| Responding Party: | Plaintiff ROBERT BARBERA |
| Set: | One (1) |
| Numbers: | 1 – 63 |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("*FRCP*"), Plaintiff Robert Barbera ("*Plaintiff*") as and for his supplemental responses to the First Request for Production of Documents of Grailed LLC ("*Defendant*"), in accordance with the Court's Order dated November 20, 2024 (*Dkt. No.* 31) states and alleges as follows:

**PRELIMINARY STATEMENT**

1.  Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2.  By making the accompanying responses and objections, Plaintiff does not waive, and hereby expressly reserves his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that Plaintiff considers the requests, and responses to the requests, to be relevant or material to the subject matter of this

action.

3.    Plaintiff will produce responsive documents only to the extent that such documents are in Plaintiff's possession, custody, or control.

4.    Publicly available documents including, but not limited to, court papers and documents available on the Internet, will not be produced.

5.    Any response that indicates Plaintiff will produce documents or information is not an admission that Plaintiff actually possesses the documents or information demanded, or that any such documents or information exist and are in Plaintiff's possession, custody, or control, or that Plaintiff will not object on other grounds at the time of production.

6.    Plaintiff's responses are based upon information available to Plaintiff at this time, and Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, without obligating himself to do so as discovery continues, in one or more subsequent supplemental responses.

7.    Each of the responses or objections is based on Plaintiff's understanding of the Requests and each individual request therein. To the extent that Defendant asserts an interpretation of any request that is inconsistent with Plaintiff's understanding, Plaintiff reserves the right to supplement his objections and responses.

## PRIOR AND SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:
All Documents and Communications concerning the copyright registration(s) that You received for the Photograph and any applications for such registration(s), including but not limited to all application forms and other materials submitted to the U.S. Copyright Office, such as deposit copies and correspondence.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 1:
Subject to and without waiving the foregoing general objections, Plaintiff will produce the application, deposit copy and Certificate of Registration issued to him by the U.S. Copyright Office, together with the original image.

**REQUEST FOR PRODUCTION NO. 2:**

The continuation sheets or charts included on the application for each of the copyright registration(s) that You received for the Photograph.

> **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
>
> Plaintiff objects to this Request to the extent that he does not understand what Defendant means by the terms "continuation sheets" or "charts." Subject to and without waiving the foregoing or general objections, Plaintiff has no documents responsive to this Request.
>
> **SUPPLEMENTAL RESPONSE**
>
> Plaintiff does not understand what Defendant means by the terms "continuation sheets" or "charts." Notwithstanding the foregoing, to the extent that Plaintiff understands this request, he has no documents responsive to this Request other than those already produced at Bates Nos. 0001-0054.

**REQUEST FOR PRODUCTION NO. 3**

All Documents and Communications concerning the allegation contained in Paragraph 2 of the Amended Complaint that You own the copyright in the Photograph.

> **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**
>
> Plaintiff objects to this Request as being duplicative of other Requests. Subject to and without waiving the foregoing or general objections, Plaintiff refers Defendant to his response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 4**

Documents sufficient to establish whether the Photograph was created pursuant to a work-for-hire agreement, assignment of exclusive rights, or within the scope of any other agreement, irrespective of time period, including but not limited to any agreement with Backgrid USA, Inc. and/or any of its affiliates (collectively, "Backgrid") (see https://www.backgrid.com/).

> **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
>
> Plaintiff objects to this Request on the grounds that it is unintelligible as written. Plaintiff objects to this Request to the extent that it asks Plaintiff to prove a negative. Subject to and without waiving the foregoing or general objections, Plaintiff states that he has no documents responsive to this Request.
>
> **SUPPLEMENTAL RESPONSE**
>
> Plaintiff states that the Photograph was not created pursuant to any work-for-hire agreement or other agreement as described in the request, including with Backgrid. To the extent that any such agreement exists, it would be pursuant to the Backgrid terms of service in effect in 2017, when Plaintiff first started uploading content to Backgrid. Plaintiff otherwise does not have any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5**

All Documents and Communications concerning any rights granted to or by other third parties concerning the Photograph irrespective of time period, including but not limited to any agreement with Backgrid.

> **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**
>
> Plaintiff objects to this Request on the grounds that it seeks information that is disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that it seeks information not relevant to any claim or defense in this action. Plaintiff objects to this Request on the grounds that it is not calculated to lead to the discovery of admissible evidence at trial. Plaintiff objects to this Request on the grounds that it seeks information in the custody of third parties. Subject to the foregoing specific and general objections, Plaintiff does not have any documents responsive to this Request.
>
> **SUPPLEMENTAL RESPONSE**
>
> Plaintiff will produce all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6**

All Documents and Communications between You and Backgrid concerning photographs taken by You, including but not limited to, any proposed or actual licenses for such photographs, any uses authorized or unauthorized of such photographs by Backgrid, and any efforts to enforce intellectual property rights in such photographs against third parties undertaken by Backgrid (including, for example, regarding any cease and desist letters or lawsuits, contemplated or filed).

> **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**
>
> Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request on the grounds that it seeks information regarding an unknown number of photographs other than the single image at issue in this case. As such, Plaintiff objects to this Request on the grounds that it seeks information not relevant to any claim or defense in this action and is not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that it seeks information in the custody of third parties. Plaintiff objects to this Request to the extent that it seeks production of documents that are publicly available. Plaintiff objects to this Request to the extent that it seeks the production of documents that are equally available to Defendant.
>
> **SUPPLEMENTAL RESPONSE**
>
> Plaintiff will produce all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7**

All Documents and Communications concerning Backgrid's licensing of, use of, or efforts to enforce intellectual property rights (including, for example, any cease and desist letters or lawsuits, contemplated or filed) in photographs taken by You.

> **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request on the grounds that it seeks information regarding an unknown number of photographs other than the single image at issue in this case. As such, Plaintiff objects to this Request on the grounds that it seeks information not relevant to any claim or defense in this action and is not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that it seeks information in the custody and control of third parties. Plaintiff objects to this Request to the extent that it seeks production of documents that are publicly available. Plaintiff objects to this Request to the extent that it seeks the production of documents that are equally available to Defendant. Subject to the foregoing specific and general objections, Plaintiff does not have any documents responsive to this Request.

**SUPPLEMENTAL RESPONSE**

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to that production.

**REQUEST FOR PRODUCTION NO. 8**

All actual or proposed agreements or other contracts between You and any Image Licensors, Aggregators, or Distributors concerning any photographs taken by You, from January 1, 2018, to the date of these Requests.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff objects to this Request on the grounds that it seeks information relating to photographs other than the single image at issue in this case. Plaintiff objects to this Request as being overly broad. Plaintiff objects to this Request on the grounds that it seeks information that is disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that it seeks information not relevant to any claim or defense in this action. Plaintiff objects to this Request on the grounds that it is not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that it seeks confidential, non-public, proprietary, trade secret, and/or commercially sensitive information, the disclosure of which could cause competitive harm to Plaintiff. Plaintiff further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

**SUPPLEMENTAL RESPONSE**

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to that production.

**REQUEST FOR PRODUCTION NO. 9**

Documents sufficient to identify all Image Licensors, Aggregators, or Distributors whose websites on which any photographs taken by You currently appear or have appeared since January 1, 2018,

5

the number of such images on each site, the duration of time the images appeared, and copies and descriptions of all the images.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Plaintiff objects to this Request on the grounds that it seeks information relating to photographs other than the single image at issue in this case. Plaintiff objects to this Request as being overly broad. Plaintiff objects to this Request on the grounds that it seeks information that is disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that it seeks information not relevant to any claim or defense in this action. Plaintiff objects to this Request on the grounds that it is not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that it seeks confidential, non-public, proprietary, trade secret, and/or commercially sensitive information, the disclosure of which could cause competitive harm to Plaintiff.

### SUPPLEMENTAL RESPONSE

Plaintiff will produce all non-privileged documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 10

Documents relating to all income You earned in assignment or license fees or royalties from candid images featuring actor(s) or actress(es), film actor(s) or actress(es), or celebrities, licensed to non-media companies (for example, online retail-only businesses) for online-only use.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Plaintiff objects to this Request on the grounds that it seeks information relating to photographs other than the single image at issue in this case. Plaintiff objects to this Request as being overly broad. Plaintiff objects to this Request on the grounds that it seeks information that is disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that it seeks information not relevant to any claim or defense in this action. Plaintiff objects to this Request on the grounds that it is not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that it seeks confidential, non-public, proprietary, trade secret, and/or commercially sensitive information, the disclosure of which could cause competitive harm to Plaintiff.

### SUPPLEMENTAL RESPONSE

Plaintiff will produce all non-privileged documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 11

All Documents and Communications concerning the creation of the Photograph, including, but not limited to, Documents and Communications concerning how You became aware that the individual featured in Photograph would be present at the location where the Photograph was taken.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Plaintiff objects to this Request on the grounds that it is duplicative of other Requests. Subject to the foregoing specific and general objections, Plaintiff does not have any documents responsive to this Request, other than the original image, which has been

produced in response to other Requests herein.

**SUPPLEMENTAL RESPONSE**
Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein.

**REQUEST FOR PRODUCTION NO. 12**
All Documents and Communications between You and the Person, or anyone affiliated with the Person, depicted in the Photograph.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**
Plaintiff objects to this Request to the extent that it is overbroad and unduly burdensome to the extent that such is so unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, harassment, and is oppressive. Plaintiff objects to this Request to the extent that it is immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Plaintiff objects to this Request on the grounds that it is duplicative of other Requests. Subject to the foregoing specific and general objections, Plaintiff does not have any documents responsive to this Request, other than the original image, which has been produced in response to other Requests herein.

**SUPPLEMENTAL RESPONSE**
Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein.

**REQUEST FOR PRODUCTION NO. 13**
Documents sufficient to show where and how the first publication of the Photograph occurred.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**
Subject to the foregoing general objections, Plaintiff shall produce all non-privileged documents within Plaintiff's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 14**
All Documents concerning Your allegation in Paragraph 13 of the Amended Complaint that "Plaintiff's photographs are original, creative works. . .".

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**
Plaintiff objects to this Request to the extent that it seeks information relating to any image other than the single Photograph at issue in this case. To the extent that the Request does seek information relating to images other than the single Photograph at issue in this case, Plaintiff objects to the Request as overbroad and unduly burdensome to the extent that such is so unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, harassment, and is oppressive. Plaintiff further objects to this Request as it is disproportionate to the needs of the case. Plaintiff objects to this Request to the extent that it is immaterial to any claim or defense in this action and not calculated to lead to the

7

discovery of admissible evidence. Subject to the foregoing specific and general objections, Plaintiff does not have any additional documents responsive to this Request which pertain to the single Photograph at issue in this case, other than those which have been produced in response to other Requests herein.

**SUPPLEMENTAL RESPONSE**
Plaintiff refers Defendant to the certificate of copyright registration at Bates Nos. BARBERA0026- BARBERA0034.

**REQUEST FOR PRODUCTION NO. 15**
All Documents and Communications supporting and/or concerning Your allegation in Paragraph 15 of the Amended Complaint that "In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image."

    **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**
    Plaintiff has no documents responsive to this Request.

    **SUPPLEMENTAL RESPONSE**
    Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein.

**REQUEST FOR PRODUCTION NO. 16**
Documents sufficient to establish that the Photograph is more than an unoriginal replication of the Person depicted the Photograph.

    **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**
    Plaintiff objects to this Request to the extent that it is unintelligible as drafted. Subject to the foregoing specific and general objections, Plaintiff does not have any additional documents responsive to this Request which pertain to the single Photograph at issue in this case, other than those which have been produced in response to other Requests herein.

    **SUPPLEMENTAL RESPONSE**
    Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein.

**REQUEST FOR PRODUCTION NO. 17**
All Documents and Communications concerning any and all payments, including but not limited to, licensing fees, You have ever received in connection with the Photograph.

    **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**
    Plaintiff objects to this Request as overbroad and unduly burdensome to the extent that

such is so unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, harassment, and is oppressive. Plaintiff further objects on grounds that this Request seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent that it seeks proprietary and/or confidential information. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request.

### SUPPLEMENTAL RESPONSE
Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

## REQUEST FOR PRODUCTION NO. 18
All Communications between You and any third party concerning the Photograph, including, but not limited to, concerning such third party's use of the Photograph, in any manner.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 18:
Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent that such is so unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, harassment, and is oppressive. Plaintiff further objects on grounds that this Request seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action. Plaintiff further objects to this Request to the extent that it seeks proprietary and/or confidential information. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request.

### SUPPLEMENTAL RESPONSE
Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

## REQUEST FOR PRODUCTION NO. 19
All Documents concerning any agreements, solicitations, negotiations, or conversations between You and any third party involving uses, licenses, royalties, and licensing or royalty income for the Photograph.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 19:
Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent that

such is so unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, harassment, and is oppressive. Plaintiff further objects on grounds that this Request seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action. Plaintiff further objects to this Request to the extent that it seeks proprietary and/or confidential information. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request.

**SUPPLEMENTAL RESPONSE**
Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

**REQUEST FOR PRODUCTION NO. 20**
All Documents concerning Your communications with any Image Licensors, Aggregators, or Distributors concerning the Photograph.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**
Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent that such is so unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, harassment, and is oppressive. Plaintiff further objects on grounds that this Request seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action. Plaintiff further objects to this Request to the extent that it seeks proprietary and/or confidential information. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request.

**SUPPLEMENTAL RESPONSE**
Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

**REQUEST FOR PRODUCTION NO. 21**
Documents sufficient to evidence any and all payments, including but not limited to, commissions, licensing fees, and royalties, that You have received in connection the Photograph, including, but not limited to, any and all payments received on your behalf through Image Licensors, Aggregators, or Distributors.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**
Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent that such is so unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, harassment, and

is oppressive. Plaintiff further objects on grounds that this Request seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action. Plaintiff further objects to this Request to the extent that it seeks proprietary and/or confidential information. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request.

**SUPPLEMENTAL RESPONSE**

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

## REQUEST FOR PRODUCTION NO. 22

All proposed or actual licenses You have entered into in connection with the Photograph, irrespective of time period.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time and scope. Plaintiff further objects on grounds that this Request seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action. Plaintiff further objects to this Request to the extent that it seeks proprietary and/or confidential information. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request.

### SUPPLEMENTAL RESPONSE

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

## REQUEST FOR PRODUCTION NO. 23

All Documents and Communications related to the proposed or actual licenses referenced in Request No. 20, above.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent that such is unlimited as to time and scope. Plaintiff further objects on grounds that this Request seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action. Plaintiff further objects to this Request to the extent that it seeks proprietary and/or confidential information. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request.

**SUPPLEMENTAL RESPONSE**

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

## REQUEST FOR PRODUCTION NO. 24

Any Documents containing, constituting, or concerning any transfer, license, or assignment of copyright in the Photograph.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent that such is unlimited as to time and scope. Plaintiff further objects on grounds that this Request seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action. Plaintiff further objects to this Request to the extent that it seeks proprietary and/or confidential information. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request.

### SUPPLEMENTAL RESPONSE

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

## REQUEST FOR PRODUCTION NO. 25

Any Documents and Communications containing, constituting, or concerning any authorization to disseminate or publish the Photograph.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, harassment, and is oppressive. Plaintiff further objects on grounds that this Request seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action. Plaintiff further objects to this Request to the extent that it seeks proprietary and/or confidential information. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request.

### SUPPLEMENTAL RESPONSE

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise

identified herein, and Plaintiff refers Defendant to such production.

**REQUEST FOR PRODUCTION NO. 26**
All Documents and Communications concerning uses of the Photograph aside from the use that is the subject of Your claims in this litigation.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 26:
Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent that such is unlimited as to time and scope. Plaintiff objects on grounds that this Request seeks information that is disproportionate to the needs of the case. Plaintiff objects on grounds that this Request seeks information that is immaterial to any claim or defense in this action. Plaintiff further objects to this Request to the extent that it seeks proprietary and/or confidential information. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request.

### SUPPLEMENTAL RESPONSE
Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

**REQUEST FOR PRODUCTION NO. 27**
Documents sufficient to evidence any and all payments, including but not limited to, commissions, licensing fees, and royalties, that You have received in connection with any and all photographs taken by You of the Person depicted in the Photograph, including, but not limited to, any and all payments received on Your behalf through Image Licensors, Aggregators, or Distributors.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 27:
Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent that such is unlimited as to time and scope. Plaintiff objects on grounds that this Request seeks information that is disproportionate to the needs of the case. Plaintiff objects to this Request to the extent that it seeks information pertaining to images other than the single Photograph at issue in this case and, as such, is immaterial to any claim or defense in this action. Plaintiff further objects to this Request to the extent that it seeks proprietary and/or confidential information.

### SUPPLEMENTAL RESPONSE
Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

**REQUEST FOR PRODUCTION NO. 28**

Documents sufficient to demonstrate any and all payments, including but not limited to, commissions, licensing fees, and royalties, that You have received in connection with photographs that are similar in quality, subject matter, and value, to the Photograph, including, but not limited to, any and all payments received on your behalf through Image Licensors, Aggregators, or Distributors.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent that such is unlimited as to time and scope. Plaintiff objects on grounds that this Request seeks information that is disproportionate to the needs of the case. Plaintiff objects to this Request to the extent that it seeks information pertaining to images other than the single Photograph at issue in this case and, as such, is immaterial to any claim or defense in this action. Plaintiff further objects to this Request to the extent that it seeks proprietary and/or confidential information.

### SUPPLEMENTAL RESPONSE

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

## REQUEST FOR PRODUCTION NO. 29:

All Documents and Communications concerning Your allegation in Paragraph 14 of the Amended Complaint that "On January 29, 2019, Plaintiff first published the Photograph.".

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Subject to the foregoing general objections, Plaintiff will produce all non-privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 30:

All Documents and Communications concerning any and all uses of the Photograph aside from on Grailed's Website.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent that such is unlimited as to time and scope. Plaintiff objects on grounds that this Request seeks information that is disproportionate to the needs of the case. Plaintiff objects on grounds that this Request seeks information that is immaterial to any claim or defense in this action. Plaintiff further objects to this Request to the extent that it seeks proprietary and/or confidential information. Plaintiff objects to this Request to the extent that it seeks information protected by the attorney-client privilege, work product privilege, or any other applicable privilege.

### SUPPLEMENTAL RESPONSE

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

**REQUEST FOR PRODUCTION NO. 31**
All Documents and Communications concerning Grailed's Website, including, but not limited to, Documents evidencing Your first awareness of the Website's purported use of the Photograph, any steps You took in response to discovering such use, and any Communications with or between any third parties regarding the Website.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**
Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks the production of documents already in Defendant's possession, custody and control. Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to the screengrab of Defendant's Website as annexed to the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 32**
All Documents and Communications concerning efforts undertaken by You to discover potentially infringing uses of photographs taken by You from when the Photograph was taken through April 6, 2022, including, but not limited to, Documents evidencing Your—or your attorneys'— subscription to services that utilize reverse image search technology, payments made to such services by You or on Your behalf, and any Communications between You and any representatives of such services.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**
Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent that such is unlimited as to time and scope. Plaintiff objects on grounds that this Request seeks information that is disproportionate to the needs of the case. Plaintiff further objects to this Request to the extent that it seeks proprietary and/or confidential information. Plaintiff objects to this Request to the extent that it seeks information protected by the attorney-client privilege, work product privilege, or any other applicable privilege. Plaintiff objects to this Request to the extent that it seeks information pertaining to images other than the single Photograph at issue in this case and, as such, is immaterial to any claim or defense in this action. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request other than those otherwise produced herein. This response is made based upon information currently known to Plaintiff and Plaintiff reserves the right to amend or supplement this response, without obligating himself to do so, as discovery continues.

**SUPPLEMENTAL RESPONSE**
Plaintiff does not have any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 33**

All Documents and Communications concerning efforts undertaken by You to discover any additional alleged infringement of photographs taken by You on the Grailed Website since Your discovery of the purported use of the Photograph on the Grailed Website.

> **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**
>
> Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent that such is unlimited as to time and scope. Plaintiff objects on grounds that this Request seeks information that is disproportionate to the needs of the case. Plaintiff further objects to this Request to the extent that it seeks proprietary and/or confidential information. Plaintiff objects to this Request to the extent that it seeks information protected by the attorney-client privilege, work product privilege, or any other applicable privilege. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request other than those otherwise produced herein.
>
> **SUPPLEMENTAL RESPONSE**
>
> Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

**REQUEST FOR PRODUCTION NO. 34**

Documents sufficient to demonstrate any and all payments, including but not limited to, licensing fees, You have received from Grailed in connection with any photographs taken by You.

> **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**
>
> Plaintiff objects to this Request to the extent that it seeks information already in Defendant's possession, custody and/or control. Plaintiff objects to this Request to the extent that it seeks information regarding images other than the single Photograph at issue in this case. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request.
>
> **SUPPLEMENTAL RESPONSE**
>
> Plaintiff does not have any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35**

All Communications by and between You and anyone affiliated with Grailed and/or the Grailed Website.

> **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**
>
> Plaintiff objects to this Request to the extent that it seeks information already in Defendant's possession, custody and/or control. Plaintiff objects to this Request to the extent that it seeks information regarding images other than the single Photograph at issue in this case. Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36**

All Communications by and between You and any third parties concerning Grailed and/or the Grailed Website.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff objects to this Request to the extent that it seeks information already in Defendant's possession, custody and/or control. Plaintiff objects to this Request to the extent that it seeks information regarding images other than the single Photograph at issue in this case. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request.

**SUPPLEMENTAL RESPONSE**

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

**REQUEST FOR PRODUCTION NO. 37**

All Documents and Communications concerning Your loss of any opportunities to license the Photograph as a result of the purported use of the Photograph on the Website.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

Plaintiff objects to this Request to the extent that it asks Plaintiff to prove a negative. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request other than those otherwise produced herein.

**SUPPLEMENTAL RESPONSE**

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

**REQUEST FOR PRODUCTION NO. 38**

All Documents and Communications reflecting damages sustained by You by reason of any alleged infringement of the Photograph.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiff will produce all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39**

All Documents and Communications concerning Your damages not addressed in Request Nos. 37 or 38, including without limitation, any lost revenues or profits.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiff objects to this Request on the grounds that it is duplicative of other Requests. Subject to and without waiving the foregoing objection, Plaintiff will produce all non-

privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 40

All Documents and Communications concerning Your allegation in Paragraph 39 of the Amended Complaint that "Defendant's use of the Photograph harmed the actual market for the Photograph."

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Plaintiff objects to this Request on the grounds that it is duplicative of other Requests. Subject to and without waiving the foregoing objection, Plaintiff will produce all non-privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 41

All Documents and Communications concerning Your allegation in Paragraph 40 of the Amended Complaint that "Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.".

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Plaintiff objects to this Request on the grounds that it is duplicative of other Requests. Subject to and without waiving the foregoing objection, Plaintiff will produce all non-privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 42

All Documents and Communications concerning Your allegation in Paragraph 43 of the Amended Complaint that "As a result of Defendant's misconduct, Plaintiff has been substantially harmed."

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

Plaintiff objects to this Request on the grounds that it is duplicative of other Requests. Subject to and without waiving the foregoing objection, Plaintiff will produce all non-privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 43

All Documents that You intend or expect to use to oppose Grailed's defense that You are not an author or co-author of the Photograph.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

Plaintiff objects to this Request to the extent that it is unintelligible as written. Plaintiff objects to this Request to the extent that it asks Plaintiff to prove a negative. Plaintiff objects to this Request to the extent that it improperly seeks Plaintiff to disclose trial strategy. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request other than those otherwise produced herein.

### SUPPLEMENTAL RESPONSE

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise

identified herein, and Plaintiff refers Defendant to such production.

**REQUEST FOR PRODUCTION NO. 44**

All Documents that You intend or expect to use to oppose Grailed's defense that You are not entitled to recover any profits because there are no profits attributable to the alleged use of the Photograph.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Plaintiff objects to this Request to the extent that it is unintelligible as written. Plaintiff objects to this Request to the extent that it improperly seeks Plaintiff to disclose trial strategy. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request other than those otherwise produced herein. This response is made based upon information currently known to Plaintiff and Plaintiff reserves the right to amend or supplement this response, without obligating himself to do so, as discovery continues.

### SUPPLEMENTAL RESPONSE

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

**REQUEST FOR PRODUCTION NO. 45**

All Documents that You intend or expect to use to oppose Grailed's defense that to the extent the alleged use involves commentary, criticism or other comment relating to the Photograph in conjunction with Grailed's editorial-format blog, that such use is protected by the doctrine of fair use.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

Plaintiff objects to this Request to the extent that it is unintelligible as written. Plaintiff objects to this Request to the extent that it seeks to shift the burden from Defendant to prove its affirmative defense to Plaintiff to disprove same. Plaintiff objects to this Request to the extent that it improperly seeks Plaintiff to disclose trial strategy. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request other than those otherwise produced herein.

### SUPPLEMENTAL RESPONSE

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

**REQUEST FOR PRODUCTION NO. 46**

Documents concerning Your belief that Grailed's use of the Photograph is not authorized.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

Plaintiff objects to this Request to the extent that it seeks information already in

Defendant's possession, custody and/or control. Plaintiff objects to this Request to the extent that it asks Plaintiff to prove a negative. Subject to and without waiving the foregoing objections, Plaintiff states that he has no documents responsive to this Request other than those otherwise produced herein.

**SUPPLEMENTAL RESPONSE**

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

**REQUEST FOR PRODUCTION NO. 47**

All Documents and Communications relating to any claims asserted by You, including, but not limited to, via demand letters, concerning the Photograph or other photographs taken by You.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request on the grounds that it seeks information regarding an unknown number of photographs other than the single image at issue in this case. As such, Plaintiff objects to this Request on the grounds that it seeks information not relevant to any claim or defense in this action and is not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that it seeks information in the custody of third parties. Plaintiff objects to this Request to the extent that it seeks production of documents that are publicly available. Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 48**

All Documents and Communications relating to lawsuits filed by You concerning the Photograph or other photographs taken by You.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request on the grounds that it seeks information regarding an unknown number of photographs other than the single image at issue in this case. As such, Plaintiff objects to this Request on the grounds that it seeks information not relevant to any claim or defense in this action and is not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that it seeks information in the custody of third parties. Plaintiff objects to this Request to the extent that it seeks production of documents that are publicly available.

**SUPPLEMENTAL RESPONSE**

All documents responsive to this Request are privileged and Plaintiff will produce a privilege log with respect to same.

## REQUEST FOR PRODUCTION NO. 49
Complaints or claims for arbitration filed, sent, or transmitted by You, or on Your behalf, for claims of copyright since January 1, 2018.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 49:
Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request on the grounds that it seeks information regarding an unknown number of photographs other than the single image at issue in this case. As such, Plaintiff objects to this Request on the grounds that it seeks information not relevant to any claim or defense in this action and is not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that it seeks information in the custody of third parties. Plaintiff objects to this Request to the extent that it seeks production of documents that are publicly available.

### SUPPLEMENTAL RESPONSE
Plaintiff will produce all non-privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 50
All Documents and Communications relating to any claims asserted against You, including, but not limited to, via demand letters, or any lawsuits filed against You, since January 1, 2018.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 50:
Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request on the grounds that it seeks information regarding an unknown number of photographs other than the single image at issue in this case. As such, Plaintiff objects to this Request on the grounds that it seeks information not relevant to any claim or defense in this action and is not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that it seeks information in the custody of third parties. Plaintiff objects to this Request to the extent that it seeks production of documents that are publicly available. Plaintiff objects to this Request to the extent that it seeks production of documents that are proprietary or confidential.

### SUPPLEMENTAL RESPONSE
Plaintiff does not have any documents responsive to this Request

## REQUEST FOR PRODUCTION NO. 51
All Documents and Communications concerning any and all payments made by third parties to

resolve any claims asserted by You, including, but not limited to, via demand letters, concerning the alleged unauthorized use of the Photograph or other photographs taken by You.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request on the grounds that it seeks information regarding an unknown number of photographs other than the single image at issue in this case. As such, Plaintiff objects to this Request on the grounds that it seeks information not relevant to any claim or defense in this action and is not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that it seeks information in the custody of third parties. Plaintiff objects to this Request to the extent that it seeks production of documents that are publicly available. Plaintiff objects to this Request to the extent that it seeks production of documents that are proprietary or confidential.

### SUPPLEMENTAL RESPONSE

Any documents responsive to this Request are subject to non-disclosure agreements and cannot be produced without violating their terms.

### REQUEST FOR PRODUCTION NO. 52

All Documents and Communications concerning Your alleged loss of any opportunities to license the Photograph as a result of the purported use of the Photograph by Grailed.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Plaintiff objects to this Request as being duplicative of other Requests. Subject to and without waiving the foregoing general objections, Plaintiff will produce any non-privileged documents responsive to this Request.

### REQUEST FOR PRODUCTION NO. 53

All cease and desist letters sent by or on behalf of You concerning copyright infringement, including, but not limited to, with respect to the Photograph.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request on the grounds that it seeks information regarding an unknown number of photographs other than the single image at issue in this case. As such, Plaintiff objects to this Request on the grounds that it seeks information not relevant to any claim or defense in this action and is not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that it seeks information in the custody of third parties. Plaintiff objects to this Request to the extent that it seeks production of documents that are publicly available. Plaintiff objects to this Request to the extent that it seeks production of documents that are proprietary or confidential. Plaintiff

objects to this Request to the extent that it is unlimited in time and scope.

**SUPPLEMENTAL RESPONSE**
Plaintiff will produce all non-privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 54

All Documents and Communications concerning any and all unlicensed uses of the Photograph, including Documents evidencing any efforts undertaken by You to contact third parties causing, and/or facilitating such uses, and such third parties' responses regarding same.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request on the grounds that it seeks information regarding an unknown number of photographs other than the single image at issue in this case. As such, Plaintiff objects to this Request on the grounds that it seeks information not relevant to any claim or defense in this action and is not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that it seeks information in the custody of third parties. Plaintiff objects to this Request to the extent that it seeks production of documents that are publicly available. Plaintiff objects to this Request to the extent that it seeks production of documents that are proprietary or confidential. Plaintiff objects to this Request to the extent that it is unlimited in time and scope.

**SUPPLEMENTAL RESPONSE**
Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

## REQUEST FOR PRODUCTION NO. 55

All Communications between You and any third party concerning Your Claims.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

Plaintiff objects to this Request as being duplicative of other Requests.

**SUPPLEMENTAL RESPONSE**
All documents responsive to this Request are privileged and Plaintiff will produce a privilege log with respect to same

## REQUEST FOR PRODUCTION NO. 56

All Documents and Communications between You and any Person consulted by You concerning offering of expert testimony herein.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Plaintiff objects to this Request as being premature. Plaintiff objects to this Request to the extent that it seeks information protected by the attorney-client privilege, work-product privilege and/or any other applicable privilege. Subject to and without waiving the foregoing objections, Plaintiff states that he will disclose any expert information in compliance with the disclosure requirements set forth in the Case Management Plan.

**REQUEST FOR PRODUCTION NO. 57**

Documents concerning any expert reports or drafts thereof to be offered by You herein.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Plaintiff objects to this Request as being premature. Plaintiff objects to this Request to the extent that it seeks information protected by the attorney-client privilege, work-product privilege and/or any other applicable privilege. Subject to and without waiving the foregoing objections, Plaintiff states that he will disclose any expert information in compliance with the disclosure requirements set forth in the Case Management Plan.

**REQUEST FOR PRODUCTION NO. 58**

Documents concerning statements by persons to be called or relied upon by You as witnesses herein.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Plaintiff objects to this Request to the extent that it improperly seeks disclosure of trial strategy. Subject to and without waiving the foregoing objections, Plaintiff states that he will disclose witness information in compliance with the disclosure requirements set forth in the Case Management Plan and/or any other controlling pretrial Order.

**REQUEST FOR PRODUCTION NO. 59**

Documents or Communications between You and any Person concerning bringing lawsuits for copyright infringement of photographs.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Plaintiff objects to this Request to the extent that it is duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request on the grounds that it seeks information regarding an unknown number of photographs other than the single image at issue in this case. As such, Plaintiff objects to this Request on the grounds that it seeks information not relevant to any claim or defense in this action and is not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request to the extent that it seeks information that is publicly available.

**SUPPLEMENTAL RESPONSE**

All documents responsive to this Request are privileged and Plaintiff will produce a privilege log with respect to same.

**REQUEST FOR PRODUCTION NO. 60**

All Communications between You and other photographers regarding claims of copyright infringement.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

Plaintiff objects to this Request to the extent that it is duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff objects to this Request on the grounds that it seeks information regarding an unknown number of photographs other than the single image at issue in this case. As such, Plaintiff objects to this Request on the grounds that it seeks information not relevant to any claim or defense in this action and is not calculated to lead to the discovery of admissible evidence.

### SUPPLEMENTAL RESPONSE

Plaintiff does not have any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 61**

Documents concerning Your investigation of Your Claims in this action.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing general objections, Plaintiff has no documents responsive to this Request, other than those otherwise provided herein.

### SUPPLEMENTAL RESPONSE

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

**REQUEST FOR PRODUCTION NO. 62**

All Documents and Communications that You intend or expect to use at trial.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it improperly seeks disclosure of trial strategy. Subject to and without waiving the foregoing objections, Plaintiff will identify all documents he intends to use at trial when required to do so under the Case Management Plan and an other applicable pretrial Order.

**REQUEST FOR PRODUCTION NO. 63**

All Documents and Communications upon which You relied in preparing the Amended Complaint.

**<u>PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 63:</u>**

Plaintiff objects to this Request as being duplicative of other Requests. Plaintiff objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing general objections, Plaintiff has no documents responsive to this Request, other than those otherwise provided herein.

**<u>SUPPLEMENTAL RESPONSE</u>**

Plaintiff does not have any documents responsive to this Request, other than those already produced or those to be produced pursuant to the Supplemental Responses otherwise identified herein, and Plaintiff refers Defendant to such production.

Dated: November 27, 2024

**SANDERS LAW GROUP**

By: ___*/s Craig B. Sanders*___
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126004
*Attorneys for Plaintiff*