# Exhibit E

| From: | Nietes, Andrew |
|---|---|
| To: | "Jonathan Cader"; "Craig Sanders"; "Jaymie Sabilia-Heffert" |
| Cc: | Lackman, Eleanor |
| Bcc: | "1661_Inc_dba GOAT_Barbera v_Grailed_Inc__53382_00002_E_Mails" |
| Subject: | Barbera v Grailed, LLC - Plaintiff's Failure to Comply with Court Orders |
| Date: | Wednesday, December 11, 2024 11:37:39 PM |
| Attachments: | LTR to Barbera re Supp Discovery Deficiencies(20375173.1).pdf |

Counsel:

Please see the attached correspondence.

Best,
Andrew

**msk**

**Andrew Nietes | Attorney-at-Law**
T: 917.546.7683 | afn@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.



**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Andrew F. Nietes
Attorney-at-Law
(917) 546-7683 Phone
afn@msk.com

December 11, 2024

**VIA E-MAIL ONLY (JCADER@SANDERSLAW.GROUP, CSANDERS@SANDERSLAW.GROUP, JHEFFERT@SANDERSLAW.GROUP)**

Jonathan M. Cader, Esq.
Sanders Law Group
333 Earle Ovington Blvd.,
Suite 402
Uniondale, NY 11553

**Re:** *Barbera v. Grailed, LLC* – **Plaintiff's Failure to Comply with Court Orders**

Dear Counsel:

On behalf of defendant Grailed, LLC ("Defendant" or "Grailed"), we write to address plaintiff Robert Barbera's ("Plaintiff") continued noncompliance with the Court's orders and his discovery obligations, namely the further deficiencies in Plaintiff's supplemental responses to Grailed's discovery requests in the above-referenced matter.

As you know, Grailed filed a motion to compel regarding Plaintiff's responses and objections to Grailed's initial set of interrogatories (each an "Interrogatory" and collectively "Interrogatories") and requests for production (each a "Request" and collectively, "Requests"), requesting of the Court: "Plaintiff's objections to the Interrogatories and Requests should be overruled, and Plaintiff should be required to supplement his answers and production." ECF No. 25 at 3. The Court granted Grailed's motion writing in relevant part: "Defendant's motion to compel discovery is granted in full. Plaintiff must supplement his interrogatory responses and document production by one week from the date of this Order." ECF No. 31 at 6 (order dated November 20, 2024; the "Order"). The Court overruled Plaintiff's objections both as waived, due to their tardiness, and because they were nothing more than generalized boilerplate objections. *Id.* at 2-4.

On November 27, 2024. Plaintiff served us with supplemental responses to the Interrogatories and Requests. Plaintiff did not serve any supplemental documents until December 3, 2024 and did not complete the supplemental production until December 4, 2024 – 14 days after the entry of the order. Plaintiff's production did not comply with the Order, as the production was sent seven days late. Any claim of burden to complete a timely production has already been considered and overruled by the Court. *See id.* at 2-3.

Further, both the supplemental answers to the Interrogatories and the supplemental production are wholly deficient in substance. Starting with the supplemental Interrogatory answers, the definitions and instructions of Grailed's requests state: "the term 'identify' when used with reference to an individual, means to: (a) state the individual's full name; (b) state the name and address of the individual's present or last known employer; (c) state the present position of



Jonathan M. Cader, Esq.
December 11, 2024
Page 2

employment and department if the individual is still employed; and (d) state the present or last known residence and telephone number of the individual." In the supplemental response to Interrogatories Nos. 5, 7, and 11, Plaintiff has identified "persons associated with Backgrid" or "his counsel" without any specificity. This is clearly insufficient under both Grailed's definitions and the corresponding Local Rule 26.3 definitions.

Turning to the supplemental document production and responses, Plaintiff's late production includes only: publicly available complaints filed by Plaintiff (BARBERA055-312); cease and desist or "audit" letters sent by Plaintiff or his counsel (BARBERA00313-379); reports from Backgrid reflecting sales amounts for various photographs purportedly taken by Plaintiff (BARBERA00380-945); and royalty statements from Splash News and/or Shutterstock for photographs purportedly taken by Plaintiff (BARBERA00945-1840). These are insufficient and do not include all responsive documents to, at least, Request Nos. 5-9, 11-13, 15-20, 22-26, 29-30, 33, 36-37, 46, 51, 54-55, 59 and 61, for which Plaintiff has indicated the production would contain responsive documents. As just one specific-yet-glaring example, in response to Request No. 4 Plaintiff references Backgrid's terms of service as the operative agreement, yet such terms of service are not included in the production.

Moreover, as we alerted Plaintiff previously, which is only bolstered by this production, there seem to be many documents which must exist in response to requests as to which Plaintiff states that he has no responsive documents. For example, in response to, *inter alia*, Request Nos. 7, 8, 24, and 25, regarding agreements with Backgrid and image licensors as well as licensing of the photograph at issue, Plaintiff's supplemental response states he does not have any responsive documents (or they will be included in the production). No licenses or agreements are included in the production. Unless it is Plaintiff's contention Backgrid, Splash News, and Shutterstock have been proceeding with sales of Plaintiff's photographs and paying him resulting royalties without any permission or license, it strains credulity to suggest that he has no documents reflecting any sort of agreement with them.

To the extent Plaintiff has not produced documents and intended to stand on objections, the Court has already overruled Plaintiff's objections including "those for privilege, relevance, and alternate availability of documents[.]" ECF No. 31 at 4; *see also id.* at 2-3, 6. In any event, the interposed objections continue to be without merit. For example, in response to Request No. 51, Plaintiff states: "Any documents responsive to this Request are subject to non-disclosure agreements and cannot be produced without violating their terms." But "nondisclosure agreements do not preclude discovery in federal litigation." *Doe v. Benjamin Zaremski M.D., P.C.,* No. 21 CIV. 3187 (ER), 2022 WL 2966041, at *10 (S.D.N.Y. July 27, 2022). If this truly was an issue, notices under such agreements should have gone out to the affected parties several weeks ago, and therefore all of the referenced documents are well overdue for production. Privileged and other protected communications must be produced; the Court's order makes clear that any excuse is waived.

Finally, Plaintiff's supplemental responses suggest that Plaintiff has withheld privileged but otherwise responsive documents. *See, e.g.,* Request Nos. 55, 59. As noted, the Court has already



Jonathan M. Cader, Esq.
December 11, 2024
Page 3

deemed this objection overruled. Regardless, despite averring it would be forthcoming, Plaintiff has not produced a privilege log, which waives any claim of privilege for that separate reason. *See OneBeacon Ins. Co. v. Forman Int'l, Ltd.*, No. 04 CIV. 2271 (RWS), 2006 WL 3771010, at *8 (S.D.N.Y. Dec. 15, 2006).

In light of Plaintiff's continuing failure to comply with the Court's orders, Grailed will be moving for contempt and will attach this letter to its motion. To the extent Plaintiff believes any of the foregoing deficiencies are currently provided for in documents produced to date, please identify them by Bates number by no later than close of business on Monday December 16, 2024.

The foregoing is without prejudice to all of Grailed's rights and remedies, all of which are expressly reserved.

Sincerely,

Andrew F. Nietes