# Exhibit F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROBERT BARBERA,

                    Plaintiff,

          v.                                              Case No. 1:24-cv-03535-LJL

GRAILED, LLC,

                    Defendant.

**PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES TO**
**DEFENDANT'S FIRST SET OF INTERROGATORIES**

| | |
|---|---|
| Propounding Party: | Defendant GRAILED, LLC |
| Responding Party: | Plaintiff ROBERT BARBERA |
| Set: | One (1) |
| Numbers: | 1 – 12 |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the plaintiff Robert Barbera ("*Plaintiff*"), by his counsel, Sanders Law Group, hereby provides the instant Second Supplemental Responses to the First Set of Interrogatories (the "*Interrogatories*," and each individually, a "*Interrogatory*") of the defendant Grailed, LLC ("*Defendant*"), in accordance with the Court's Order dated November 20, 2024 (*Dkt. No.* 31) as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and objections, Plaintiff does not waive, and hereby expressly reserves, Plaintiff's right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that

1

Plaintiff considers the requests, and responses to the requests, to be relevant or material to the subject matter of this action.

3.      Plaintiff will produce responsive documents only to the extent that such documents are in Plaintiff's possession, custody, or control.

4.      Publicly available documents including, but not limited to, court papers and documents available on the Internet, will not be produced.

5.      Any response that indicates Plaintiff will produce documents or information is not an admission that Plaintiff actually possesses the documents or Information demanded, or that any such documents or information exist and are in Plaintiff's possession, custody, or control, or that Plaintiff will not object on other grounds at the time of production.

6.      Plaintiff's responses are based upon information available to Plaintiff at this time, and Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, without obligating himself to do so as discovery continues, in one or more subsequent supplemental responses.

7.      Each of the responses or objections is based on Plaintiff's understanding of the Requests and each individual request therein. To the extent that Defendant asserts an interpretation of any request that is inconsistent with Plaintiff's understanding, Plaintiff reserves the right to supplement his objections and responses.

## PRIOR AND SUPPLEMENTAL RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify all Documents and Communications, and custodians thereof, that You intend to use in support of Your Claims, including all Documents relating to elements of Your Claims.

#### RESPONSE

Plaintiff objects to this Interrogatory so unlimited in time and scope as to be an unwarranted annoyance, embarrassment, harassment, and is oppressive. Plaintiff objects to this Interrogatory as being premature, to the extent that Plaintiff has not yet reviewed any documents received from Defendant. Plaintiff objects to this Interrogatory to the extent that it improperly seeks disclosure of trial strategy. Subject to and without waiving the

foregoing objections, Plaintiff identifies himself, Robert Barbera as a custodian of Documents and Communications relating to his claims. Plaintiff further refers Defendant to his responses to Defendant's First Request for Production of Documents.

## INTERROGATORY NO. 2

Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have knowledge, information, and/or access to Documents or Communications concerning, regarding, referring to, or relating to the creation of the Photograph.

### RESPONSE

Plaintiff objects to this Interrogatory as being unintelligible as written. Plaintiff objects to this Interrogatory as overly broad and unduly burdensome, and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory as vague and ambiguous. Plaintiff further objects to this Interrogatory to the extent that it seeks information which is equally available to Defendant or already in Defendant's possession, custody and/or control. Subject to and without waiving the foregoing objections, Plaintiff identifies himself, Robert Barbera as a person with knowledge of the creation of the Photograph.

## INTERROGATORY NO. 3

Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have knowledge, information, and/or access to Documents or Communications concerning, regarding, referring to, or relating to the ownership of the copyright rights in and to the Photograph.

### RESPONSE

Plaintiff objects to this Interrogatory as being duplicative of other requests. Plaintiff objects to this Interrogatory to the extent that it seeks information which is publicly available. Plaintiff further objects to this Interrogatory to the extent it requests information within the custody and control of unknown third-parties. Subject to and without waiving said objections, Plaintiff identifies himself, Robert Barbera as a person with knowledge of the ownership of the copyright rights in and to the Photograph, along with his counsel.

## INTERROGATORY NO. 4

Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have knowledge, information, and/or access to Documents or Communications concerning, regarding, referring to, or relating to Your discovery and/or first awareness that the Photograph was being used by Grailed.

### RESPONSE

Plaintiff objects to this Interrogatory so unlimited in time and scope as to be an unwarranted annoyance, embarrassment, harassment, and is oppressive. Plaintiff objects to this

Interrogatory as being duplicative of other requests.  Plaintiff further objects to this Interrogatory to the extent it requests information within the custody and control of unknown third-parties. Plaintiff objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

**SUPPLEMENTAL RESPONSE**
Plaintiff identifies himself, Robert Barbera as a person with knowledge of his discovery and first awareness of Defendant's infringement of the Photograph, along with his undersigned counsel.

**INTERROGATORY NO. 5**

Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have knowledge, information, and/or access to Documents or Communications concerning, regarding, referring to, or relating to any uses of the Photograph by any Person, whether authorized or unauthorized, and all Documents and Communications relating to such use.

**RESPONSE**
Plaintiff objects to this Interrogatory as being unintelligible as written. As such, Plaintiff is disabled from responding to this Interrogatory.

**SUPPLEMENTAL RESPONSE**
Plaintiff identifies himself, together with persons associated with Backgrid and his counsel, as the individuals with knowledge relating to the use of the Photograph.

**SECOND SUPPLEMENTAL RESPONSE**
Plaintiff identifies himself and his counsel, as individuals with knowledge relating to the use of the Photograph.

Plaintiff, Robert Barbera, may be contacted through his counsel:
SANDERS LAW GROUP
333 Earle Ovington Boulevard
Suite 402
Uniondale, NY  11553
516.203.7600

Plaintiff's attorneys are: Craig B. Sanders, Jaymie Sibilia-Heffert and Jonathan M. Cader, and may be contacted at:
SANDERS LAW GROUP
333 Earle Ovington Boulevard
Suite 402
Uniondale, NY  11553
516.203.7600

Plaintiff identifies the following persons at Backgrid with whom he communicates:
Maria Buda
Alex (last name unknown)
Brianne (last name unknown)
Paige (last name unknown)
The phone number for the foregoing persons is: 310.798.9111

## INTERROGATORY NO. 6

Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have knowledge, information, and/or access to Documents or Communications concerning, regarding, or relating to the total amount of revenue that You have derived from the Photograph, including, but not limited to, revenue derived from the sale or license of the Photograph.

### RESPONSE

Plaintiff objects to this Interrogatory on the grounds that it seeks information from Plaintiff without providing any restraints as to the period of time, thereby rendering the Interrogatory vague, overly broad and unduly burdensome, disproportionate to the needs of the case. Subject to and without waiving said objections, Plaintiff identifies himself, Robert Barbera as a person with knowledge of any uses of the revenue derived from the sale or license of the Photograph.

## INTERROGATORY NO. 7

Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have knowledge, information, and/or access to Documents or Communications concerning, regarding, referring to, or relating to settlement agreements between You and any Person relating to any photographs taken by You.

### RESPONSE

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome, disproportionate to the needs of the case. Plaintiff objects to this Interrogatory as immaterial to any claim or defense in this action. Plaintiff objects to this Interrogatory as not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Interrogatory as calling for the production of documents which are proprietary and/or confidential. Plaintiff. Plaintiff objects to this Interrogatory so unlimited in time and scope as to be an unwarranted annoyance, embarrassment, harassment, and is oppressive. Subject to and without waiving the foregoing objections, Plaintiff declines to respond to this Interrogatory.

### SUPPLEMENTAL RESPONSE

With respect to the Photograph at issue in this case, Plaintiff has not entered into any settlement agreements with any other persons or entities. With respect to settlement agreements between Plaintiff and any Person relating to any photographs taken by him,

5

Plaintiff states that he has been a photographer for over twenty years and his photograph portfolio consists of tens, if not hundreds of thousands of images, and Plaintiff cannot recall each and every instance in which he may have reached a settlement agreement. Subject to the foregoing qualification, Plaintiff identifies himself and his undersigned counsel as persons with such knowledge, to the extent that such agreements exist.

**SECOND SUPPLEMENTAL RESPONSE**
Plaintiff identifies himself and his counsel, as individuals with knowledge relating to the use of the Photograph.

Plaintiff, Robert Barbera, may be contacted through his counsel:
Sanders Law Group
333 Earle Ovington Boulevard
Suite 402
Uniondale, NY  11553
516.203.7600

Plaintiff's attorneys are: Craig B. Sanders, Jaymie Sibilia-Heffert and Jonathan M. Cader, and may be contacted at:
Sanders Law Group
333 Earle Ovington Boulevard
Suite 402
Uniondale, NY  11553
516.203.7600

**INTERROGATORY NO. 8**

Identify each Person who undertakes or has previously undertaken any type of investigation to discover potential infringements of your photographs on Your behalf from the time the Photograph was taken through April 6, 2022, including but not limited to any Persons affiliated with third parties conducting investigation on Your behalf (for example, Pixsy Inc., ImageRights International, Inc., and other similar entities).

**RESPONSE**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome, disproportionate to the needs of the case. Plaintiff objects to this Interrogatory as immaterial to any claim or defense in this action. Plaintiff objects to this Interrogatory to the extent that it seeks information pertaining to Plaintiff's entire photograph portfolio and is not limited to the single image at issue in this case. Plaintiff objects to this Interrogatory as not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff states that he does not use any Persons such as Pixsy Inc., ImageRights International, Inc., or any other "reverse search" engines to investigate and discover infringements of his photographs.

6

**INTERROGATORY NO. 9**

Identify all Persons who were licensed or permitted by You to use any of Your photographs comparable in style and quality to the Photograph.

**RESPONSE**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome, disproportionate to the needs of the case. Plaintiff objects to this Interrogatory as immaterial to any claim or defense in this action. Plaintiff objects to this Interrogatory as not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Interrogatory so unlimited in time and scope as to be an unwarranted annoyance, embarrassment, harassment, and is oppressive. Subject to and without waiving the foregoing objections, Plaintiff declines to respond to this Interrogatory as written.

**SUPPLEMENTAL RESPONSE**

Pursuant to Fed. R. Civ. Pro. 33(d), Plaintiff refers Defendant to the licensing history documents with Backgrid produced in response to Defendant's Request for Production of Documents.

**INTERROGATORY NO. 10**

Identify each Person who had more than a clerical role in answering and/or searching for Documents in connection with these Interrogatories.

**RESPONSE**

Plaintiff identifies himself, Robert Barbera as the person who was primarily responsible for answering and/or searching for Documents in connection with these Interrogatories.

**INTERROGATORY NO. 11**

Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have physical evidence, including, by way of example and without limitation, computers, laptops, mobile devices, and servers, concerning or relating to Your Claims and/or the allegations in the Amended Complaint.

**RESPONSE**

Plaintiff objects to this Interrogatory as being duplicative of other requests. Plaintiff objects to this Interrogatory so unlimited in time and scope as to be an unwarranted annoyance, embarrassment, harassment, and is oppressive. Plaintiff objects to this Interrogatory to the extent that he does not understand what Defendant means by the word "physical evidence" as it "relates to a claim." As such Plaintiff is disabled from responding to this Interrogatory.

**SUPPLEMENTAL RESPONSE**

Plaintiff identifies himself, together with persons associated with Backgrid, and his

7

counsel, as the individuals who may have physical evidence relative to Plaintiff's claims in this action.

**SECOND SUPPLEMENTAL RESPONSE**
Plaintiff identifies himself and his counsel, as individuals with knowledge relating to the use of the Photograph.

Plaintiff, Robert Barbera, may be contacted through his counsel:
SANDERS LAW GROUP
333 Earle Ovington Boulevard
Suite 402
Uniondale, NY  11553
516.203.7600

Plaintiff's attorneys are: Craig B. Sanders, Jaymie Sibilia-Heffert and Jonathan M. Cader, and may be contacted at:
SANDERS LAW GROUP
333 Earle Ovington Boulevard
Suite 402
Uniondale, NY  11553
516.203.7600

Plaintiff identifies the following persons at Backgrid with whom he communicates:
Maria Buda
Alex (last name unknown)
Brianne (last name unknown)
Paige (last name unknown)
The phone number for the foregoing persons is: 310.798.9111

**INTERROGATORY NO. 12**

Identify any damages suffered by You by reason of Grailed's alleged actions as set forth in the Amended Complaint, including by way of lost revenues and/or profits, and Your computation thereof.

**RESPONSE**

Plaintiff objects to this Interrogatory as being premature, to the extent that it has not received and/or completed a review of the documentation provided by Defendants that would establish the profits and/or revenues earned by Defendants as a result of Defendants' infringements of the Videos.  Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Plaintiff further reserves his right to elect an award of statutory damages pursuant to 17 U.S.C. § 504(c), which he may do at any point up until entry of a final judgment.

8

**SUPPLEMENTAL RESPONSE**

Plaintiff cannot determine how many potential license opportunities have been lost because, if such potential licensees never contacted him, he does not know what opportunities have been lost. Notwithstanding the foregoing, Plaintiff states that he would have charged Defendant the sum of $5,000.00 if Defendant wished to use the Photograph as a 24-hour exclusive. Alternatively, if Defendant did not want an exclusive license, given the size and reach of Defendant's viewership, Plaintiff would have charged the sum of $200/day for Defendant to display the Photograph. Insofar as the Photograph was posted to Defendant's Website on November 16, 2020, and continued through the date of this action, the total would be 1250 days. At $200/day, the total would be $250,000.00. The foregoing is without prejudice to Plaintiff's right to elect an award of statutory damages pursuant to 17 U.S.C. § 504(c), which he may do at any point up until entry of a final judgment.

Dated: December 16, 2024

*As to objections*

**SANDERS LAW GROUP**

By:    */s Jonathan M. Cader*
Jonathan M. Cader, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: jcader@sanderslaw.group
File No.: 126004
*Attorneys for Plaintiff*

*As to the Answers,*

I, Robert Barbera, hereby affirm pursuant to 28 U.S.C. § 1746 that the foregoing Responses and Supplemental Responses are true and correct to the best of my knowledge, under the penalty of perjury.

_____
Robert Barbera

9