UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT BARBERA,<br><br>      Plaintiff,<br><br>  v.<br><br>GRAILED, LLC,<br><br>      Defendant. | Case No. 24-CV-3535 (LJL) |

### **DECLARATION OF ANDREW NIETES**

ANDREW NIETES declares as follows:

  1.  I am an associate at the law firm of Mitchell Silberberg & Knupp LLP, and counsel for Defendant Grailed, LLC ("Grailed") in the above-captioned matter. I submit this supplemental declaration in support of Grailed's Third Motion for Sanctions.

  2.  I deposed Plaintiff Robert Barbera ("Plaintiff") on March 28, 2025 pursuant to the Court's Memorandum and Order of March 5, 2025. ECF No. 49 (the "Order"). True and correct copies of excerpts from the transcript of Plaintiff's deposition are attached hereto as Exhibit A.

  3.  On March 12, 2025, Plaintiff's served on us a document production, his initial disclosures, and answers to the contention interrogatories pursuant to the Order. A true and correct copy of the as-served initial disclosures are attached hereto as Exhibit B. A true and correct copy of the email serving the initial disclosures is attached hereto as Exhibit C.

  4.  On March 14, 2025, I sent an email to counsel for Plaintiff summarizing some of the deficiencies in Plaintiff's March 12 document production, initial disclosures, and answers to the contention interrogatories.

5. On March 18, 2025, Eleanor Lackman and I met with Jonathan Cader (counsel for Plaintiff) via Zoom to discuss the deficiencies referenced in Paragraph 4 during which time Plaintiff's counsel referred to the deficiencies as "objections" and the call as a "meet and confer" conference. We made clear that the deficiencies were not "objections" but violations of the Court's discovery orders and to the extent Plaintiff intended to produce documents in response to the deficiencies such documents would need to be produced prior to Plaintiff's deposition which had been noticed for March 26, 2025.

6. The deficiencies in the document production included that Plaintiff failed to produce *any* documents related to the investigation of Plaintiff's claims and filing of this action; Plaintiff produced no documents approving filing of this claim despite him doing so in other cases; Plaintiff produced no correspondence regarding the letter purportedly sent to Grailed on March 27, 2023; Plaintiff failed to produce attachments to any of the produced emails; none of the images embedded in the produced emails are visible; Plaintiff produced no documents from before 2022 despite the requests dating back to January 1, 2018 due to the timing of the purported creation of the Photograph; Plaintiff failed to produce documents referenced within the production itself; and Plaintiff unilaterally marked the entire production as "Confidential – Attorneys' Eyes Only" without following the procedures in the Protective Order. *See* ECF No. 51 ¶ 9.

7. Having received no subsequent communication on these issues, I sent a letter to Plaintiff's counsel on March 23, 2025, further detailing the deficiencies. A copy of the letter is attached hereto as Exhibit D. Grailed's letter asked Plaintiff to identify which of these deficiencies if any were provided "in documents ***produced to date***" (emphasis in original).

8. On Monday March 24, 2025, Mr. Cader called me to reschedule the deposition due to personal obligations that arose on March 26, 2025. Grailed consented to reschedule the

deposition for March 28, 2025 upon agreement from Plaintiff that in the event a second day of testimony is required, the second day can occur after April 2, 2025.

9. Plaintiff served updated contention interrogatory answers, which included slightly more detail but still amounted to mere generalizations, and made a further production of only the attachments to the produced emails on March 27 at 4:52 p.m., purportedly in response to Grailed's deficiency letter. While this production ███████████████████████ ███████████████████████████████████████████████████████ it did not include ███████████████████████ ██. Plaintiff addressed none of the other concerns raised in Grailed's letter of March 23, 2025. A true and correct copy of my email exchange with Mr. Cader is attached hereto as Exhibit E. A true and correct copy of Plaintiff's supplemental contention interrogatory answers is attached hereto as Exhibit F.

10. A true and correct copy of an email to Plaintiff bearing Bates stamp BARBERA01924, and introduced as Exhibit F in Plaintiff's deposition, is attached hereto as Exhibit G.

11. A true and correct copy of an email to Plaintiff bearing Bates stamps BARBERA02037-38, is attached hereto as Exhibit H.

12. A true and correct copy of an email to Plaintiff bearing Bates stamps BARBERA02106-07 is attached hereto as Exhibit I.

13. A true and correct copy of an email to Plaintiff bearing Bates stamps BARBERA02099-100, is attached hereto as Exhibit J.

14. A true and correct copy of an email to Plaintiff bearing Bates stamps BARBERA02180-81 is attached hereto as Exhibit K.

15. A true and correct copy of an email exchange between ████████ and Plaintiff bearing Bates stamps BARBERA0002056-64, and introduced as Exhibit B in Plaintiff's deposition, is attached hereto as Exhibit L.

16. A true and correct copy of an email from ████████ to Plaintiff bearing Bates stamps BARBERA02225, and introduced as Exhibit G in Plaintiff's deposition, is attached hereto as Exhibit M.

17. A true and correct copy of an email exchange between ████████ and Plaintiff bearing Bates stamps BARBERA02043-45, and introduced as Exhibit M in Plaintiff's deposition, is attached hereto as Exhibit N.

18. A true and correct copy of an email exchange between Mr. Cader and Plaintiff bearing Bates stamps BARBERA01968 is attached hereto as Exhibit O. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

19. A true and correct copy of an email from ████████ to Plaintiff bearing Bates stamps BARBERA02028-29 is attached hereto as Exhibit P.

20. A true and correct copy of an email exchange between ████████ and Plaintiff bearing Bates stamp BARBERA02036 is attached hereto as Exhibit Q.

21. A true and correct copy of an email exchange between Mr. Cader and Plaintiff bearing Bates stamps BARBERA02011-12, and introduced as Exhibit AA in Plaintiff's deposition, is attached hereto as Exhibit R.

22. On April 2, 2025, I wrote to Mr. Cader regarding Grailed's intent to move for sanctions on Friday April 4, 2025 including for the reasons stated in Grailed's March 23, 2025 letter and based on the testimony in Plaintiff's deposition, requesting a meet and confer on an

anticipated letter-motion to vacate the current summary judgment deadlines. Despite having notice of the deficiencies as early as March 14, 2025 and further deficiencies on March 23, 2025, Plaintiff finally responded on Thursday April 3 including another document production, a response letter, and supplemental initial disclosures (among other documents). True and correct copies of the emails sent by Mr. Cader on April 3, 2025 are attached hereto as Exhibit S. A true and correct copy of Plaintiff's response letter from Mr. Cader to me dated April 3, 2025 is attached hereto as Exhibit T.

23. A true and correct copy of an email to Plaintiff, produced April 3, 2025, bearing Bates stamp BARBERA02539 is attached hereto as Exhibit U.

24. A true and correct copy of an email to Plaintiff, produced April 3, 2025, bearing Bates stamps BARBERA02540-41 is attached hereto as Exhibit V.

25. A true and correct copy of sales reports from Backgrid, produced April 3, 2025, bearing Bates stamps BARBERA02557-58 is attached hereto as Exhibit W. Plaintiff also produced [REDACTED] on April 3, 2025.

26. On April 4, 2024, I served via email a motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c)(2) on counsel for Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
April 4, 2025

/s/ Andrew Nietes
ANDREW NIETES