# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT BARBERA,

        Plaintiff,

v.

GRAILED, LLC,

        Defendant.

Case No. 1:24-cv-03535-LJL

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES**

| | |
|---|---|
| Propounding Party: | Defendant GRAILED, LLC |
| Responding Party: | Plaintiff ROBERT BARBERA |
| Set: | Two (2) |
| Numbers: | 13 – 24 |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the plaintiff Robert Barbera ("*Plaintiff*"), by his counsel, Sanders Law Group, hereby provides the instant Responses to the Second Set of Interrogatories (the "*Interrogatories*," and each individually, a "*Interrogatory*") of the defendant Grailed, LLC ("*Defendant*"), in accordance with the Court's Order dated March 5, 2025 (*Dkt. No.* 49) as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses, Plaintiff does not waive, and hereby expressly reserves, Plaintiff's right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that Plaintiff considers

1

the requests, and responses to the requests, to be relevant or material to the subject matter of this action.

3. Plaintiff will produce responsive documents only to the extent that such documents are in Plaintiff's possession, custody, or control.

4. Publicly available documents including, but not limited to, court papers and documents available on the Internet, will not be produced.

5. Any response that indicates Plaintiff will produce documents or information is not an admission that Plaintiff actually possesses the documents or Information demanded, or that any such documents or information exist and are in Plaintiff's possession, custody, or control, or that Plaintiff will not object on other grounds at the time of production.

6. Plaintiff's responses are based upon information available to Plaintiff at this time, and Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein.

7. Each of the responses is based on Plaintiff's understanding of the Requests and each individual request therein. To the extent that Defendant asserts an interpretation of any request that is inconsistent with Plaintiff's understanding, Plaintiff reserves the right to supplement his objections and responses.

## RESPONSES

**INTERROGATORY NO. 13**

Identify and describe in detail all facts supporting Your contention that "[i]n creating the Photograph, [You] personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image" as stated in Paragraph 15 of the Amended Complaint.

**RESPONSE**

Plaintiff is a professional photographer by trade who has worked on his art for the better part of 20 years. Through the repeated process of trial and error, he has developed an innate understanding of what type of equipment he wishes to use for any given photograph, as well as the camera settings. In creating the Photograph at issue in this case, Plaintiff personally made all artistic decisions, including the choice of timing, angle, perspective, depth, lens, and camera equipment used. Plaintiff also determined how prominently Mr.

2

Hill would be featured in the Photograph, relevant to the background images, and the camera focus as to each.

**SUPPLEMENTAL RESPONSE**
To the best of his recollection, Plaintiff used a Nikon D4 camera in taking the picture, and a 70-200mm lens. Plaintiff told Mr. Hill that he liked the jacket he was wearing and asked if he could take a picture. Mr. Hill said yes. Plaintiff then took several pictures from a distance and chose the one with the particular focus he thought was best.

**INTERROGATORY NO. 14**

Identify and describe in detail all facts supporting Your contention that Grailed's "use of the Photograph harmed the actual market for the Photograph" as stated in Paragraph 39 of the Amended Complaint.

**RESPONSE**

Plaintiff created the Photograph for the express purpose of marketing it to businesses, such as Defendant. Defendant copied and displayed Plaintiff's Photograph in its entirety. By displaying Plaintiff's Photograph in its entirety on the Website, other potential licensees could simply copy the Photograph from Defendant's Website, rather than seeking to license same from Plaintiff.

**SUPPLEMENTAL RESPONSE**
Plaintiff often sells pictures to fashion marketplaces and Defendant, who hosts a buy/sell platform, features pictures of celebrity fashions to promote sales. Therefore, Defendant is within Plaintiff's target market and its use of Plaintiff's photograph without paying for it harms his market.

**INTERROGATORY NO. 15**

Identify and describe in detail all facts supporting Your contention that Grailed "has received a financial benefit directly attributable to" its purported use of the Photograph as stated in Paragraph 35 of the Amended Complaint.

**RESPONSE**

Defendant paid nothing to Plaintiff for using his Photograph. Upon information and belief, Defendant's Website attracts more than ten million page views daily, and is monetized in that Defendant profits from the page views and from persons buying or selling merchandise on Defendant's platform. Upon further information and belief, persons wishing to view Jonah Hill's unique fashion choices would have found Plaintiff's Photograph on Defendant's Website and viewed the full-size reproduction there.

**SUPPLEMENTAL RESPONSE**
The basis for Plaintiff's belief that Defendant's Website attracts more than ten million page views daily was through a Google search. The basis for Plaintiff's belief that Defendant received a financial benefit directly attributable to his Photograph is the belief that the

revenues Defendant derives from its website are based, at least in part, on the number of page views it receives and that the featuring of the photograph of Jonah Hill plays to the public's fascination with celebrity culture, and that any sales they made were as a result of featuring the photograph, and by charging a fee to people who sell merchandise on its website.

**INTERROGATORY NO. 16**

Identify and describe in detail all facts supporting Your contention that Grailed's purported use of the Photograph "increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues" as stated in Paragraph 36 of the Amended Complaint.

**RESPONSE**

Defendant paid nothing to Plaintiff for using his Photograph. Upon information and belief, Defendant's Website attracts more than ten million page views daily, and is monetized in that Defendant profits from the page views and from persons buying or selling merchandise on Defendant's platform. Upon further information and belief, persons wishing to view Jonah Hill's unique fashion choices would have found Plaintiff's Photograph on Defendant's Website and viewed the full-size reproduction there. Moreover, persons wishing to buy fashions similar to that which Jonah Hill was wearing would have purchased such fashions on Defendant's platform.

**SUPPLEMENTAL RESPONSE**

The basis for Plaintiff's belief that Defendant's Website attracts more than ten million page views daily was through a Google search. The basis for Plaintiff's belief that Defendant received a financial benefit directly attributable to his Photograph is the belief that the revenues Defendant derives from its website are based, at least in part, on the number of page views it receives and that the featuring of the photograph of Jonah Hill plays to the public's fascination with celebrity culture, and that any sales they made were as a result of featuring the photograph, and by charging a fee to people who sell merchandise on its website.

**INTERROGATORY NO. 17**

Identify and describe in detail all facts supporting Your contention that "a large number of people have viewed" the Photograph on Grailed's website as stated in Paragraph 37 of the Complaint.

**RESPONSE**

Upon information and belief, Defendant's Website attracts more than ten million page views daily, and persons wishing to view Jonah Hill's unique fashion choices would have found Plaintiff's Photograph on Defendant's Website and viewed the full-size reproduction there.

**SUPPLEMENTAL RESPONSE**

The basis for Plaintiff's belief that Defendant's Website attracts more than ten million page

4

views daily was through a Google search. The basis for Plaintiff's belief that a large number of people viewed the Photograph on the Website is based on the fact that Jonah Hill is known for his style and fashion, and people who searched for Jonah Hill at the relevant time would have found the Photograph on Defendant's website and would have viewed it.

**INTERROGATORY NO. 18**

If it is Your contention that Grailed directly profited from its purported use of the Photograph, identify and describe in detail all facts supporting such contention.

**RESPONSE**

Upon information and belief, Defendant's Website attracts more than ten million page views daily, and persons wishing to view Jonah Hill's unique fashion choices would have found Plaintiff's Photograph on Defendant's Website and viewed the full-size reproduction there. As such, Defendant profited from increased web traffic and from the sale of items similar to that which Jonah Hill was featured wearing.

**SUPPLEMENTAL RESPONSE**

Defendant charges a fee to buyers and sellers who use its website and to the extent that any sales were generated from Defendant's use of the Photograph for more than 2 years would have resulted in a profit.

**INTERROGATORY NO. 19**

If it is Your contention that Grailed made commercial use of the Photograph, identify and describe in detail all facts supporting such contention.

**RESPONSE**

Defendant holds itself out as being the premier website for buying and selling high-end men's fashions, and Defendant profits from such activities. Defendant frequently uses photographs of celebrities wearing certain items of clothing to promote the sale of similar or identical items, as the public's fascination with celebrity lifestyle enhances the value and desirability of clothing that celebrities chose to wear.

**SUPPLEMENTAL RESPONSE**

Defendant's website is commercial in nature and the featuring of the Photograph on its website was necessarily commercial in nature.

**INTERROGATORY NO. 20**

If it is Your contention that the Photograph was used in connection with selling or offering to sell product(s), identify such product(s) and describe in detail all facts supporting such contention.

**RESPONSE**

The Photograph was featured on Defendant's fashion-based Website, and Defendant uses

5

all images featured on its Website to promote the buying and selling of similar fashions.

**SUPPLEMENTAL RESPONSE**
Plaintiff viewed Defendant's website and saw the Photograph posted and has also sold products on the website. Plaintiff's belief is therefore based on his observation of the website.

**INTERROGATORY NO. 21**

If it is Your contention that there is no reason You could have known of Grailed's purported use of the Photograph before April 6, 2022, identify and describe in detail all facts supporting such contention.

**RESPONSE**

Plaintiff did not discover Defendant's use of his Photograph until April 6, 2022, and he could not have discovered the infringement at any time prior to such date insofar as Plaintiff is a professional photographer by trade and most of his working hours are spent creating and authoring photographs. Further, the average daily posts to the Internet is estimated to be in the hundreds of millions across countless numbers of platforms. Therefore, search results will vary from day to day, if not from hour to hour, and the time to manually review search results is prohibitively time consuming.

**SUPPLEMENTAL RESPONSE**
Plaintiff was a user on the application and found his Photograph while scrolling through the Website.

**INTERROGATORY NO. 22**

If it is Your contention that there is no reason You could have known of Grailed's purported use of the Photograph before May 8, 2021, identify and describe in detail all facts supporting such contention.

**RESPONSE**

Plaintiff did not discover Defendant's use of his Photograph until April 6, 2022, and he could not have discovered the infringement at any time prior to such date insofar as Plaintiff is a professional photographer by trade and most of his working hours are spent creating and authoring photographs. Further, the average daily posts to the Internet is estimated to be in the hundreds of millions across countless numbers of platforms. Therefore, search results will vary from day to day, if not from hour to hour, and the time to manually review search results is prohibitively time consuming.

**SUPPLEMENTAL RESPONSE**
Plaintiff was a user on the application and found his Photograph while scrolling through the Website.

**INTERROGATORY NO. 23**

If it is Your contention that Backgrid is not the proper party with standing to assert the claims in this action, identify and describe in detail all facts supporting such contention.

> **RESPONSE**
>
> Plaintiff owns the copyright to the Photograph at issue and Backgrid does not.
>
> **SUPPLEMENTAL RESPONSE**
> Plaintiff is the author of the Photograph and the Photograph is registered with the USCO in his name.

**INTERROGATORY NO. 24**

Identify and describe in detail all facts that support Your contention that the Person depicted in the Photograph granted you permission to photograph him, as indicated in Your response to Grailed's Request for Admission No. 5 dated October 10, 2024, served October 11, 2024.

> **RESPONSE**
>
> Plaintiff was in New York City and recognized Jonah Hill walking in public. Plaintiff approached Mr. Hill and asked if he could take a picture. The latter agreed.
>
> **SUPPLEMENTAL RESPONSE**
> The Photograph was taken on January 29, 2019 at approximately 1:30PM, and the conversation between the two took place just before the Photograph was taken.

Dated: March 27, 2025

       *As to objections*
**SANDERS LAW GROUP**

By:    */s Jonathan M. Cader*
Jonathan M. Cader, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: jcader@sanderslaw.group
File No.: 126004
*Attorneys for Plaintiff*

*As to the Answers,*

I, Robert Barbera, hereby affirm pursuant to 28 U.S.C. § 1746 that the foregoing Responses are true and correct to the best of my knowledge, under the penalty of perjury.

_____
Robert Barbera