UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT BARBERA,<br><br>      Plaintiff,<br><br>  v.<br><br>GRAILED, LLC,<br><br>      Defendant. | Case No. 24-CV-3535 (LJL) |

## **DECLARATION OF ANDREW NIETES IN SUPPORT OF FEE APPLICATION**

ANDREW NIETES declares as follows:

  1.  I am an associate at the law firm of Mitchell Silberberg & Knupp LLP ("MSK"), and counsel for Defendant Grailed, LLC ("Grailed") in the above-captioned matter. I submit this declaration in support of Grailed's Fee Application pursuant to the Court's Memorandum and Order of March 5, 2025. ECF No. 49 at 13-14 ("Sanctions Order").

  2.  Grailed seeks $65,309.25 in attorneys' fees and $8,097.30 in costs, for a total amount of $73,406.55 in sanctions pursuant to the Sanctions Order.

  3.  Attached hereto as Exhibit A is a true and correct copies of a billing summary and an invoice reflecting the time billed by MSK on this matter from October 7, 2025 through March 31, 2025, with redactions for entries not claimed in this Fee Application. This billing summary reflects information contained in invoices that have been sent to Grailed and Grailed has paid (except for the March 2025 invoice). This includes 6 hours of record time for Plaintiff's March 28, 2025 deposition.

  4.  Each attorney and paralegal who performed services for Grailed in this case maintained a detailed time record of his or her services rendered and the time expended on a daily

basis. These time records were entered into a computer database that is maintained by MSK's accounting and billing department in the ordinary course of business and is used to create monthly bills. The accounting and billing department generated preliminary reports (proformas) that were reviewed by Eleanor Lackman, as the primary litigation attorney responsible for this matter. Ms. Lackman entered any necessary or warranted revisions into a computerized database, and then the accounting and billing department generated the attached invoices therefrom.

5. MSK has internationally-recognized experience in intellectual property, and its litigation attorneys have handled a variety of copyright lawsuits for content and media companies. The standard hourly rates charged for MSK partners, associates, and paralegals are commensurate with, and in many cases lower than, those charged by other New York lawyers at firms of comparable size and reputation in intellectual property. In this case, MSK agreed to deliver services under discounted rates following negotiation with Grailed. As is typical, the rates for the MSK attorneys increased as of January 1, 2025; however, the fees sought reflect the 2024 rate even for work performed in 2025.

6. The attorneys and paralegals assigned to represent Grailed in this matter are identified in the chart below. The qualifications of the attorneys and paralegals who worked on this matter are detailed further below.

| Name | Title / Experience | Hourly Rate | Hours |
|---|---|---|---|
| Eleanor M. Lackman | Partner (22 years) | $832.50 | 19.5 |
| Andrew Nietes | Associate (5 years) | $517.50 | 90.6 |
| Dalton Kniss | Paralegal (10 years) | $292 | 7.5 |
| | | **Total Hours:** | **117.6** |

7. Ms. Lackman is a partner at MSK and co-chair of MSK's intellectual property litigation practice group. She earned her J.D. from Fordham University School of Law in 2003.

Her entire litigation career has focused almost exclusively on copyright and trademark cases, with particular focus on the media industry. Ms. Lackman prior work history includes litigating numerous copyright cases involving claims against media companies for copyright infringement, including those filed by the Sanders Firm and the firm that it acquired, the Liebowitz Law Firm. Her intellectual property work has been recognized by *Chambers USA* and *Chambers Global*, *Managing IP*, *Law360*, *Crain's New York*, and other leading legal and industry publications. Ms. Lackman serves as lead counsel in this matter and supervised and counseled on all aspects of this litigation, including reviewing and revising every filing submitted on behalf of Grailed including those that are the subject of the Court's Sanctions Order as well as correspondence with opposing counsel related to the same, and providing guidance as to Plaintiff's depositions and discovery violations. A true and correct copy of Ms. Lackman's biography is attached hereto as Exhibit B.

8.  I am an associate in MSK's litigation practice group. As detailed in my firm biography, my practice has focused on representing clients in intellectual property matters and litigation. I earned my J.D. from Fordham University School of Law in 2020 where I was awarded the Thomas F. Reddy Prize for achieving the highest grades in courses in intellectual property among all graduating J.D. candidates. Before coming to MSK, I was an associate at Latham & Watkins LLP and Fross Zelnick Lehrman & Zissu P.C. – both of which have nationally recognized copyright practices. I handle the day-to-day litigation tasks for this matter. This included drafting the letters to opposing counsel in connection with each of the sanctions motions, drafting all briefing and supporting documents for the motions and opposition to the motion to strike including related research, and preparing for Plaintiff's skipped October 11,

2024 deposition and taking Plaintiff's March 28, 2025 deposition. A true and correct copy of my biography is attached hereto as Exhibit C.

9. As detailed in Exhibit A, the hours billed reflect work done on a variety of litigation tasks and steps in connection with Grailed's motions for sanctions, the October 11 deposition, and the motion to strike including, but not limited to, preparing the letters to opposing counsel in advance of each motion, researching the relevant issues for each motion including cases relevant to each of the myriad unique discovery violations Plaintiff committed, and drafting the relevant briefs for each motion.

10. While this is, in some ways, a straightforward case, the nature of Plaintiff's misconduct, including his long list of discovery violations for which he was sanctioned and lack of communication by his counsel, impacted the complexity of discovery and the briefing on each of the above-referenced motions and items for which Plaintiff has been ordered to pay fees for.

11. A true and correct copy of the invoice from the vendor arranging for court reporter services at Plaintiff's skipped October 11, 2024 deposition is attached hereto as Exhibit D. The total cost as shown in Exhibit D is $530.00

12. A true and correct copy of the invoices from the vendor arranging for court reporter services at Plaintiff's skipped October 11, 2024 deposition is attached hereto as Exhibit E. The total cost for the court reporting and videographer services as shown in Exhibit E is $8,097.30.

13. Due to the timing of the deposition on March 28, 2025 (which had been originally noticed for March 26, 2024), the vendor which arranged for the court reporter and videographer represented it would not be able to provide an official invoice until April 4, 2025. Grailed obtained the above-referenced estimate from the vendor on April 1, 2025 and the vendor noted

4

that the exact amount may change slightly. Grailed thus included this estimate in its calculation of the total fee award it sent to Plaintiff's counsel on April 1, 2025, seeking agreement per the Court's Sanctions Order. Grailed's counsel noted that if agreement was not reached as to the total fee award the total amount sought in this fee application may be slightly different than the demanded amount. I received the final invoices from the vendor on April 4, 2025.

14. Despite sending the total fee amount requested on Tuesday April 1, 2025, and twice following up with Plaintiff's counsel on Thursday April 3, 2025, Plaintiff's counsel did not respond.

15. Plaintiff testified at his deposition that he is located in Boston, Massachusetts.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
April 4, 2025

_____
ANDREW NIETES