```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ROBERT BARBERA,                                                  :
                                                                 :
                        Plaintiff,                               :
                                                                 :       24-cv-3535 (LJL)
        -v-                                                      :
                                                                 :       MEMORANDUM AND
GRAILED, LLC,                                                    :            ORDER
                                                                 :
                        Defendant.                               :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff seeks the Court's leave to keep under seal certain documents or portions of documents filed by Defendant in support of Defendant's third motion for sanctions. Dkt. Nos. 68, 71.[1] Plaintiff also seeks the Court's leave to file his memorandum of law in opposition to Defendant's third motion for sanctions, his supporting declaration, and Exhibit 3 to his declaration in redacted form. Dkt. No. 74. The motions to seal are denied.

The party pursuing a sealing order bears the burden of showing that sealing is warranted. *See Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, 2022 WL 621957, at *3 (S.D.N.Y. Mar. 3, 2022). Plaintiff argues that the materials for which he seeks leave to seal represent (i) communications protected by the attorney-client privilege, (ii) references to the identity of non-parties, or (iii) documents subject to non-disclosure agreements. Dkt. Nos. 71, 74. Plaintiff fails to demonstrate that any of those purported grounds for sealing apply.

"The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." *In re Cnty. of Erie*,

---

[1] Defendant originally filed the documents under seal in accordance with the Court's Individual Rules of Practice in Civil Cases. Dkt. Nos. 53.

473 F.3d 413, 418 (2d Cir. 2007); *accord Spectrum Sys. Int'l Corp. v. Chem. Bank*, 581 N.E.2d 1055, 1060 (1991) ("The communication itself must be primarily or predominantly of a legal character."). The simple fact that a communication is sent from an attorney to a client, or vice versa, is not enough to invoke the privilege. Thus, for example, the email by Plaintiff's counsel stating "I hope you had a relaxing and fun holiday weekend" is not protected by the attorney-client privilege. The same is true of auto-sent emails indicating that Plaintiff signed certain documents. Similarly, facts concerning the engagement of a law firm that do not "contain legal advice" nor "reveal undisclosed motive, strategy, or the nature of the services provided," are not protectible. *Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.*, 258 F.R.D. 95, 101 (S.D.N.Y. 2009); *accord In re Lifetrade Litig.*, 2022 WL 3644357, at *4 (S.D.N.Y. Aug. 24, 2022). Thus, for example, communications suggesting that the Liebowitz Law Firm, PLLC merged into Sanders Group are not protected by the attorney-client privilege.

       The Second Circuit has held that the privacy interests of non-parties weighs heavily in favor of sealing. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). However, it is not necessarily the case that any mention of a non-party warrants redaction. "In determining the proper weight to accord an asserted privacy interest, a court should consider both 'the degree to which the subject matter is traditionally considered private rather than public,' as well as '[t]he nature and degree of the injury' to which the party resisting disclosure would be subjected were the privacy interest not protected." *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020). Here, Plaintiff provides no explanation of how the subject matter of the material or the nature and degree of potential injury to Plaintiff or the non-parties merits sealing. Plaintiff's sole citation to a case holding that the court should redact statements by third parties who cooperated with

internal investigations, *Doe v. City of New York*, 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019) (Nathan, J.), sheds no light on the matter before the Court.

Finally, Plaintiff refers to the existence of non-disclosure agreements without identifying the counterparties to the agreements, the relevant content of the agreements, or even precisely what information he seeks to redact on the basis of the agreements. Because he does not identify any privacy interest beyond the existence of such unspecified agreements, Plaintiff has not stated a basis for sealing. "Courts in this District have consistently held that Parties' interest in a confidentiality agreement . . . is not sufficient on its own to overcome the interest of public disclosure and transparency." *Gen. Re Life Corp. v. Am. Gen. Life Ins. Co.*, 2024 WL 1329381, at *5 (S.D.N.Y. Mar. 28, 2024); *accord Major League Baseball Players Ass'n v. Arroyo*, 2024 WL 3028432, at *4 (S.D.N.Y. June 17, 2024) (collecting cases).

Because the documents at issue are not attorney-client communications and Plaintiff has not adequately articulated any other applicable ground for sealing, the motions to seal are denied.

The Clerk of Court is respectfully direct to close Dkt. Nos. 53, 68, 71, and 74.

Within two days of this Order, Defendant shall file public unredacted versions of Dkt. Nos. 54–55, and Plaintiff shall file public unredacted versions of Dkt. No. 75–77.

SO ORDERED.

Dated: April 16, 2025
      New York, New York

                                       LEWIS J. LIMAN
                                    United States District Judge