# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Barbera,

        Plaintiff,

  v.

Grailed, Inc,

        Defendant.

Case No: 1:24-cv-03535-LJL

**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Robert Barbera (referred to herein as "Plaintiff"), based on present information and belief, makes the following initial disclosures to Grailed, Inc (referred to herein as "Defendant") pursuant to Federal Rule of Civil Procedure 26(a)(1).

**RESERVATION OF RIGHTS**

This Initial Disclosure Statement is based on information known and reasonably available to Plaintiff at this time, prior to the exchange of any discovery in this action. Plaintiff provides this Initial Disclosure Statement without prejudice to Plaintiff's future reliance on—or disclosure, identification, or production of—additional or different persons, information, or documents, including any persons, information, or documents inadvertently omitted from this Initial Disclosure Statement or that are subsequently discovered or determined to be relevant. Accordingly, Plaintiff reserves all rights to supplement, amend, correct, or clarify this Initial Disclosure Statement through testimony, correspondence, document production, pleadings, court filings, inter-counsel communications, or otherwise.

By identifying or describing persons, information, and documents in this Initial Disclosure Statement, Plaintiff does not waive any rights to object to the disclosure of any additional or other information on any basis, including relevance, burden, attorney-client privilege, the work-product doctrine, and any other available protection against disclosure. By identifying or describing

persons, information, and documents in this Initial Disclosure Statement, Plaintiff expressly reserves and does not waive any such objections. By identifying or describing persons, information, and documents in this Initial Disclosure Statement, Plaintiff also does not waive any applicable objections to admissibility, including, without limitation, objections based on authenticity, competence, relevance, or materiality, as well any and all other objections that would require the exclusion of any information contained or referenced herein, or any portion thereof, if offered into evidence.

By identifying or describing persons, information, and documents in this Initial Disclosure Statement, Plaintiff expressly reserves and does not waive any such objections or the right to interpose such objections at the time of any deposition or at or before any hearing or trial in this action or any other action or proceeding. No incidental or implied admissions are intended by this Initial Disclosure Statement. The fact that Plaintiff describes or identifies a document or category of documents in this Initial Disclosure Statement is not intended and should not be construed as a waiver by Plaintiff of any right or defense or the right to object to any discovery request propounded by Defendant.

Plaintiff expressly does not authorize Defendant, or any other party, to communicate with current or former employees of, advisors to, or consultants of Plaintiff, and nothing herein should be construed to authorize Defendant, or any other party, to contact any individuals where such contact would violate applicable law, abridge any rule of professional conduct, induce the breach of any contract, or infringe any confidentiality agreement.

These disclosures are based on information reasonably available to Plaintiff as of the date these disclosures are served. By making these disclosures, Plaintiff does not represent that Plaintiff is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Plaintiff reserves the right to supplement these disclosures as necessary and as permitted by Federal Rule of Civil Procedure 26(e).

# INITIAL DISCLOSURES

A.  **Rule 26(a)(1)(A)(i):**  The name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Subject to and without waiving the foregoing Reservation of Rights, based on information currently known to Plaintiff:

| Name | Company Affiliation/Address | Expected Areas of Knowledge |
|---|---|---|
| Robert Barbera | (*contact only through counsel*) | • Knowledge regarding the creation of the copyrighted Photograph at issue.<br>• Knowledge regarding any licensing of the copyrighted Photograph at issue. |
| Corporate Representative(s) of Grailed, Inc | | • Knowledge regarding Defendant's standards, practices, policies, guidelines, and budgeting for licensing of copyrighted materials.<br>• Knowledge regarding the creation of the article on the Website that contained Plaintiff's Photograph. (hereinafter "Photograph")<br>• Knowledge regarding from where the Photograph was obtained.<br>• Knowledge regarding the number of page-hits the Website received for the URL which contained the Photograph.<br>• Knowledge regarding any advertising or other actions done to increase traffic to the Website<br>• Knowledge regarding the number of shares, links or linkbacks to the article.<br>• Knowledge regarding the advertising revenue earned from the article.<br>• Knowledge concerning any procedures for the determination of the fair use of a photograph without purchasing a license |
| Donna Halperin | (*contact only through counsel*) | • Knowledge regarding the copyright registration of the work at issue. |

3

Plaintiff reserves the right to supplement these individuals with those subpoenaed or listed on Defendant's Initial Disclosures, Defendant's Supplemental Disclosures, all individuals who have given or will give testimony in this case, any expert witnesses subsequently identified by Plaintiffs during expert discovery in this litigation, all experts or third-parties relied upon by Defendant, and all persons or all persons or entities referred in documents produced.

  **B.** **Rule 26(a)(1)(A)(ii):** A copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Plaintiff identifies the following categories of documents and things in its possession, custody or control that may be used to support its claims:

- The Photograph at issue
- The United States Copyright Registration of the Photograph
- A Screengrab of Defendant's Website showing the unauthorized usage of the Photograph

  **C.** **Rule 26(a)(1)(A)(iii):** A computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

Plaintiff refers Defendant to the Complaint for an itemization of the types of damages suffered. As Plaintiff has not yet obtained discovery of Defendant's financial, sales and other relevant records, Plaintiff cannot make a reasonable estimate of the damages sustained or infringing profits he may recover as a result of Defendant's actions. Plaintiff's reserves his right as to if he will seek actual or statutory damages

  **D.** **Rule 26(a)(1)(A)(iv):** For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Not applicable.

Dated: September 6, 2024

                                      **SANDERS LAW GROUP**

                                      By:   */s/ Craig Sanders*
                                      Craig Sanders, Esq.
                                      333 Earle Ovington Blvd, Suite 402
                                      Uniondale, NY 11553
                                      Tel: (516) 203-7600
                                      Email: csanders@sanderslaw.group
                                      *Attorneys for Plaintiff*
                                      File No.: 126004

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2024 I caused to be served via electronic mail a copy of Plaintiff's Rule 26 Initial Disclosures on:

    MITCHELL SILBERBERG & KNUPP LLP
    Eleanor M. Lackman, Esquire
    2049 Century Park East, 18th Floor
    Los Angeles, CA 90067-3120

                                        */s/ Craig Sanders*
                                        Craig Sanders

