# EXHIBIT D



MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Andrew F. Nietes
Attorney-at-Law
(917) 546-7683 Phone
afn@msk.com

March 23, 2025

**VIA E-MAIL ONLY (JCADER@SANDERSLAW.GROUP)**

Jonathan M. Cader, Esq.
Sanders Law Group
333 Earle Ovington Blvd.,
Suite 402
Uniondale, NY 11553

Re:   *Barbera v. Grailed, LLC* – **Discovery Deficiencies and Further Misconduct**

Dear Counsel:

On behalf of defendant Grailed, LLC ("Defendant" or "Grailed"), we write to address plaintiff Robert Barbera's ("Plaintiff") continued noncompliance with the Court's orders, namely the further deficiencies in Plaintiff's supplemental discovery in the above-referenced matter served on March 12, 2025, and misconduct by your firm. We made you aware initially of these issues in my email of Friday, March 14, 2025 and again on our telephone conference on Tuesday, March 19, 2025. We have received no response from you regarding these matters.

As you know, in connection with Grailed's motions for sanctions, the Court issued a Memorandum and Order which, as relevant for purpose of this letter, found:

- "Plaintiff is ordered to produce all documents responsive to Defendant's document requests. Any documents withheld on the basis of privilege, a non-disclosure agreement, or any other waived objection must be produced within seven days of this Order."

- "Plaintiff is also ordered to provide responses to Defendant's contention interrogatories and to serve his initial disclosures within seven days of this Order. Because Plaintiff failed to provide timely objections, he has waived any objection to the interrogatories."

ECF No. 49 at 13 (the "Order"). On March 12, 2025, Plaintiff served us his initial disclosures, answers to the contention interrogatories, and a document production. Each is patently deficient on its face, and therefore directly violates the Court's Order, which itself was premised on previous violations of other Court orders. Further, the now-provided discovery suggests that your firm and Plaintiff seem to have committed misconduct in violation of ethical rules and the Federal Rules of Civil Procedure as set forth herein.



## I. Further Discovery Deficiencies

### A. Deficiencies in Document Production

The deficiencies in Plaintiff's document production are the most egregious. You stated on our call of March 19, 2025 that you would "ask" your client if he has any such documents in his possession, custody, or control raised in our initial email of March 12 referenced above. But this should have been done well before the deadline to produce documents.

As an initial matter, while you produced email exchanges, you have included none of the attachments to those emails. These attachments are clearly responsive and in your possession. Additionally, none of the images embedded in the emails appears in the as-produced emails. Given that this case is specifically regarding alleged infringement of an image, this renders the emails worthless as produced. *See, e.g.*, BARBERA01990 (referring to image licenses, but .jpg files are not visible).

Many of the emails include links for Plaintiff to sign other documents. *See, e.g.*, BARBERA01939 (linking to a signed "claim verification"). Yet those documents are not included in the production. As just two specific examples, Plaintiff signed a contingency agreement with Sanders Law Group (BARBERA02037) and an engagement agreement with an Israeli law firm (BARBERA02106), both of which are responsive. Neither of these agreements are in the production.

Given the timing of the alleged creation of the image at issue, Grailed's document requests date back to January 1, 2018, yet you produced no documents from before 2022 (with the sole exception discussed below). On our call on this matter held March 19, 2025, you represented that "your firm" did not have documents from prior to 2022, which appears to be when Rebecca R. Liebowitz, Esq., James H. Freeman, Esq., Donna Halperin, and additional staff members of Liebowitz Law Firm, PLLC joined Sanders Law Group. *See* BARBERA02028; BARBERA02036 (referring to a "merged" Sanders Law Group and Liebowitz Law Firm). This seems to be a lie, as in BARBERA02102 Plaintiff responds to an email from January 30, 2020, suggesting documents pre-dating the firms' merger are in your or your client's possession, custody, or control.

Furthermore, as made clear in an opinion by the New York State Bar Association: "an attorney's duty to maintain a client's closed file is a duty that every law firm partner owes to every past firm client, no matter when the individual partner joined the firm, and a duty that continues during and after the firm's dissolution" and "documents with intrinsic value" including "negotiable instruments" must be retained "for an indefinite period." *See* Ethics Opinion 1192, https://nysba.org/ethics-opinion-1192/?srsltid=AfmBOooBCDaPFJKocz3fbURY9rZyIgyyKH6SDm_B77W6Fz7BDBUP9zGt.

Unless the attorneys who joined your firm from the Liebowitz Law Firm have shirked their ethical obligations, the settlement agreements which predate January 2022 must be in your firm's



Jonathan M. Cader, Esq.
March 23, 2025
Page 3

possession. In addition to these settlement agreements, the production also references specific settlements for which no agreements have been produced, including but not limited to with Andy Cohen (BARBERA02057), Grandari (BARBERA02099), and Milk Snob (BARBERA02180).

Also notably absent are ***any*** documents related to the investigation of Plaintiff's claims and filing of this action. Plaintiff's Complaint alleges he discovered the alleged infringement on April 6, 2022. ECF No. 10 ¶ 25. There are no emails whatsoever produced reflecting this, including when such purported discovery was conveyed to your firm, unless your firm (or the predecessor Liebowitz firm) discovered it as your client's agent.

Other produced documents suggest that Plaintiff generally reviews a form email from your firm in approving the filing of a claim. *See, e.g.*, BARBERA01939. No such email is in the production for filing of this claim. Nor is there any correspondence regarding the letter purportedly sent to Grailed on March 27, 2023. *Id.* ¶ 41. And the production contains no emails whatsoever to Plaintiff regarding the two motions for sanctions in this matter, including one that sought ***contempt*** sanctions against him. Such emails must exist, as Plaintiff submitted a sworn declaration in opposition.

Once you or your client discovered the purported use on Grailed's website, Plaintiff had an obligation to preserve all relevant documents and communications to his claims. *See* Fed. R. of Civ. Proc. 37(e). To the extent you or your client do not have the above-referenced documents related to Plaintiff's claim, your client will be subject to spoliation sanctions. *See id.* (listing spoliation sanctions including dismissal of the action).

### B. Initial Disclosures

The initial disclosures are also substantively deficient. Plaintiff has failed to list any individuals who have knowledge of the discovery of Plaintiff's alleged infringement at issue in this case despite Plaintiff's awareness of that issue is at the center of Grailed's statute of limitations defense. Nor do the initial disclosures provide the information for Jawad Elatab, despite Mr. Elatab appearing in Backgrid's subpoena response as contributor to the photograph and in Plaintiff's production.

Plaintiff's computation of damages is also deficient. It claims that "Plaintiff cannot make a reasonable estimate of the damages sustained or infringing profits he may recover as a result of Defendant's actions" because it has not obtained discovery from Grailed. Fact discovery closed in this matter over three months ago. Plaintiff must provide a calculation of his damages based on the information he has now. If he cannot do so, please so state so that we can seek a ruling that your client has no quantifiable damages.

### C. Contention Interrogatory Answers

The answers to Plaintiff's contention interrogatories are also deficient, as they amount to nothing more than generalizations lacking any specificity. Indeed, throughout the answers, Plaintiff states



Jonathan M. Cader, Esq.
March 23, 2025
Page 4

"upon information and belief" without actually identifying *what* information he is referring to or even the source of such information and belief. This is improper.

As to the specific answers:

The answer to Interrogatory No. 13 regarding how Plaintiff purportedly created the Photograph simply repeats the allegations in the Complaint. It does not describe any of the details of how Plaintiff "selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image." The answer provides no detail or specificity whatsoever on any of these purported selections. Indeed, Plaintiff does not even state what camera equipment he used, even mention Jonah Hill as the subject matter of the photograph at issue ("Photograph"), or include any details about when, where, and why the Photograph was taken.

The answer to Interrogatory No. 14 regarding the alleged harm to the actual market for the Photograph is again nothing more than a generalized answer. In order to be complete, Plaintiff must describe in detail what the actual market is for licensing the Photograph.

As noted above, the answers to Interrogatory Nos. 15-18 preface the statement that "Defendant's Website attracts more than ten million page views daily" with the phrase "[u]pon information and belief[.]" In order to fully answer these interrogatories, Plaintiff must identify and describe the source of such information and belief, especially when making such a claim about Grailed's website. He did not. Nor do these answers actually provide any support for the contentions inquired about including any financial benefit to Grailed, increased traffic to any of Grailed's website, a large number of people viewing the alleged infringement, or that Grailed directly profited from the alleged infringement. Likewise, it fails to account for traffic to the specific blog, rather than the website overall; it is speculative to suggest that everyone who saw the blog post then went to the main website, or vice-versa.

The answers to Interrogatory Nos. 19-20 regarding Grailed's alleged use of the Photograph make a series of blanket statements about Grailed and the public without identifying the source or basis for them.

The answers to Interrogatory Nos. 21-22 regarding Plaintiff's discovery of the alleged infringement notably do not explain *how* Plaintiff actually discovered the alleged infringement.

The answer to Interrogatory No. 23 regarding Backgrid's standing to pursue the information is a single sentence and provides no support or information in support of it.

The answer to Interrogatory No. 24 regarding Jonah Hill's purported permission to photograph him fails to include any specific details including, for example, when exactly the purported conversation with Mr. Hill occurred.

*   *   *



You previously referred to the above deficiencies as "objections" and our call of March 19, 2025 as a "meet and confer" conference. To be clear, all of the above are not "objections" to which there is any middle ground to be had through negotiation. Discovery has long closed. The deficiencies above constitute ***violations*** of this Court's discovery orders, in which it found all objections to be waived.

As discussed on March 19, Plaintiff must remedy the above deficiencies in the document production, initial disclosures, and contention interrogatories by no later than 5:00 PM Eastern Time on Tuesday, March 25, 2025 (the day before his currently noticed deposition). If not, Grailed reserves the right to hold open the deposition until the deficiencies have been cured and to seek relief from the Court regarding fees and costs incurred in connection with the same. To the extent Plaintiff believes any of the foregoing deficiencies in the document production, initial disclosures, or contention interrogatories are currently provided for in documents ***produced to date***, please identify them by Bates number by no later than 5:00 PM Eastern Time on Tuesday, March 25, 2025 (the day before his currently noticed deposition).

## II.     Further Misconduct and Violations by Counsel and Plaintiff

We separately write to put you and your client on notice that the months-late discovery reveals serious misconduct by both your firm and your client, and that Grailed intends to explore any avenue available to it to rectify these violations.

### A.     Further Misconduct by Counsel

Federal Rule of Civil Procedure 11 provides that: "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . .  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" The now-produced documents strongly suggest Sanders Law Group has violated this rule in at least five ways.

*First*, in the Complaint, Plaintiff alleges that he discovered the infringement on April 6, 2022. As mentioned, no emails or any other documents reflect this. Worse though, on April 13, 2022 Plaintiff emailed Rebecca Liebowitz stating: "Sorry for the late reply!! I was on vacation away with family *for the last month*." (emphasis added). Further, on March 14, 2022, Plaintiff emailed Ms. Liebowitz stating: "I have a huge batch of new infringements and stuff I was holding during your transition." These emails taken together highly suggest the April 6, 2022 discovery date of the purported infringement is likely fabricated, or at least was not adequately investigated with the requisite diligence to file a federal lawsuit—especially where the statute of limitations has run on the claim.



*Second*, produced emails directly contradict the statement you made in signed pleadings to the Court that Sanders Law Group has "no association" with the Liebowitz Law Firm. *Compare* ECF No. 29 at 2 n.1 *with* BARBERA02028; BARBERA02036 (referring to a "merged" Sanders Law Group and Liebowitz Law Firm). To the extent that these false representations have been made as an excuse to avoid producing documents showing the date of the discovery of the use or any other documents relating to this matter, such a statement grossly and knowingly prejudices Grailed.

*Third*, in responding to Grailed's prior motion seeking contempt for failing to produce documents on November 27, 2024 in accordance with the Court's prior discovery order, Plaintiff stated in his briefs that "the production was taking longer than expected due to the limitations of the servers which Plaintiff needed to search." ECF No. 42 at 10. But the documents reveal the true reason the production was late: you only sent the full list of documents which Plaintiff was obligated to produce on December 2, 2024 – *i.e.*, **after** the Court's deadline to produce documents. *See* BARBERA02011.

*Fourth*, in Plaintiff's oppositions to Grailed's motion to compel (ECF No. 27) and to Grailed's first motion for discovery sanctions (ECF No. 29), you advanced the argument that the 30-day computation period resulted in a due date of October 11, 2024, not October 10, 2024. Not only was this incorrect, as the Court correctly found (ECF No. 31), but it was also frivolous and you knew it to be so. Indeed, on October 9, 2024, you sent an email to Plaintiff regarding the discovery responses in which you said: "I had it in my head that this was due today, but, apparently, it's due tomorrow" – *i.e.*, October 10, 2024. BARBERA09168. Thus, you knew the proper due date and seem to have advanced an argument you knew to be incorrect and an untrue explanation for the late response, not once but twice before the Court.

*Fifth*, the now-served initial disclosures sent by your firm contain falsehoods regarding their service. They are dated September 6, 2024, though we did not receive them until March 12, 2025. Similarly, they include a "certificate of service" in which Craig Sanders certified via electronic signature "on September 9, 2024 I caused to be served via electronic mail a copy of Plaintiff's Rule 26 Initial Disclosures on: MITCHELL SILBERBERG & KNUPP LLP[,] Eleanor M. Lackman, Esquire[,] 2049 Century Park East, 18th Floor[,] Los Angeles, CA 90067-3120" without including any email address. This is not true. Mr. Sanders did not serve the initial disclosures at all.[1] They were served via email by you, Mr. Cader, to both Ms. Lackman and myself on March 12, 2025 at email addresses omitted from the certificate of service. Even if this is simply a careless mistake, that would not alter the fact that Mr. Sanders thus certified objective falsehoods with an electronic signature. These are the very initial disclosures which you argued at length at oral argument had been served, when they were not.

---

[1] There is no reason why anything relating to this matter should have been served to an office in Los Angeles. The address that has appeared on all documents throughout this case is 437 Madison Avenue, 25th Floor, New York, NY 10022. In any event, Eleanor confirms to me that she has no record of any such documents arriving at the Los Angeles office up to her last visit there on March 20, 2025.



Jonathan M. Cader, Esq.
March 23, 2025
Page 7

Your firm also seems to have committed ethical violations including failing to keep Plaintiff apprised of the status of the matter – indeed, outright lying to him about its status. New York Rule of Professional Conduct 1.4 states: "A lawyer shall . . . promptly inform the client of . . . material developments in the matter including settlement or plea offers" and "keep the client reasonably informed about the status of the matter[.]"

The emails in BARBERA01970-1972 show that while you initially informed Plaintiff of the October 11, 2024 deposition, no one followed up with him. Indeed, Plaintiff, replying to an email dated September 18, 2024, on the morning of the deposition asked Ms. Halperin: "Are we on for this morning at any specific time? No one confirmed anything since you last sent over this email." *Id.* It appears that you did not update him until November 12, 2024, the day Grailed filed its motion for sanctions based on Plaintiff's nonappearance at his deposition. In that email, Ms. Halperin informed Plaintiff: "I spoke with our attorney. They are in the discovery process and depositions were unnecessary. The case will ultimately settle. The reason you were not notified of the conference is because it will just be the attorneys and as I mentioned, the case may settle before then since it is a long way ahead." BARBERA01985. None of this is true. At no point did Grailed or the Court indicate a deposition would be unnecessary. The production also shows no emails to Plaintiff noting that Grailed had made multiple settlement offers to Plaintiff (both now revoked): one in connection with the Court-ordered mediation and one in Grailed's letter of October 31, 2024. Further, while Judge Tarnofsky provided you with a settlement proposal months ago with a specific deadline, your firm did not respond to her at all.

Finally, your actions also violate the operative Protective Order. The Protective Order that the parties agreed to and entered by the Court permits you only to designate documents as "Confidential" not "Confidential – Attorneys' Eyes Only". ECF No. 51 ¶¶ 1, 3. The Protective Order is clear that "attorneys' eyes only" is to be used only "in extraordinary circumstances". *Id.* Plaintiff used that designation for the entirety of the March 12 production, including innocuous emails specifically stating they are "automated, weekly reminder" emails and other form emails which merely required Plaintiff to click a button. These emails can hardly be considered "extraordinary" warranting the designation. Moreover, the Protective Order has specific procedures Plaintiff was obligated to follow to use designations that request "additional limits on disclosure" such as "attorneys' eyes only". ECF No. 51 ¶ 9. The failure to follow these procedures is yet another violation of a Court-entered order.[2]

    **B.**    **Further Misconduct by Plaintiff**

Plaintiff averred in a sworn declaration filed with the Court on December 30, 2024: "I have produced all documents in my possession, custody and/or control which are responsive to Defendants document demands." ECF No. 41 ¶ 22. He further confirmed that his production only contained reports from Backgrid, Splash News, and Shutterstock (which now owns both Backgrid and Splash). *See id.* ¶ 8. Counsel repeated this representation at oral argument on March 5, 2025. In an email dated November 25, 2024—before Plaintiff made this statement—

---

[2] Additionally, it does not appear that you provided notice to any of the counterparties for the settlement agreements which you produced, resulting in violations of obligations to those parties contained therein.



Jonathan M. Cader, Esq.
March 23, 2025
Page 8

you wrote: "When we spoke on Friday, you mentioned that you also upload content to Splash, *Mega and Image Direct*", asking for the relevant sale and licensing documents. BARBERA01998 (emphasis added). Plaintiff responded to the email acknowledging that "image direct and mega" would be "much harder to get" but never stated documents for those entities did not exist. Yet none of Plaintiff's documents contain reports from Mega or Image Direct. This is nothing to say of the myriad documents referenced above which have not been produced.

Plaintiff also stated in his sworn declaration that he does not "receive any individual licenses from [Backgrid, Splash, or Shutterstock]." ECF No. 41 ¶ 15. But in an email dated November 15, 2024, Plaintiff specifically states he can "find the image licenses." BARBERA01992. He then sends proof of such licenses on November 20, 2024 (though of course the licenses cannot actually be seen in the production due to Plaintiff's failure to produce attachments as referenced above). *See* BARBERA01990.

Finally, Plaintiff made the following statement in his sworn declaration: "I have respected the Orders of this Court and have diligently spent countless hours in responding to Defendant's discovery demands, taking time away from authoring new content for my livelihood and taking time away from parenting my 14-month old daughter. More specifically, during the time that I spent in responding to Defendant's deficiency notice, I missed the opportunity to photograph Taylor Swift and Rihanna, which would have been very lucrative opportunities for me." ECF No. 41 ¶ 23. He further claimed the tardiness of the production was due to technical difficulties. *Id.* ¶¶ 7-12. As noted above, though, the true reason for the late production in violation of the Court's order was that you only sent the full list of documents which Plaintiff was obligated to produce on December 2, 2024 *after* the Court's deadline to produce documents. *See* BARBERA02011. Further, in this email you wrote to Plaintiff: "I hope you had a relaxing and fun holiday weekend," suggesting that Plaintiff was indeed not diligently spending time responding to the Court-ordered discovery and that he had not been working during this time period such that he missed the opportunities to photograph the above-referenced individuals. Plaintiff also wrote to you that getting documents for "[S]plash should be relatively easy." *Id.*

Thus, each of the above sworn-to statements are contradicted, and Plaintiff appears to have committed perjury.

\*   \*   \*

In light of the above, Grailed will seek all avenues necessary to rectify your and Plaintiff's misconduct, and if it must move before the Court, it will attach this letter to its motion (redacted for confidentiality only to the extent required by the Protective Order). The foregoing is not exhaustive, and we suspect further review of the production will reveal further violations, which will also be raised in seeking any relief before the Court.

The entirety of the foregoing letter is without prejudice to all of Grailed's rights and remedies, all of which are expressly reserved.



Jonathan M. Cader, Esq.
March 23, 2025
Page 9

Sincerely,

Andrew F. Nietes
of Mitchell Silberberg & Knupp LLP


Copies to:

Eleanor M. Lackman, Esq. of Mitchell Silberberg & Knupp LLP (eml@msk.com)
Craig B. Sanders, Esq. and Jaymie Sabilia-Heffert, Esq. of Sanders Law Group
       (csanders@sanderslaw.group, jheffert@sanderslaw.group)