UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT BARBERA,

        Plaintiff,

    v.

GRAILED, LLC,

        Defendant.

Case No. 1:24-cv-03535-LJL

**DECLARATION OF ROBERT BARBERA IN OPPOSITION TO DEFENDANT'S THIRD MOTION FOR SANCTIONS**

I, ROBERT BARBERA, hereby declare and affirm pursuant to 28 U.S.C. § 1746 and under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1. I am the plaintiff in this action and personally familiar with the facts upon which this Declaration is based.

2. I would testify to same in a Court of law if requested or required to do so.

3. I make this Declaration in opposition to Defendant's third motion for sanctions.

4. It is my understanding Defendant has alleged that my initial disclosures and supplemental disclosures are deficient because I did not identify Jawad Elatab as a person who may have knowledge of the discovery of my discovery of Defendant's infringement of my photograph of Jonah Hill on its website, and I wish to respond thereto.

5. First, Mr. Elatab has no knowledge of the discovery of my discovery of Defendant's infringement.

6. At my deposition, Defendant questioned me extensively about my relationship with Jawad Elatab, and I explained that he has been a friend for years and works for me as an assistant, who helps me with a garden variety of tasks, ministerial and otherwise.

7. I was asked if Mr. Elatab was listed in the crediting of this Photograph, and I stated

he was not.

8. I was not asked if he had any knowledge of my discovery of Defendant's infringement or of this lawsuit but as noted above, he does not. However, in that I was not asked about Mr. Elatab's knowledge of the facts or of this suit, I wish to set the record straight.

9. As I testified in my deposition, I discovered the Infringement while I was scrolling through Defendant's website as a user of the website. Mr. Elatab was not with me when I found my Photograph on the Website.

10. I have not discussed this lawsuit with Mr. Elatab and he is unaware of this suit or my claims. As such, he is not a person likely to have discoverable information with regard to any claims or defenses in this lawsuit. That is why I did not identify Mr. Elatab on my initial disclosures or supplemental disclosures.

11. I also understand Defendant has argued that I supposedly confirmed at my deposition that certain documents existed that I did not produce. Specifically, I was asked whether there were individual sales records that would show which publication purchased the Photograph at issue in this case (as I was being shown a line-item printout from the global sales report I produced – marked as Exhibit P at my deposition).

12. I stated that the identity of the individual purchasers did not appear on Exhibit P and that I did not personally have any documents that would reflect the identity of the individual purchasers but I believed that Backgrid would have such information.

13. Counsel asked again if I have that information and I again responded that I do not.

14. In a follow up question from counsel as to whether such information exists at all, I repeated my belief that Backgrid would have such information.

15. In yet another follow up question from counsel asking if I would have access to that

information, I said I believed I do not. Counsel then asked, to the extent I do have access to that information, that I produce the individual sales reports showing the identity of the purchasers of the Photograph and the commissions I was paid for each sale.

16. After my deposition, I contacted Backgrid to ask if I had access to that information and, if so, how I would go about getting it. Backgrid explained the process to me and I was able to go into Backgrid's system and obtain the individual sales reports for each of the eight (8) sales marked on Exhibit P at my deposition. I would note, however, that the process for obtaining and saving each such report took approximately 5 minutes each.

17. It was only because I was informed that Defendant was looking for that type of specific report that I learned that I could get that information from Backgrid's portal. I did so at Defendant's request and sent it to my attorneys for production in order to respond to Defendant's request and in my effort to fully comply with the Court's Order.

18. If I had been required to produce this type of granular report for my entire sales history with Backgrid, based on the time involved in producing the eight reports (each of which concerned the Photogrpah at issue in this case) from Backgrid's system, the task would have taken me approximately 1,000 working hours as I have in excess of 12,000 individual sales.

19. Finally, I understand that Defendant claims that I did not search for any documents in March of this year, in response to the Court's Order of March 5, 2025. This is not so.

20. When asked about what at searched for and when at my deposition, counsel was also asking about the system crashes I described in my declaration filed in response to Defendant's second motion for sanctions (*Dkt. No.* 41). In looking back at my deposition testimony, I was clearly confused by counsel's questions.

21. To clarify the record, the system crashes I described in my December declaration

occurred in late November – early December, when I was trying to run the reports requested by Defendant showing my entire sales history with Backgrid and Splash. As this spanned a period of approximately 6 years, the systems kept crashing or timing out because of the volume of information I was requesting. That was not the case in March of this year, however.

22.     I was advised that the Court's Order required me to produce the emails described in the privilege log submitted by my attorneys, along with other materials. I did search for those materials in March of this year and sent same to my attorneys, and it is my understanding that they were produced as BARBERA02024-2346 on March 12, 2025, within seven days of the Court's Order, as was required.

23.     While the way that counsel asked me about my searches in my deposition had me confused, I clearly produced the documents marked as BARBERA02024-2346 and I clearly searched for them in March of this year.

Dated: April 15, 2025

_____
ROBERT BARBERA