UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT BARBERA, | Case No. 24-CV-3535 (LJL) |
| Plaintiff, | |
| v. | |
| GRAILED, LLC, | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SANCTIONS PURSUANT TO RULE 11**

Eleanor M. Lackman (eml@msk.com)
Andrew Nietes (afn@msk.com)
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Defendant Grailed, LLC*

**PRELIMINARY STATEMENT**

Counsel for Plaintiff Robert Barbera ("Plaintiff") has utterly failed to undertake the investigation into the allegations in Plaintiff's federal lawsuit as required by the Federal Rules. Indeed, documents which had been previously and improperly withheld on the basis of waived privilege show that Plaintiff's allegations not only lack any evidentiary support but are likely fabricated to avoid them being time-barred. Critically here, Plaintiff did not file his original Complaint for copyright infringement against Defendant Grailed, LLC ("Grailed") until May 8, 2024 despite alleging the purported infringement had been published in November 2020. Given the three-year statute of limitations for such claims, the date Plaintiff claims he discovered the infringement is both crucial and dispositive.

Plaintiff says he made such discovery on April 6, 2022. His prior contemporaneous statements show otherwise. In fact, Plaintiff had been on vacation during this time and specifically had not been responding to emails from his attorneys regarding potential infringements. Further, he had no recollection at his deposition of actually searching for the infringement while on vacation. And counsel never investigated this date. No evidence has been produced regarding Plaintiff's purported discovery. Not a screenshot from his devices with a timestamp. Not an email to counsel linking to Grailed's website. Not even an email from counsel to Plaintiff inquiring about the date in the Complaint. In fact, Plaintiff did not even recognize his own allegations at his deposition, suggesting his counsel never once reviewed the Complaint or Amended Complaint with him or inquired regarding its content. This is precisely the sort of conduct that Fed. R. Civ. P. 11 is meant to prevent. Plaintiff's counsel should be sanctioned accordingly.

**FACTUAL BACKGROUND & PROCEDURAL HISTORY**

As the Court is aware, Plaintiff initiated this action initially on May 8, 2024 (ECF No. 1). The Complaint and Amended Complaint (ECF No. 10) are identical except that the Complaint had been against the nonexistent entity Grailed, Inc.[1] Plaintiff alleges that he discovered a purported infringement of one of his photographs (the "Photograph") on Grailed's editorial-style news blog on Grailed's website, published in November 2020, on April 6, 2022. *Id.* ¶ 25. Plaintiff further alleges in the Amended Complaint that "[t]he Photograph was stored locally on Defendant's server at URL:

https://process.fs.grailed.com/AJdAgnqCST4iPtnUxiGtTz/auto_image/cache=expiry:max/rotate=deg:exif/resize=height:800,width:1200,fit:crop/output=quality:70/compress/https://process.fs.grailed.com/EhD69JCeRIO44go3hZy6." *Id.* ¶ 23.

Following two sanctions motions by Grailed, on March 5, 2025, the Court issued a Memorandum and Order ordering Plaintiff to produce documents previously withheld on the basis of privilege and to sit for a deposition due to his failure to attend his previous deposition. ECF No. 49 at 13 (the "Order"). The Court also ordered that Plaintiff "is precluded from introducing testimony from any witness other than himself." *Id.* at 13 (citations omitted). On March 12, 2025 Plaintiff made a document production and served his initial disclosures and contention interrogatory answers. *See* Declaration of A. Nietes in Support of Grailed's Third Motion for Sanctions (ECF No. 86) ¶ 3 ("Nietes Decl.").[2] Upon reviewing these materials, Grailed's counsel discovered contemporaneous emails sent by Plaintiff in April 2022 undermining the statements made in Plaintiff's Complaint and Amended Complaint. Grailed sent

---

[1] Even after being informed Grailed, Inc. did not exist counsel for Plaintiff filed another separate lawsuit against this nonexistent entity. *See Ramales Photography LLC v. Grailed, Inc.*, 1:24-CV-06244-DLC (S.D.N.Y.).
[2] The deficiencies in that production are the subject of a separate sanctions motion, which is currently pending. *See* ECF Nos. 52-57.

a letter to Plaintiff's counsel on March 23, 2025 which, *inter alia*, made Plaintiff aware of concerns Plaintiff's counsel had violated Rule 11. Nietes Decl. ¶ 7 & Ex. D. On March 28, 2025 Plaintiff sat for his deposition (previously noticed for October 11, 2024) and confirmed that many allegations in the Complaint have no evidentiary support whatsoever, as set forth herein. On April 4, 2024, counsel for Grailed served a copy of this motion on Plaintiff's counsel. *Id.* ¶ 26.[3] Plaintiff has not withdrawn or corrected the Complaint or Amended Complaint necessitating filing of this motion.

## ARGUMENT

Rule 11 of the Federal Rules of Civil Procedure states: "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Rule 11 is violated where "Plaintiff lacked objectively reasonable evidentiary support for his allegations when filing the complaint" and where "neither Plaintiff nor his counsel conducted a reasonable inquiry into [Plaintiff's] allegations before filing the complaint." *Klein v. Aicher*, 2020 WL 4194823, at *9-10 (S.D.N.Y. July 21, 2020). Where Rule 11 has been violated, sanctions are warranted. *Id.* at *12 (awarding attorneys' fees and costs since "the date plaintiff's lawyer was placed on notice that his claims were frivolous"); *see also* Fed. R. Civ. P. 11(c). The now-produced discovery—which had previously been improperly withheld—reveals Plaintiff's Complaint and Amended Complaint violate Fed. R. Civ. P. 11.

---

[3] Minor corrections, for example to cite to updated ECF numbers and to reflect the date of filing, have been made to this as-filed version but the substance is identical to the motion served on counsel for Plaintiff.

As an initial matter, Plaintiff had never seen the Amended Complaint before his deposition:

Q. You don't know what Exhibit K [the Amended Complaint] is?

A. No.

Q. You haven't seen Exhibit K before today?

A. I don't remember seeing a demand for jury trial.

Q. Looking at the upper left-hand corner, do you see that this says Robert Barbera, Plaintiff?

A. Yes.

Q. And that's you, correct?

A. Yes.

Q. And do you see that it says Grailed LLC, Defendant?

A. Yes.

Nietes Decl. Ex.. A ("Barbera Dep.") at 132:10-25. This suggests Plaintiff's counsel did not inquire or investigate Plaintiff's claims with him at all. As one specific example, when questioned about the URL contained in Paragraph 23 of the Amended Complaint, Plaintiff responded: "…I don't know what the URL is." *Id.* at 146:18-24; 149:19-23 (Q. "So, you don't have any evidence supporting that -- that the photograph was stored locally on defendant's server at the URL in paragraph 23?" A. "I don't know."). Counsel's failure to sufficiently inquire as to the allegations in the Amended Complaint alone suffices to warrant Rule 11 sanctions. *Saltz v. City of New York*, 129 F. Supp. 2d 642, 646 (S.D.N.Y. 2001) (imposing Rule 11 sanctions where attorney "did not make a reasonable inquiry into the facts alleged in plaintiff's complaint" and "did not attempt to investigate plaintiff's claims during the period of over one year between when

5

he was first retained by his client and when he filed the complaint").

Moreover, copyright infringement claims must be brought within three years of the purported discovery or are otherwise time-barred. *See Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014). Plaintiff did not bring his claims until May 2024 despite alleging a publication date of November 2020, so the actual date of discovery is crucial and case dispositive. At his deposition he testified unequivocally:

> Q. To be clear, you discovered this photograph and your law firm did not discover the photograph on Grailed's website?
>
> A. Yes.

Barbera Dep. 155:3-7. [4] Yet Plaintiff's purported date of discovery, April 6, 2022, not only has no evidentiary support but in fact is directly contradicted by Plaintiff's documents and testimony. On March 14, 2022, Plaintiff emailed Ms. Liebowitz stating: "I have a huge batch of new infringements and stuff I was holding during your transition." Nietes Decl., Ex. N at BARBERA02043. On April 13, 2022 Plaintiff emailed Rebecca Liebowitz stating: "Sorry for the late reply!! I was on vacation away with family *for the last month*" – i.e., encompassing April 6, 2022. Nietes Decl., Ex. L at BARBERA02059 (emphasis added). Plaintiff's email also confirms that he was not sending emails to his attorneys from April 5-13, 2022. *Id.* at BARBERA02059-61. Plaintiff confirmed at his deposition that he does not search for infringements while on vacation. Barbera Dep. at 69:6-70:7. He further testified he cannot recall if he was on Grailed's website while on vacation. *Id.* at 156:19-22. Nor does any email show when he actually sent his purported discovery to his lawyers. *See* Nietes Decl. ¶ 6. That Plaintiff may have conveyed this

---

[4] A document (produced belatedly April 3, 2025 after Plaintiff's deposition) shows that Plaintiff's attorneys later sent him an email with a URL to Grailed's website for approval to pursue the claim in July 2022. *See* Nietes Decl., Ex. U. However, this confirmation provides no indication of when Plaintiff informed counsel of the use or why it took nearly two years from such date to commence the action. *See id.*

information to his counsel without any written documentation in April 2022 and counsel subsequently knew the exact date of discovery for filing of the Complaint in May 2024, again with no written confirmation whatsoever, both strains any credulity and even if it were true, only bolsters the argument that counsel failed to investigate the claims in the Complaint before filing it. Given Plaintiff's faulty memory regarding the discovery (as the only witness allowed to testify per the Court's Order) and the lack of any written documentation whatsoever of April 6, 2022 as the discovery date, such allegation—not plead until two years later—lacks any evidentiary support.

Thus, it should be clear that "these facts further establish that neither Plaintiff nor his counsel conducted a reasonable inquiry into these allegations before filing the complaint" and Rule 11 sanctions are warranted. *Klein,* 2020 WL 4194823, at *10.

## **CONCLUSION**

Plaintiff's counsel should be sanctioned by an award of fees and costs Grailed accrued since March 23, 2025—the date Grailed put Plaintiff on notice of the lack of evidentiary support for the April 6, 2022 discovery date. The Court should also issue nonmonetary sanctions against Plaintiff's counsel that it deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>April 28, 2025 | MITCHELL SILBERBERG & KNUPP LLP<br><br>By: */s/Andrew Nietes*<br>Eleanor M. Lackman<br>Andrew Nietes<br>437 Madison Ave., 25th Floor<br>New York, New York 10022-7001<br>Telephone: (212) 509-3900<br>Facsimile: (212) 509-7239<br><br>*Attorneys for Defendant Grailed, LLC* |