```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                      :
ROBERT BARBERA,                                       :
                                                      :
                          Plaintiff,                  :
                                                      :        24-cv-3535 (LJL)
              -v-                                     :
                                                      :     MEMORANDUM AND
GRAILED, LLC,                                         :          ORDER
                                                      :
                          Defendant.                  :
                                                      :
-----------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

On March 5, 2025, the Court issued a memorandum and order imposing sanctions on Plaintiff pursuant to Federal Rules of Civil Procedure 16(f), 37(c)(1), and 37(d)(1)(A). Dkt. No. 49. Defendant had filed two motions for sanctions based on Plaintiff's failure to timely respond to discovery requests, failure to attend his deposition on October 11, 2024, and failure to comply with the Court's November 20, 2024 order compelling responses to discovery. Dkt. Nos. 22, 34. Among other things, the Court ordered Plaintiff to sit for an in-person deposition at his own expense, to provide responses to Defendant's contention interrogatories, to serve initial disclosures, and to produce all documents responsive to Defendant's document requests. *Id.* at 13. The Court ordered that Plaintiff would "bear the costs and expenses of the deposition, including attorney's fees for a single attorney for the Defendant for the duration of the deposition," and the "reasonable attorneys' fees and costs with respect to both motions for sanctions, the October 11 deposition, and the motion to strike." *Id.* at 13–14. The Court ordered Defendant to submit a fee application and gave Plaintiff an opportunity to respond to that application and Defendant an opportunity to submit a reply in support of the application. *Id.* at 14.

Defendant now moves for an award in the amount of $73,406.55, consisting of $65,309.25 in attorney's fees and $8,097.30 in costs, for the sanctions awarded by the Court. Dkt. No. 59. Plaintiff opposes the motion. Dkt. Nos. 90–91.[1] The motion is granted in part as set forth below.

Defendant seeks attorney's fees of $65,309.25 based on 19.5 hours of time billed to this matter by Eleanor M. Lackman, 90.6 hours billed by Andrew Nietes, and 7.5 hours billed by Dalton Kniss. Dkt. No. 61 ¶ 6. Defendant has billed Lackman at $832.50 per hour, Nietes at $517.50 per hour, and Kniss at $292 per hour. *Id.*

The "starting point" and "lodestar" in analyzing whether claimed attorney's fees are appropriate is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Milea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Lilly v. City of New York*, 934 F.3d 222, 227–34 (2d Cir. 2019) (discussing calculation of reasonable hourly rates and reasonable number of hours expended). That fees are being awarded as part of a sanction as opposed to under a statute does not change that analysis. *See Laba v. JBO Worldwide Supply Pty Ltd.*, 2023 WL 4985290, at *13 (S.D.N.Y. July 19, 2023) ("When awarding fee applications as a sanction, district courts calculate a lodestar figure based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate." (internal citation omitted)). The party seeking the fees bears the burden of establishing that its requested rates are reasonable. *Id.* (internal citations omitted).

"The reasonable hourly rate is the rate a paying client would be willing to pay," bearing in mind "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Bd.*

---

[1] Defendant has submitted a reply memorandum of law and two declarations in further support of its motion. Dkt. Nos. 94–96.

*of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).  The Second Circuit has instructed district courts to "calculate a 'presumptively reasonable fee' by determining the appropriate billable hours expended and 'setting a reasonable hourly rate, taking account of all case-specific variables.'" *Lilly*, 934 F.3d at 229–30 (citing *Arbor Hill*, 522 F.3d at 188–90).  "An attorney's hourly rate is considered reasonable when it is in line with those rates prevailing" in the district in which the court sits "for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. M&B Builders Grp. Inc.*, 2018 WL 6067229, at *5 (S.D.N.Y. Nov. 19, 2018) (citation and punctuation omitted); *accord McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006).  The Court considers both the evidence submitted by the party as to rates they typically charge and its own knowledge of comparable rates in the area of legal practice at issue and in the Southern District.  *See Ruradan Corp. v. City of New York*, 2024 WL 3567276, at *3 (S.D.N.Y. July 29, 2024) (internal citations omitted).

In considering a reasonable hourly rate, the Second Circuit has instructed courts to consider:

> factors including, but not limited to the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Suarez v. Liquid Blue, Inc.*, 2024 WL 2978311 (S.D.N.Y. June 12, 2024) (quoting *Arbor Hill*, 522 F.3d at 189).  Courts can also consider the following twelve factors:

3

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly*, 934 F.3d at 228 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

"The actual billing arrangement certainly provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded." *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001). "Courts in this District have recognized that an 'attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of' a reasonable hourly rate." *Doe 1 v. E. Side Club, LLC.*, 2023 WL 4174141, at *6 (S.D.N.Y. June 23, 2023) (quoting *In re Stock Exchs. Options Trading Antitrust Litig.*, 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006)), *aff'd sub nom. Derek Smith L. Grp., PLLC v. E. Side Club, LLC*, 2024 WL 1756106 (2d Cir. Apr. 24, 2024), *cert. denied sub nom. Cohen v. Derek Smith L. Grp., PLLC*, 145 S. Ct. 439 (2024). However, the fee arrangement is not dispositive. *See Charles v. Seinfeld*, 2022 WL 889162, at *4 (S.D.N.Y. Mar. 25, 2022) (Nathan, J.). "[W]hile plaintiff may enter into any fee arrangement it wishes with counsel, it should not be permitted to manipulate the actual damage incurred by burdening the defendant with an exorbitant fee arrangement." *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1263 (2d Cir. 1987) (quoting *Equitable Lumber Corp. v. IPA Land Dev. Corp.*, 344 N.E.2d 391, 397 (N.Y. 1976)).

Plaintiff argues that the hourly rates sought by Defendant are unreasonable. It suggests that the reasonable rate for Lackman would be $550 an hour, for Nietes would be an $300 hour, and for Kniss would be $125 per hour. *See* Dkt. No. 91-1 at 2.

The Court finds the following rates to be reasonable for the professionals employed by Mitchell Silberberg & Knupp LLP ("MSK"): $775 an hour for Lackman; $517.50 an hour for Nietes, and $200 an hour for Kniss.[2] Those rates are consistent with the experience and expertise of the lawyers and the paralegal. Lackman is a partner at MSK. Dkt. No. 61 ¶ 7. She is a 2003 graduate of Fordham University School of Law, her entire litigation career has focused almost exclusively on copyright and trademark cases, and she served as lead counsel in this matter and supervised and counseled on all aspects of the litigation. *Id.* She has been recognized as a Leading Lawyer by both Chambers Global Guide and Chambers USA. Dkt. No. 61-2. Nietes is an associate at MSK and a 2020 graduate of Fordham University School of Law where he graduated magna cum laude and was awarded a prize for achieving the highest grades in courses in intellectual property among all graduating J.D. candidates. Dkt. No. 61 ¶ 8; Dkt. No. 61-3. He handled all day-to-day litigation tasks for this matter. *Id.* Kniss is the paralegal on the case and has 10 years of experience. Dkt. No. 61 ¶ 6.

Plaintiff asks the Court to set the rates at those the Court found reasonable in *Mintable Pts. Ltd. v. Mintology Inc.*, 2024 WL 4493770 (S.D.N.Y. Oct. 15, 2024). In that case, the Court reduced the rates for the attorneys to $550 an hour for a partner with thirteen years of experience, $450 an hour for counsel, and $300 an hour for an associate. *Id.* at *3–4. But that case was resolved through a motion for a default judgment and was relatively simple. *Id.* at *4. Counsel simply had to prepare a 20-page complaint with five exhibits, serve it, and then prepare an uncontested motion for a default judgment. *Id.* at *5. Courts generally have found that the rates that are reasonable for a contested case are not the same as those that are reasonable for the preparation of a motion

---

[2] Defendant submits evidence in a reply declaration that Kniss "consistently performs at a skill level and produces work product comparable to a junior associate." Dkt No. 95 ¶ 3. The Court disregards evidence submitted for the first time on reply.

for a default judgment. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 52 (E.D.N.Y. 2015) (recommending reduced attorney's fees because "this default judgment motion is relatively straightforward as compared to a contested trial"); *Gonzales v. Gan Israel Pre-Sch.*, 2014 WL 1011070, at *19 (E.D.N.Y. Mar. 14, 2014) (similar).  Moreover, the attorneys in *Mintable* did not have the same experience as defense counsel here.  For example, while the partner in *Mintable* had thirteen years of experience, those years were spent in a prosecutor's office. *See Mintable*, 2024 WL 4493770, at *3.  The other lawyers' job experience consisted of civil litigation generally without any particular expertise in intellectual property.  *See id.*

For its part, Defendant points to *Charles*, 2022 WL 889162, at *6, in which the Court awarded fees ranging from $800 to $925 for a partner and $450 for an associate.  In that case, however, the Court based its award on "the extensive experience and reputation of Gibson Dunn, and the information provided about the attorneys who worked on this matter, all of whom have strong credentials." *Id.* at *5.  Defendant has not submitted comparable information here.

Once a reasonable rate of pay has been calculated, it is multiplied by a reasonable number of hours expended to determine the award amount. *Ruradan*, 2024 WL 3567276, at *4.  The Court has discretion to disregard hours viewed as "excessive, redundant, or otherwise unnecessary." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  However, the Supreme Court has emphasized that "determination of fees 'should not result in a second major litigation.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quoting *Hensley*, 461 U.S. at 437).  The Court's role is not to act as a "green-eyeshade" accountant but "to do rough justice." *Id.*  "[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 655 (S.D.N.Y. 2019) (quoting *Errant Gene Therapeutic, LLC v. Sloan-Kettering*

*Inst. for Cancer Rsch.*, 286 F. Supp. 3d 585, 588 (S.D.N.Y. 2018), *aff'd*, 2018 WL 3094913 (S.D.N.Y. June 21, 2018)); *see also Cruz v. Space NY 50th St LLC*, 2019 WL 4061492, at *5 (S.D.N.Y. Aug. 28, 2019). The Court need not individually assess each time entry but has "discretion to simply apply a reasonable percentage reduction as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).

The Court has reviewed Defendant's contemporaneous time records. With one important exception, the time is appropriately billed and not excessive, redundant, or otherwise unnecessary. It consists of time recorded for research and drafting the motions to compel and for sanctions and contempt, for attending the October 2024 deposition that Plaintiff did not attend, and for one attorney attending the March 2025 deposition of Plaintiff. The Court awarded Defendant those fees as part of the sanctions it imposed. Dkt. Nos. 49, 61-1.

The exception consists of the time billed for deposition preparation. Such time would have been expended even if Plaintiff had not violated his discovery obligations. The Court will accordingly reduce the fee award by 7.5% for the time improperly billed for deposition preparation.

Defendant seeks $8,097.30 in costs. Those costs are reasonable. Counsel expended $530 for the October deposition that Plaintiff failed to attend. Dkt. No. 61-4. The vendor provided Defendant an estimated invoice of $8,097.30 for the March 2025 deposition, including for the videographer and the preparation of the transcript. Dkt. No. 61-5. *See also* Dkt. No. 61 ¶¶ 11–12.[3] The Court finds that these costs are "adequately documented, reasonable, and of the type commonly reimbursed by courts in this district." *Palaguachi v. All City Remodeling, Inc.*, 2018 WL 11226108, at *3 (S.D.N.Y. April 20, 2018).

---

[3] The actual costs expended by Defendant appear to sum to $8,627.30. The Court awards Defendant only the costs sought in its motion.

7

Defendant asks that the award be payable jointly and severally by Plaintiff and Plaintiff's counsel. Dkt. No. 60 at 7–8. Plaintiff does not offer any basis for opposing the request. The Federal Rules expressly contemplate that expenses awarded under Rule 37 are to be paid by "the disobedient party, the attorney advising that party, or both." Fed. R. Civ. P. 37(b)(2)(C); *see also* Fed. R. Civ. P. 37(d)(3). Both Plaintiff and his counsel bear responsibility for the numerous discovery violations that have plagued this case. Accordingly, the award is payable jointly and severally by both. *See Exp. Dev. Can. v. E. Coast Power & Gas, LLC*, 754 F. Supp. 3d 511, 521 (S.D.N.Y. 2024).

The motion is granted in part and Defendant is awarded expenses of $66,832.95, consisting of $58,735.65 in attorney's fees and $8,097.30 in costs. The expenses shall be paid within two weeks of the date of this Order and proof of payment shall be filed on the docket.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 59.

SO ORDERED.

Dated: April 29, 2025
      New York, New York

                                            LEWIS J. LIMAN
                                      United States District Judge