UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT BARBERA,

          Plaintiff,

v.

GRAILED, LLC,

          Defendant.

Case No: 1:24-cv-03535-LJL

Hon. Lewis J. Liman

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION FOR SANCTIONS PURSUANT TO RULE 11**

**SANDERS LAW GROUP**

Jonathan M. Cader, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, New York 11553
Email: jcader@sanderslaw.group
Tel: 516-203-7600
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... 2

PRELIMINARY STATEMENT .............................................................................................. 3

STATEMENT OF FACTS ....................................................................................................... 4

ARGUMENT ............................................................................................................................ 5

I.     STANDARD OF REVIEW ............................................................................................ 6

II.    THE FACTS DO NOT SUPPORT THE FINDING OF A RULE 11 VIOLATION .......... 8

     A.    The Firm Duly Investigated Plaintiff's Claims ............................................... 8

     B.    There is Evidence in the Record to Show that the Photograph was Stored on Defendant's Servers ........................................................................... 10

     C.    Plaintiff Reviewed His Complaint Prior to Filing .......................................... 11

III.   DEFENDANT SHOULD BE SANCTIONED FOR FILING A FRIVOLOUS MOTION ....................................................................................................................... 12

CONCLUSION ....................................................................................................................... 15

1

**TABLE OF AUTHORITIES**

**Cases**

*Arista Records LLC v. Doe 3*,
    604 F.3d 110 (2d Cir. 2010) .................................................................................................. 4

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
    579 F.3d 143 (2d Cir. 2009) .................................................................................................. 5

*Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*,
    No. 93 CIV. 6876 (LMM), 2003 WL 21355212 (S.D.N.Y. June 11, 2003) .............................. 5

*E. Gluck Corp. v. Rothenhaus*,
    252 F.R.D. 175 (S.D.N.Y. 2008) ........................................................................................... 10

*Hadges v. Yonkers Racing Corp.*,
    48 F.3d 1320 (2d Cir. 1995) .................................................................................................. 4

*Hernandez v. Miller*,
    No. 22-CV-6964 (VSB), 2022 WL 17584025 (S.D.N.Y. Dec. 12, 2022) ........................... 5, 10

*Koar v. United States*,
    No. 96 Civ. 5166, 1997 WL 1038181 (S.D.N.Y. Sept.2, 1997) ............................................ 10

*Kumaran v. Northland Energy Trading, LLC*,
    No. 19-CV-8345 (MKV) (RWL), 2024 WL 5317374 (S.D.N.Y. Jan. 10, 2025) ................ 5, 10

*Lawrence v. Richman Grp. of CT LLC*,
    620 F.3d 153 (2d Cir. 2010) .................................................................................................. 4

*Margo v. Weiss*,
    213 F.3d 55 (2d Cir. 2000) .................................................................................................... 4

*Safe-Strap Co. v. Koala Corp.*,
    270 F. Supp. 2d 407 (S.D.N.Y. 2003) ................................................................................... 10

*Sportvision, Inc. v. MLB Advanced Media, LP*,
    No. 18CV03025PGGVF, 2022 WL 19406558 (S.D.N.Y. Dec. 5, 2022), report and
    recommendation adopted sub nom. *Sportvision, Inc. v. MLB Advanced Media, L.P.*, No.
    18CIV3025PGGVF, 2023 WL 2706904 (S.D.N.Y. Mar. 30, 2023) ...................................... 11

**Rules**

Fed. R. Civ. Pro.
    11 ................................................................................................................................... 1, 3, 9
    11(b) ........................................................................................................................................ 3
    11(b)(3) ................................................................................................................................. 10

Plaintiff, Robert Barbera ("*Plaintiff*"), respectfully submits the instant Memorandum in opposition to the motion for sanctions pursuant to Fed. R. Civ. Pro. 11 filed by the defendant, Grailied, LLC ("*Defendant*").

## PRELIMINARY STATEMENT

Defendant brings this motion for sanctions on the grounds that the undersigned Firm purportedly failed to perform the requisite investigation into the facts underlying the Complaint (and Amended Complaint) as is required by Rule 11 of the Federal Rules of Civil Procedure. More specifically, Defendant contends that there is no documentation or other evidence in the record to support Plaintiff's contention that he discovered the Infringement on April 6, 2022. From that, Defendant argues that the discovery date must have been "fabricated" by Plaintiff and/or counsel to preserve a claim that Defendant posits should otherwise be time barred. Defendant's argument is wholly without merit and must be rejected.

As is set forth more fully herein, there *is* documentation in the record to support the discovery date of April 6, 2022. Insofar as such documents were exchanged in discovery with Defendant, it should give the Court cause to question why Defendant did not disclose the existence of such documents to the Court and attempt to explain why such documentation would purportedly not support the stated date of discovery. Instead, Defendant filed this motion as if that documentation does not exist, when it clearly does. That is particularly relevant here, where Defendant is seeking sanctions pursuant to Rule 11. As Defendant's motion correctly notes, Rule 11 provides that an attorney's signature on a paper filed with the Court certifies that the factual contentions have evidentiary support. By affirmatively omitting references to the subject documents and to the complete answers given by Plaintiff in his deposition, Defendant has not portrayed a full and accurate narrative of the facts, which itself would be a Rule 11 violation.

3

**STATEMENT OF FACTS**

Plaintiff commenced this action upon the filing of a Complaint with this Court on May 8, 2024. *Dkt. No.* 1, *et seq.* Plaintiff filed a First Amended Complaint on June 4, 2024. *Dkt. No.* 10 (the "*FAC*"). As Defendant's motion notes, the purpose for the filing of the FAC was to correct the caption to name Grailed LLC as the defendant, as opposed to the originally named Grailed, Inc.

On or about April 6, 2022, Plaintiff contacted the undersigned Firm to notify it that he discovered that Defendant had posted and displayed a copy of a photograph he authored of Jonah Hill on its website, and that he believed that he did not grant Defendant a license or other permission to display his photograph. Upon being so advised, the Firm found the display of Plaintiff's photograph at https://www.grailed.com/drycleanonly/jonah-hill-style, and printed a screengrab of the offending webpage. *See Dkt. No.* 88-1. The printout is dated April 14, 2022. *Id.* Notably, Defendant's motion makes no mention of this printout, despite it having been exchanged in initial discovery and subsequently filed on the docket in response to Defendant's third motion for sanctions. *Id.* The Firm also first opened a file in its office on April 14, 2022, for this matter.

After further investigation, on July 13, 2022, the Firm sent an email to Plaintiff with respect to the putative infringement, asking him to either approve the matter for further action or to disapprove if he had licensed the photograph to Defendant or given other permission to Defendant to display same. *See Dkt. No.* 86-21. As with the above, Defendant's current motion includes no reference to this email, notwithstanding that Defendant filed this document as an exhibit to its third motion for sanctions. *Id.* Further, prior to commencing this action, the Firm sent an email to Plaintiff forwarding a copy of the draft Complaint, asking him to review it for accuracy and to sign a letter of approval with respect to same. *A copy of this letter is annexed to the accompanying*

4

*declaration of Jonathan M. Cader as Exhibit 1*. Defendant's motion similarly omits any reference to or acknowledgement of this email.

As Defendant's motion also correctly notes, the FAC alleges that Plaintiff discovered the infringement of his photograph of Jonah Hill on April 6, 2022, and alleges that the Photograph was stored locally on Defendant's servers at URL: https://process.fs.grailed.com/AJdAgnqCST4iPtnUxiGtTz/auto_image/cache=expiry:max/rotate=deg:exif/resize=height:800,width:1200,fit:crop/output=quality:70/compress/https://process.fs.grailed.com/EhD69JCeRIO44go3hZy6. In the instant motion, Defendant argues that the foregoing allegations in the FAC are devoid of factual support.

## ARGUMENT

The singular question before the Court on the instant motion is: "did the Firm perform a pre-suit investigation of the facts that was reasonable under the circumstances to justify the filing of the Complaint?" The answer to this question must be "yes." In this case, Plaintiff notified (and has now testified under penalties of perjury as to same) the Firm that he had found his picture of Jonah Hill being displayed on Defendant's website and that he had no record of granting Defendant a license to use the photograph. Upon being so advised, the Firm opened a new file in its office, captured a screengrab of the offending webpage and further determined that the photograph was being stored on Defendant's servers and copied that URL. Thereafter, the Firm sent Plaintiff an email asking him to confirm if he wanted the Firm to further pursue its investigation of the alleged infringement, or, if the Firm should close its file. Then, prior to filing the Complaint, the Firm sent Plaintiff a copy in draft and asked Plaintiff to confirm for accuracy and to sign his approval for the filing. He did.

As the Court is aware, in order to prevail on a claim of direct copyright infringement, a

5

plaintiff must satisfy a simple two-part test, *to wit,* (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant. *Arista Records LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010). Here, the Firm was provided with the certificate of copyright registration identifying Plaintiff as the rights holder. Plaintiff then advised the Firm that he did not grant Defendant a license or other permission to display the photograph, and Defendant has not claimed to have a license or other permission to display the photograph in this case. Accordingly, the Firm determined there was a factual basis for a *prima facie* claim of direct infringement here. As a result, it is respectfully submitted that the Firm's pre-suit investigation was Rule 11 compliant.

**I.     STANDARD OF REVIEW**

Rule 11 states that an attorney who presents "a pleading, written motion, or other paper" to the court thereby "certifies" that to the best of his knowledge, information, and belief formed after a reasonable inquiry, the filing is (1) not presented for any improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (3) supported in facts known or likely to be discovered on further investigation. Fed. R. Civ. Pro. 11(b). *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 156 (2d Cir. 2010). Against this standard, it is equally well-settled that "an attorney is entitled to rely on the objectively reasonable representations of the client." *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1329 (2d Cir. 1995). The standard for determining whether an attorney has performed a sufficient inquiry into facts stated by his client is one of objective unreasonableness. *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000). To this end, "Rule 11 sanctions are not warranted where the evidentiary support is merely weak and the claim is unlikely to prevail."

In this case, the facts show that the Firm did not rely solely on its client's representations

that the photograph was displayed on Defendant's website. Instead, the Firm examined the website and took a screengrab of the page on which the infringement appeared and captured the URL where the infringement was stored on Defendant's servers. The Firm then justifiably relied on Plaintiff's representation that the use was not licensed, and Defendant has not alleged at any time in this case that it had a license or other permission from Plaintiff to use his photograph.

Therefore, it is respectfully submitted that the Firm's efforts to fact-check the representations of its client were objectively reasonable under the circumstances. That is because Rule 11(b)(3) provides in pertinent part that, by presenting a complaint to the court, the attorney signing or filing the complaint "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009). Elsewhere stated, "lack of success on a claim is not a basis for imposing sanctions." *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, No. 93 CIV. 6876 (LMM), 2003 WL 21355212, at *1 (S.D.N.Y. June 11, 2003).

As against the foregoing, Courts within this District have repeatedly held that "Rule 11 motions should not be employed to test the sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes" (*Hernandez v. Miller*, No. 22-CV-6964 (VSB), 2022 WL 17584025, at *1 (S.D.N.Y. Dec. 12, 2022); *Kumaran v. Northland Energy Trading, LLC*, No. 19-CV-8345 (MKV) (RWL), 2024 WL 5317374, at *9 (S.D.N.Y. Jan. 10, 2025)), but that is the exact argument Defendant is making here. Because this is not a proper Rule 11 motion, it should be denied.

## II. THE FACTS DO NOT SUPPORT THE FINDING OF A RULE 11 VIOLATION

The arguments advanced in Defendant's motion are essentially threefold. First, Defendant argues that the date of Plaintiff's discovery of the infringement "has no evidentiary support" and the Firm violated Rule 11 by purportedly failing to fact-check the date of discovery. Second, Defendant argues that there is no evidence to support Plaintiff's claim that the photograph was actually stored on defendant's servers because he did not recognize the URL set forth in the FAC wherein the photograph was stored. Third, Defendant argues that the Firm did not investigate Plaintiff's claims with him because Plaintiff's deposition testimony purportedly shows that he had not seen the Complaint prior to its filing. Each of these arguments is without merit and must be rejected.

### A. THE FIRM DULY INVESTIGATED PLAINTIFF'S CLAIMS

In the first prong of its motion, Defendant argues that "Plaintiff's purported date of discovery, April 6, 2022, not only has no evidentiary support but in fact is directly contradicted by Plaintiff's documents and testimony." *Dkt.. No.* 98 at p. 6. Defendant bases this argument on the observation that Plaintiff had sent an email to Rebecca Liebowitz, then an associate with the Firm, on March 14, 2022, saying that he has a "a huge batch of new infringements and stuff I was holding during your transition." *Id.* Defendant concludes from this statement alone that the infringement at bar was one of the "batch" that Plaintiff was holding. Defendant makes this argument as if it presents a question of fact, but it does not. More specifically, Defendant did not ask Plaintiff if this infringement was, in fact, one amongst that batch at his deposition. Instead, Defendant attempts to bolster this argument by citing to another email noting that he was on vacation during dates that purportedly encompass the date of discovery and that "Plaintiff confirmed at his deposition that he does not search for infringements while on vacation." *Id.* To allay any of the confusion

Defendant attempts to create around this point, Plaintiff refers to the accompanying Declaration of Robert Barbera, wherein Plaintiff states that the infringement at issue in this case could *not* have been included in the "batch" of infringements referenced in his email to Ms. Liebowitz, insofar as that email was dated March 14, 2022, and Plaintiff did not discover this infringement until approximately three weeks later, on April 6, 2022. In other words, it would be a factual impossibility for this infringement to have been in the "batch" referenced in Plaintiff's March 14 email.

While Defendant cites to a segment of Plaintiff's deposition testimony, it failed to put other relevant pages of Plaintiff's deposition before the Court wherein Plaintiff testified that he was not "searching for infringements" when he found Defendant's unlawful display of his photograph on Defendant's website. Instead, Plaintiff testified that he is a subscriber to Defendant's website and found the infringement by serendipity when he was browsing the website to buy and/or sell merchandise. Not to be deterred, Defendant then avers that Plaintiff testified he "cannot recall if he was on Grailed's website while on vacation." *Id.* From this, Defendant argues that it "strains credulity" to consider that Plaintiff and the Firm knew the exact date of discovery "with no written confirmation whatsoever" to confirm same. *Id.*

Defendant's argument is wholly without merit insofar as Plaintiff produced a screengrab of the offending webpage captured by the Firm on April 14, 2022. *See Dkt. No.* 88-1. It also fails to recognize that the Firm was contacted by Plaintiff concerning the infringement on April 6, 2022 and would have noted that date as the reason for undertaking a review of the Grailed site and the opening of an investigatory file. The Firm thereafter captured a screengrab of the offending webpage on April 14, 2022, a date in direct proximity to the notification of the alleged infringement by Plaintiff. Defendant should have acknowledged the production of this document in discovery

9

and have argued to this Court why the screengrab captured on April 14, 2022 does not lend support for the date of actual discovery, however, in its motion, Defendant appears to pretend it does not exist when asking this Court to find that the Firm – which generated that screengrab as a direct result of having been notified by Plaintiff of the infringement - violated Rule 11 as to the discovery date.

### B. THERE IS EVIDENCE IN THE RECORD TO SHOW THAT THE PHOTOGRAPH WAS STORED ON DEFENDANT'S SERVERS

In the next prong of its motion, Defendant claims that Plaintiff's inability to recognize a URL at his deposition is "another specific example" to show that the Firm "did not inquire or investigate Plaintiff's claims with him at all." *Dkt. No.* 98 at p. 5. In support, Defendant cites to the portion of Plaintiff's deposition testimony wherein he was asked about the URL contained in paragraph 23 of the FAC, to which Plaintiff responded, "I don't know." *Id.* Defendant then argues that Plaintiff's response should be interpreted as meaning that Plaintiff has no evidence to support his claim that the photograph was stored on Defendant's servers. *Id.*

Defendant's argument is not persuasive. More specifically, paragraph 23 of the FAC reads as follows:

> "The Photograph was stored locally on Defendant's server at URL: https://process.fs.grailed.com/AJdAgnqCST4iPtnUxiGtTz/auto_image/cache=expiry:max/rotate=deg:exif/resize=height:800,width:1200,fit:crop/output=quality:70/compress/https://process.fs.grailed.com/EhD69JCeRIO44go3hZy6."

*Dkt. No.* 10 at ¶ 23.

Defendant seeks to fault Plaintiff for being unable to identify what information or image would be found at this URL by eyesight alone. This argument is risible insofar as it is wholly unrealistic to expect a person to be able to determine what information or other content is stored at the identified URL by reading the location code alone and without the aid of a hyperlink.

*Critically*, even if Defendant had provided access to the hyperlink to Plaintiff at his deposition, it would not have helped. That is because clicking on the link now returns a result saying that the page cannot be found, as Defendant clearly disabled or deleted the page on which it stored Plaintiff's photograph. In other words, if there is no evidence in the record to show that Plaintiff's photograph was stored on Defendant's servers, it is as a result of Defendant's failure to have preserved that relevant piece of evidence, through no fault of Plaintiff.

It should be further noted that when Plaintiff was asked if he recognized the URL at paragraph 22 of the FAC (https://www.grailed.com/drycleanonly/jonah-hill-style), he said he recognized that as being the page whereon he observed his photograph.

### C. PLAINTIFF REVIEWED HIS COMPLAINT PRIOR TO FILING

In the final prong of its motion, Defendant argues that the Firm did not investigate Plaintiff's claims with him at all because Plaintiff's deposition testimony shows that he had "never seen the FAC before his deposition." *Dkt. No.* 98 at p. 5. This is a mischaracterization of Plaintiff's deposition testimony. The cited portion of Plaintiff's deposition testimony is as follows:

> Q. You don't know what Exhibit K [the Amended Complaint] is?
> A. No.
> Q. You haven't seen Exhibit K before today?
> A. I don't remember seeing a demand for jury trial.
> Q. Looking at the upper left-hand corner, do you see that this says Robert Barbera, Plaintiff?
> A. Yes.
> Q. And that's you, correct?
> A. Yes.
> Q. And do you see that it says Grailed LLC, Defendant?
> A. Yes

*Dkt. No.* 98 at p. 5 (citing *Dkt. No.* 86-1 at 132:10-25).

As the Court can see, the only relevant testimony is that Plaintiff stated he did not recall a demand for a jury trial. He did not state that he had never seen the document before and, in fact,

11

he had. As was noted above, on July 13, 2022, the Firm sent an email to Plaintiff asking if he wanted to approve this claim for further investigation. *Dkt. No.* 86-21. Further, prior to filing this action, the Firm sent a draft of the proposed Complaint to Plaintiff for him to review and confirm. *See Exhibit 1 to the accompanying declaration of Jonathan M. Cader.* Plaintiff returned the letter with his signature of approval. *Id.* Therefore, the evidence in the record shows that Plaintiff did review and approve the Complaint prior to its filing and, in so doing, verified the factual accuracy of all of the allegations contained in the Complaint. That act alone would likely satisfy counsel's requirements under Rule 11.

### III. DEFENDANT SHOULD BE SANCTIONED FOR FILING A FRIVOLOUS MOTION

"The filing of a motion for sanctions is itself subject to the requirements of [Rule 11] and can lead to sanctions." Fed. R. Civ. Pro. 11 advisory committee's note (1993 Amendments). *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003); see also *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008) (citing *Koar v. United States*, No. 96 Civ. 5166, 1997 WL 1038181, at *2 n. 2 (S.D.N.Y. Sept.2, 1997)). "Thus, where a party's motion for Rule 11 sanctions is not well grounded in fact or law, or is filed for an improper purpose, a court my find itself in the position of imposing Rule 11 sanctions on the moving party and/or her attorney," and the defending party need not file a cross-motion as a predicate for such relief. *Id.*

In addition, and as was noted above, "Rule 11 motions should not be employed to test the sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes" (*Hernandez, supra,* 2022 WL 17584025, at *1; *Kumaran, supra,* 2024 WL 5317374, at *9. Further, and "[i]mportantly, a Rule 11 motion for sanctions is not a proper substitute for a motion for summary judgment." *Sportvision, Inc. v. MLB Advanced Media, LP*, No. 18CV03025PGGVF, 2022 WL 19406558, at *4 (S.D.N.Y. Dec. 5, 2022), report and

12

recommendation adopted sub nom. *Sportvision, Inc. v. MLB Advanced Media, L.P.*, No. 18CIV3025PGGVF, 2023 WL 2706904 (S.D.N.Y. Mar. 30, 2023).

It is clear that Defendant's motion is not a proper Rule 11 motion insofar as its primary focus is to challenge the efficacy or veracity of the date set forth in the FAC as to Plaintiff's date of discovery of the infringement. As such, the proper mechanism to present such a challenge would be through a motion to dismiss or for summary judgment, but not through a Rule 11 motion. Further, Defendant's motion invites this Court to invade the province of the jury and to make factual and credibility determinations specifically reserved for jury determination and does so through a threatening and chilling legal mechanism not intended for that purpose.

More importantly, however, is that Defendant's motion omits facts relevant to the determination of the instant motion. More specifically, Defendant argues that there is not a single document to support the stated date of discovery, despite Plaintiff having produced the screengrab of the offending webpage taken by the Firm on April 14, 2022. Defendant argues that there is no proof that the photograph was stored on its servers but does not state what would have been found at the once valid hyperlink if it had not been disabled or deleted. It also fails to acknowledge that the Firm documented by the infringement URL and photograph URL as part of its initial investigation. Defendant argues that the Firm did not vet the claims with its client, despite the existence of correspondence to the contrary.

Consistent with this approach, while Defendant has provided a single-page excerpt from Plaintiff's deposition wherein Plaintiff confirmed that it was he who found the infringement and not the Firm (*Dkt. No.* 86-1 at p. 155). Defendant did not provide the attending pages of Plaintiff's deposition wherein he was asked about the date of discovery and confirmed that the date in the Complaint was accurate. This, notwithstanding that Defendant directly argues that the date of

13

discovery is "directly contradicted by Plaintiff's testimony." *Dkt. No.* 98 at p. 6. Insofar as Plaintiff testified as to the date of his discovery of the infringement, there is no basis for Defendant to claim that the identification of such date would constitute a Rule 11 violation.

To the extent Defendant argues that it "strains credulity" to accept Plaintiff's representation in this regard, this would be an issue for trial, not a Rule 11 motion. As noted above, Courts routinely hold that a Rule 11 motion is not a substitute for a summary judgment motion. Stated otherwise, it would not only be a departure from existing precedent for the Courts to allow Rule 11 motions to become substitutes for summary judgment motions—or even trials—at which time credibility determinations are to be made, with the proper method of attack being vigorous cross examination. That is particularly so where, as here, the public record shows that Defendant's attorneys all too frequently resort to the filing of motions for sanctions as a method of collateral attack.

As Defendant readily points out, "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney ... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." Rule 11(b)(3). In the instant motion, Defendant accuses the Firm of violating this Rule but, in so doing, violates the Rule itself.

If it is Defendant's belief that the screengrab of its webpage, captured by the Firm one week after the stated date of discovery is insufficient to establish the accuracy of the stated discovery date, Defendant is at liberty to advance that argument. Conversely, it is wholly improper for Defendant to have filed this motion while pretending that no such document exists. By failing to present this information to the Court, the argument is objectively unreasonable. The same is true with respect to Defendant's failure or refusal to acknowledge the existence of other evidence or

testimony that would cut against its position. These omissions are particularly glaring given the gravity of the allegations made against the Firm.

## CONCLUSION

As noted *supra,* a Rule 11 motion is not a proper substitute for a motion for summary judgment. As such the questions of credibility and weight of the evidence are questions for another day. The only question now before the Court is whether the Firm conducted a Rule 11 compliant investigation of the facts. Because the evidence in the record shows that the Firm did discuss this matter with its client and did independently investigate the infringement, the Court should find that the Firm's investigation was reasonable under the circumstances. Contrarily, for the reasons set forth herein and the incredibly chilling effect this type of motion would have on the willingness of counsel to accept a retention, the making of this motion itself should be considered a sanctionable event.

Dated: May 12, 2025

**SANDERS LAW GROUP**

By: */s/ Jonathan M. Cader*
Jonathan M. Cader, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, New York 11553
Email: jcader@sanderslaw.group
Tel: 516-203-7600

*Attorneys for Plaintiff*